IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| ARTIUSID, INC., | § | CASE NO. 23-11007-cgb |
| | § | |
| Alleged Debtor. | § | |

## AMENDED JOINT STIPULATION AMONG THE ALLEGED DEBTOR AND THE PETITIONING CREDITORS

ArtiusID, Inc., the alleged debtor in the above-captioned case (the "**Alleged Debtor**"), Xmogrify, LLC ("**Xmogrify**"), Goldstein Consulting Services, LLC ("**GCS**"), and Rearc LLC ("**Rearc**") (collectively, the "**Petitioning Creditors**," and together with the Alleged Debtor, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this amended stipulation (the "**Stipulation**").

## RECITALS

**WHEREAS**, on November 30, 2023, the Petitioning Creditors filed an *Involuntary Petition* under 11 U.S.C. § 303(a) of title 11, chapter 7 of the United States Code (the "**Bankruptcy Code**") against the Alleged Debtor (the "**Petition**") [Dkt. No. 1], as well as a *Verified Statement of Petitioning Creditors in Support of Involuntary Chapter 7 Petition* (the "**Supporting Statement**") [Dkt. No. 2] thus initiating the "**Bankruptcy Case**."

**WHEREAS**, in response to the Petition and Supporting Statement, on December 19, 2023, the Alleged Debtor filed a Motion to Dismiss (the "*Motion to Dismiss*") [Doc. No. 9] and on January 23, 2024, the Petitioning Creditors filed an opposition to the Motion to Dismiss (the "*Motion to Dismiss Opposition*") [Doc. No. 16].

**WHEREAS**, on February 13, 2024, the Alleged Debtor filed a *Motion to Require Petitioning Creditors to Post a Bond 11 U.S.C. § 303(e)* (the "**Bond Motion**") [Doc. No. 22] and on February 20, 2024, the Petitioning Creditors filed an opposition to the Bond Motion (the "**Bond Motion Opposition**") [Doc. No 24].

**WHEREAS**, on February 22, 2024, the Court held a hearing on the Bond Motion where documents were admitted into evidence including the *Declaration of Kevin Goldstein in Support of the Opposition of Petitioning Creditors to Motion to Require Petitioning Creditors to Post a Bond 11 U.S.C. § 303(e)* (together with the 28 attached exhibits, the "**Second Goldstein Declaration**").

**WHEREAS,** the Court has set an evidentiary hearing on the Motion to Dismiss for February 27, 2024. Upon discussion by the Parties of the relative costs associated with the prosecution and defense of the Motion to Dismiss, the Parties have agreed to forego an evidentiary hearing on February 27, 2024, and instead request that the Court resolve the Motion to Dismiss and related issues as set forth below.

## STIPULATION

The Parties do hereby stipulate and agree as follows:

1. The Motion to Dismiss and issues raised therein shall be submitted to the Court for determination based on the papers filed to date (*i.e.*, the Involuntary Petition, the Supporting Statement, the Motion to Dismiss [and exhibits thereto], the Motion to Dismiss Opposition [and exhibits thereto], the Bond Motion, the Bond Motion Opposition, and the Second Goldstein Declaration [and Exhibits thereto]).

2. It is agreed by the Parties that, for the purposes of Court's determination of the Motion to Dismiss only, (a) GCS has one related set of claims against the Alleged Debtor which

is based on the unpaid invoices set forth in the Second Goldstein Declaration, Exhibits 1-7; (b) Rearc has one related set of claims against the Alleged Debtor which is based on the unpaid invoices set forth in the Second Goldstein Declaration, Exhibits 8-13; and (c) Xmogrify has one related set of claims against the Alleged Debtor which is based on the unpaid invoices set forth in the Second Goldstein Declaration, Exhibits 14-27. Moreover, for the purposes of the Court's determination of the Motion to Dismiss only, the Alleged Debtor agrees that there is no *bona fide* dispute as to the first two unpaid invoices submitted by each of the Petitioning Creditors, as more specifically set forth in the Second Goldstein Declaration, Exhibits 1, 2, 8, 9, 14, and 15 (the "Undisputed Unpaid Invoices"), and that for the purposes of Court's determination of the Motion to Dismiss only the Counterclaims annexed to the Alleged Debtor's Motion to Dismiss do not relate to the Undisputed Unpaid Invoices. The Alleged Debtor contends that the remaining invoices at issue (*i.e.*, Second Goldstein Declaration exhibits 3-7, 10-13, and 16-27) are subject to a *bona fide* dispute.

3.  The Parties agree that this Stipulation shall not be used for any purpose outside of this Bankruptcy Case or any related appeal of this case.

4.  The Parties forego seeking any costs from the other and the Alleged Debtor specially waives any claim it may otherwise have to judgment under Bankruptcy Code section 303(i).

5.  The Parties agree not to oppose any motion, if such motion is made, to certify any issues related to a decision on the Motion to Dismiss, directly to the Fifth Circuit Court of Appeals.

6.  The Parties agree this Stipulation shall be binding upon the Parties, and their assigns, transferors, successors and any acting in concert with them.

[Signature page follows]

Dated: March 1, 2024

**STIPULATED AND AGREED TO BY:**

By: /s/ *Jason Binford*
**ROSS, SMITH & BINFORD, PC**
Jason Binford, Esq.
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705
Telephone: (512) 351-4778
Facsimile: (214) 377-9409
jason.binford@rsbfirm.com

-and-

By: /s/ *Michael Conway*
**LAZARE POTTER GIACOVAS & MOYLE LLP**
Michael T. Conway, Esq. (Admitted *Pro Hac Vice*)
Anna Pia D. Felix, Esq. (Admitted *Pro Hac Vice*)
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (212) 758-9300
Facsimile: (212) 888-0919
rgiacovas@lpgmlaw.com
mconway@lpgmlaw.com

*Counsel for the Petitioning Creditors*


By: /s/ *Eric Liepins*
Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road, Suite 850
Dallas, TX 75251
Telephone: (972) 991-5591
Facsimile: (972) 991-5788
*eric@ealpc.com*

*Counsel for the Alleged Debtor*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on March 1, 2024, he caused a copy of the foregoing Stipulation to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas.

/s/ *Jason Binford*

Jason Binford