UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


IN RE:                          )      CASE NO: 23-11007-cgb
                                )      CHAPTER  7
                                )
ARTIUSID, INC,                  )      Austin, Texas
                                )
                                )      Thursday, August 1, 2024
          Debtor.              )      1:38 p.m. to 1:40 p.m.
_____)      2:00 p.m. to 2:25 p.m.


1-1)  MOTION FOR REHEARING OF THE ORDER FOR RELIEF [D.E.NO.62,
       OR, IN THE ALTERNATIVE MOTION FOR STAY PENDING APPEAL
                        [DKT.NO.70]


BEFORE THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE


**APPEARANCES**:              See page 2


Courtroom Deputy:        Ronda Farrar


Court Reporter [ECRO]:   Blayne Turner; Recorded


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

| | |
|---|---|
| For Debtor: | MARK D. BLOOM, ESQ. |
| | ALEXANDER D. BURCH, ESQ. |
| | MARK TAYLOR, ESQ. |
| | Baker McKenzie |
| | 111 Brickell Ave. |
| | 10th Floor |
| | Miami, FL 33131 |
| | 305-789-8900 |
| | |
| | MEICHELLE MACGREGOR, ESQ. |
| | Cowan Liebowitz & Latman |
| For Petitioning Creditors: | MICHAEL CONWAY, ESQ. |
| | Lazare Potter Giacovas & Moyle |
| | 747 Third Ave. |
| | 16th Floor |
| | New York, NY 10017 |
| | 917-242-1597 |
| | |
| | JASON B. BINFORD, ESQ. |
| | Ross Smith & Binford |
| | 2901 Via Fortuna |
| | Building 6, Suite 450 |
| | Austin, TX 78746 |
| | 512-351-4778 |
| Also present: | KEVIN GOLDSTEIN |
| | DAVID LEVY |
| For Creditors: | REAGAN H. "TRES" GIBBS, III, ESQ. |
| | Cokinos Law |
| | 1221 Lamar St. |
| | 16th Floor |
| | Houston, TX 77010 |
| | 713-535-5500 |
| For Chapter 7 Trustee: | RON SATIJA, ESQ. |
| | TODD HEADDEN, ESQ. |
| | Hayward |
| | 7600 Burnet Road |
| | Suite 530 |
| | Austin, TX 78757 |
| | 737-881-7102 |

1          **Austin, Texas; Thursday, August 1, 2024; 1:38 p.m.**

2                              --oOo--

3          **THE COURT:**  All right.  Good afternoon, everyone.

4     This is Judge Bradley.

5          I'm going to call In Re: ArtiusID, Inc., Case

6     Number 23, 11107 [sic].  We're here for a status hearing on

7     Docket Number 70, the Motion for Rehearing and Reconsideration.

8          Let's take appearances, starting with counsel for the

9     Debtor.

10         **MR. BURCH:**  Good morning, Your Honor.  Alexander

11    Burch, Mark Taylor and Mark Bloom with Baker McKenzie for the

12    Debtor.  Also on this attending the hearing for the Debtor is

13    the founder and CEO of ArtiusID, as well as separate outside

14    counsel, Meichelle MacGregor.

15         And I do believe, Your Honor, that -- I just got a

16    message that there may be a settlement between the petitioning

17    creditors and the debtors and it may be prudent to maybe have a

18    brief adjournment so that all counsel may discuss and maybe we

19    can announce that to the Court.

20         **THE COURT:**  Okay.  How brief?

21         **MR. BURCH:**  Twenty minutes, Your Honor?

22         **THE COURT:**  Okay.  Does anybody object to that?

23    Mr. Conway or Mr. Binford?

24         **MR. CONWAY:**  Michael Conway, Your Honor, for the

25    petitioning creditors.  As you noted, I'm with Jason Binford

4

 1  and one of the petitioning creditors is on, Kevin Goldstein.

 2         We agree that we believe that's the case.  And I was

 3  waiting for somebody to tell me whether we should ask you for

 4  20 minutes or so we're fine with the 20 minutes.

 5         **THE COURT:**  Okay.  Does anybody object to taking a

 6  20-minute.  We haven't even finished taking appearances but

 7  does anybody want to make an appearance in order to lodge their

 8  objection?

 9         **MR. SATIJA:**  This is Ron Satija, the Chapter 7

10  Trustee.  And I have no objection to chilling out on -- for 20

11  minutes, turning off my sound, turning off my microphone and

12  video and all that stuff, and letting them talk on the Zoom if

13  that's what's going to happen.  I just wanted to make sure they

14  didn't want me in it.

15         **THE COURT:**  I'll let them tell you that.

16         Okay.  So we will recess for 20 minutes.  Yeah, as

17  Mr. Satija noted, you're welcome.  Just make sure you mute

18  yourself because I don't want to transmit secret intelligence

19  on the court record but we will take a recess.  I'll be back at

20  2:00 Central Time.  Thank you-all.

21         **(Proceeding adjourned at 1:40 p.m. and reconvened at**

22  **2:00 p.m.)**

23         **THE COURT:**  This is Judge Bradley.  We're going to go

24  back on the record in ArtiusID, Inc.; Case Number 23-11107

25  [sic].  We're still here on a status hearing on Docket

5

1  Number 70, Motion for Rehearing and Reconsideration.

2          Let's -- before we do anything else, let's finish

3  taking appearances.

4          So I've had counsel for the Debtor and inhouse

5  counsel for the Debtor.  I think I've heard from Mr. Satija,

6  Mr. Binford and Mr. Conway.  Okay so that leaves a few more.

7  Who else needs to make an appearance here?

8          **MS. MACGREGOR:**  Just to clarify, I'm not inhouse

9  counsel.  Meichelle MacGregor is outside counsel, Cowan

10 Liebowitz and Latman, PC.

11         **THE COURT:**  Okay, thank you.  Would you mind, could

12 you type your name into your -- if you're going to participate,

13 it would be helpful to have your name on the --

14         **MS. MACGREGOR:**  Sure.

15         **THE COURT:**  Thank you.  And I'm sorry for

16 misspeaking.  Okay so --

17         **MR. GIBBS:**  Good afternoon, Your Honor.  This is Tres

18 Gibbs.  I'm here on behalf of Collaborative Vision, LLC.  We're

19 another creditor of the Debtor in this matter.

20         And as Your Honor may have seen, we just filed

21 appearances I think late this morning.  And although we've

22 recently just been retained, my client's been actively

23 following the proceedings.  And I apologize for not making my

24 appearances earlier when you originally were taking roll.

25 Maybe we could have got an invite to the settlement conference

6

1    but yeah, I'm curious to hear the results of that meeting, Your

2    Honor.

3              **THE COURT:**  Yeah, okay.  No, it certainly wasn't your

4    fault so thank you.

5              Okay.  Mr. Headden?

6              **MR. HEADDEN:**  Yes.  Good afternoon, Your Honor.  Todd

7    Headden.  I am potential counsel to the Chapter 7 Trustee,

8    Mr. Ron Satija.

9              **THE COURT:**  Okay, thank you.

10             Okay, any other appearances?

11             **MR. CONWAY:**  Your Honor, Michael Conway.  I was just

12   pointing out that now two of the petitioning creditors are on,

13   David Levy (phonetic) and Kevin Goldstein.

14             **THE COURT:**  Great, thank you.  Good afternoon,

15   Mr. Goldstein and Mr. Levy.

16             **MR. GOLDSTEIN:**  Good afternoon, Your Honor.

17             **MR. LEVY:**  (inaudible).

18             **THE COURT:**  Okay.  Who wants to move on this, now

19   that it sounds like you-all may have something.  Mr. Bloom?

20             **MR. BLOOM:**  Yes, that would be me, Your Honor.

21             And first let me begin by thanking the Court for the

22   privilege of appearing pro hoc vice in what, fingers crossed,

23   may be a fairly short-lived matter from this point forward.  I

24   say that because as we confirmed through the 20-minute

25   adjournment that the Court so graciously granted us, there is

1  an agreement between the Debtor and the three petitioning

2  creditors for the payment of a fixed sum of money in a single

3  payment to be placed in the trust account of one of the New

4  York counsel for all or certain of the petitioning creditors.

5  Just for the record it's Mr. Giacovas.  And I speak from

6  ignorance about the name of his firm or exactly whom he

7  represents but it was agreeable to all parties that the money

8  would go there forthwith.

9          Once that happens we think that puts two wheels in

10 motion about which we would ask the Court's indulgence.

11         The first is that under Section 303(j) of the Code, a

12 dismissal upon consent requires notice to all creditors and a

13 hearing.  And so as I didn't see anything in Bankruptcy

14 Rule 2002 about the notice period that governs that hearing --

15 and perhaps I overlooked it -- our thinking is that with the

16 Court's indulgence, we would confer about a proposed timeframe

17 and submit that to the Court as part of the stipulation and

18 consent for dismissal, requesting a hearing on some notice

19 period to be set forth.  Obviously the notice would go to

20 Mr. Gibbs in respect of his client and to any other creditors

21 whom we can identify who would be entitled to notice within the

22 scope of Section 303(j).

23         During this period, we would ask and we have the

24 consent of the petitioning creditors, to the entry of a stay of

25 the order for relief in all respects on the proviso that the

1  Debtor, during the stay period, not engage in any transfers or

2  transactions outside the ordinary course of business.

3         So the papers that we have before the Court asks for

4  a motion for stay pending expedited consideration of rehearing

5  or a stay pending appeal.  That's not what this stay is about.

6  This is simply a stay pending compliance with Section 303(j)

7  under the procedures that we'll put before the Court and ask

8  the Court to approve.

9         I don't think that there are a great many creditors

10 who would receive this notice.  As we attempted to advice the

11 Court -- and I'm not seeking to reopen old wounds or argue

12 anything -- it is our understanding from Mr. Marcot (phonetic)

13 that other than these claims that were in dispute and perhaps

14 the claim of Mr. Gibbs' client that was in dispute, our client

15 is paying all non-disputed claims in the ordinary course.  So

16 we will give the broadest notice that's possible and make a

17 showing of that notice in the 303(j) proceeding.  And for now,

18 this is what we would ask the Court to do.

19         **THE COURT:**  Thank you.  And of course the U.S.

20 Trustee needs to be involved in those.  They're not here today

21 but --

22         **MR. BLOOM:**  Sure.

23         **THE COURT:**  -- obviously.

24         Okay.  Who else wants to be heard on this?

25         Mr. Satija?

1      **MR. SATIJA:**  So far, having read the Court's order

2  setting hearing and having studied 303 a little bit more,

3  thereafter talking to my bonding and insurance people, I mean

4  so far I've got to say I'm not in favor of this.  We got no

5  list of creditors, have no idea who needs to be provided notice

6  of this case.  We have a debtor who has said that their debts

7  were disputed and yet I mean the testimony cited to by the

8  Court in its order scheduling hearing indicates those debts

9  were not really disputed.  So I've got a lot of questions here

10 before I'm willing to sign off on any kind of a procedure

11 dismissing this case.

12     **THE COURT:**  So I guess the question is -- I do want

13 to protect you, Mr. Satija.  On the other hand, you know if

14 it's really and insofar as you can represent the views of

15 creditors, if -- you certainly I think can be heard at the

16 hearing on a motion to dismiss.

17     I guess the question is in terms of your bonding, in

18 terms of your responsibilities and so on, would the stay

19 sufficiently protect you?  What I don't want to do is leave you

20 on the hook for liability or for responsibilities that you

21 can't meaningfully conduct if I grant the stay.  That said, I

22 think the stay -- to me, Mr. Bloom's proposal sounds pretty

23 reasonable.  I don't see anybody being prejudiced by it.

24     I want to hear from Mr. Gibbs for sure but, you know,

25 do you have specific concerns in terms of your exposure as the

10

1    appointed, I guess, technically, interim trustee?

2        **MR. SATIJA:**  Well I mean I'm working through those

3    issues with my bonding and insurance people.  I think the bond

4    is not an issue.  I'm going to need I think an additional

5    insurance policy if I'm going to be the trustee of a business

6    that's going to operate for any amount of time under my

7    trusteeship or whatever the heck you call it.  So you know I

8    mean there's going to be some costs, there's going to be some

9    expenses.

10       But I don't think this is about -- like my

11   consideration is not about me, you know.  I mean we don't have

12   a list of creditors in this case.  There's no way Your Honor

13   can make a decision that no one is prejudiced by this when we

14   don't even know who the creditors are.  There may be a trade

15   creditor that's owed 800 bucks that's like, yeah, I don't want

16   that case to dismiss, I want my 800 bucks.

17       **THE COURT:**  Sure.

18       **MR. SATIJA:**  And it's not just -- it's not just

19   Mr. Binford's clients and it's not just the other petitioning

20   creditors.  It could be anybody.  We don't know.  I don't think

21   we know enough to know.

22       **THE COURT:**  Right.  Okay.  I think -- now whether

23   303(j) technically applies after an order for relief is

24   entered, I don't know but I think that to me, notwithstanding

25   my probably the longest order that's ever been entered on a

1  status hearing, I think there's at least a plausible argument

2  for vacating the motion or order for relief.

3          I mean the 303(j) procedure, if it's engaged in, that

4  will be the relief requested.  So I gather that what Mr. Bloom

5  is asking for technically is what we'll -- I'll impose a stay.

6          I will on the -- and that language and Mr. Bloom I'm

7  sure would be happy to work to include language that protects

8  you, Mr. Satija.  And then he would -- and then we abate

9  consideration of this other -- the motion that we're here for

10  today which is easy to do.  It's just a status hearing anyway

11  so we don't have to -- we weren't even set to decide anything

12  today on it.  And then we're just waiting for -- we're not

13  going to set this again, we're just going to wait for a

14  promised motion to dismiss pursuant to 303(j).

15          And you know, I don't know what the U.S. Trustee is

16  going to say, I don't know what other creditors may say, I

17  don't know what you're going to say, Mr. Satija, but

18  procedurally I don't mind teeing it up that way.

19          I mean Mr. Bloom, you might want to include, as an

20  alternative grounds on the motion for a dismissal under

21  Chapter 7, just a normal motion to dismiss Chapter 7 case.

22          If the U.S. Trustee for instance is unhappy with

23  using 303(j), I don't know that that would matter either way.

24  I've never actually had -- I've never worked on a 303(j).  I've

25  worked on a lot of involuntary cases but never a 303(j) motion

1  in particular.  So you could cast your relief requested as an

2  alternative between those two.

3        **MR. BLOOM:**  Point taken, Your Honor.

4        And our view is that if, as I mentioned, as part of

5  getting us across the 303(j) finish line, the order for relief

6  is stayed in all respects, then in our view that would protect

7  Mr. Satija by discharging him from his responsibilities because

8  if there's no order for relief, or let me say if the order for

9  relief is not operative because it's been stayed, then

10  similarly he would not have any responsibilities, he would be

11  discharged temporarily pending the outcome of the 303(j)

12  dismissal proceeding.

13        **THE COURT:**  Thank you.

14        So if Mr. Satija incurs expenses that he has to incur

15  between -- you know then from I guess between the order for

16  relief and now, or if he thinks the stay doesn't protect him,

17  then that would be a grounds on which I would condition

18  dismissal on payment of those fees.

19        Mr. Bloom, you don't know Mr. Satija maybe at all.  I

20  mean I do know him well.  He's not -- you know he doesn't pad

21  fees.  He's not seeking to get a free lunch here.  So there may

22  be nothing but that would be reasonable grounds for partial

23  objection to the motion to dismiss.  The U.S. Trustee might

24  again weigh in on that but other than that, I don't see a

25  problem with this procedure but I need to hear from other

13

1   parties.  Thank you.  Thank you both.

2           Mr. Conway, you just unmuted yourself.

3           **MR. CONWAY:**  Thank you, Your Honor.  I didn't do it

4   because I wanted to speak but I will just point out that our

5   clients are happy with the fact they're getting paid.  And my

6   only concern was what you just raised which is the whole 303(j)

7   after order of relief is entered.  I think that we could

8   probably figure out a way around it and I think your suggestion

9   of an alternative ground, whatever that might be, be

10  incorporated in.  But I think we can get it done.  Otherwise,

11  I'm just listening now because I feel like our clients got what

12  they hoped to get.

13          **THE COURT:**  Thank you.  Yeah, I mean it could be

14  that --

15          **MR. CONWAY:**  Don't want to upset the apple cart.

16          **THE COURT:**  Thank you.  It could be that I don't even

17  have to decide whether 303(j) applies.  We just say the

18  dismissal is effective under both or either 303(j) and what

19  would be the other section?  11 --

20          **MR. BLOOM:**  707, Your Honor.

21          **THE COURT:**  Thank you, yeah.  1112 is what's coming

22  to mind but that's not the right chapter so thank you.  So we

23  could just say it's effective under both and then we don't have

24  any problems with appeal or anything like that.

25          Okay.  Mr. Gibbs, you've been very patient.  Thank

14

1   you.

2           **MR. GIBBS:**  Well, Your Honor, candidly, I don't mind

3   because I'm still kind of thinking through.  And obviously I'd

4   like to discuss with my client you know what we think our

5   strategy and response should be but my overarching concern is

6   that there's going to be a settlement to resolve, you know,

7   large claims to the petitioning creditors that doesn't take

8   into account the large and what I believe is an undisputed

9   claim of my client, a non-petitioning creditor.

10          So again, Your Honor, it's kind of difficult to you

11  know make -- have a strong feeling one way or the other without

12  having a chance to visit with the client and think through it a

13  little more.

14          **THE COURT:**  Okay, thank you.  Yeah so I don't think

15  anybody is interpreting your presence here or your not making

16  arguments right now as consent to anything.  But I'm going to

17  go ahead and -- so does anybody else wish to weigh in?  I'm

18  sorry, I should have said that.

19          **MR. SATIJA:**  Your Honor, may I?

20          **THE COURT:**  Please.  Yeah, please, Mr. Satija.

21          **MR. SATIJA:**  May I speak again?

22          **THE COURT:**  Yes, please.

23          **MR. SATIJA:**  Okay.  Well I have two things that I

24  wanted to explore, one of which I'm definitely going to insist

25  on.

1       As long as I'm a party that has standing to do

2  anything in this case -- which I don't know how much longer

3  that's going to last -- I want a list of all the creditors in

4  the case.  So I want a turnover of Debtor's books and records

5  so that I can ensure that this Section 303(j) standard of "on

6  notice to all creditors" is met.  I mean, I don't even know

7  that I have Mr. Gibbs' clients address you know so that's --

8  that part of it is troubling to me.  I just think -- I don't

9  think you can dip your toe in bankruptcy and then, you know,

10 even against your will once the order for relief is entered and

11 then jump out of it without just at least complying with those

12 procedural due process requirements for all the creditors.  For

13 all I know Mr. Gibbs' client could oppose the dismissal but I

14 don't think he's on a matrix so I don't know that he's ever

15 going to get that opportunity.

16      And then second, Your Honor had said that a stay

17 would only be entered conditioned upon payment of the Chapter 7

18 Trustee's fees.  You said "fees," you didn't mention expenses.

19 I'm hoping that you can include the expenses in there, you

20 know, and free lunch is cool too -- I'm not saying that -- but

21 you know so we're going to have to have some provision I think

22 for that in there.

23      I mean, I don't know, I'm not going to hold the Court

24 to what it said, like obviously some weird stuff has come out

25 in this case and the Court hasn't made a ruling.  I mean the

1   Court only set a hearing and gave us guidance.

2          So I'm comfortable with whatever the Court decides to

3   do on that front.  If the Court says, you know, "Nah, you

4   didn't distribute any money under 326, you know you don't get

5   any money or whatever," I mean I don't care about that but I am

6   still worried about the whole notice to all creditors thing.

7   So it may be -- and I bet that's what the U.S. Trustee would

8   say if they were here, although I don't speak to them and am

9   not a member of the United States Department of Justice.

10          **THE COURT:**  Okay.

11          **MR. BLOOM:**  I can respond to that one if the Court

12  would like.

13          **THE COURT:**  Yeah, please.

14          **MR. BLOOM:**  Sure.  Absolutely the intention is to

15  give notice to all creditors because that's required.  And

16  certainly we will share and prepare and share with Mr. Satija

17  that list of creditors.  So that concern is certainly well

18  founded and we intend to respond to it.

19          As to the two other points, though, first the order

20  for relief is not a final order and therefore it is subject to

21  the Court's inherent power to stay it under Rule 7062.  There's

22  a 14-day period during which it is subject to rehearing and

23  then a 14-day period during which it's subject to appeal.  So

24  during that period we are asking the Court to exercise its

25  jurisdiction, it's authority under Rule 7062 to issue a stay of

17

1   the effectiveness of the order and that stay would have the

2   effect of discharging the trustee from his responsibilities

3   temporarily.

4          Nevertheless, we will  provide him with a list of

5   creditors.  We will provide him with notice of the 303(j)

6   hearing as the petitioning creditors and the Debtor may agree

7   on and present to the Court.

8          But I think Mr. Satija may have misspoke when he

9   suggested that the Court was going to condition the stay on the

10  payment of his expenses.  We need the stay in effect today so

11  that parenthetically we can make payroll tomorrow to keep this

12  business running while we perfect this settlement.

13         And we do understand completely that as a condition

14  of any 303(j) dismissal, the Court has the right and Mr. Satija

15  has the right certainly to request that his fees and expenses

16  be covered.  He and I have had several conversations since our

17  firm was retained in this case late Friday.  They've all been

18  cordial and productive and I would expect we would continue in

19  exactly that same vein to address his concerns about his fees

20  and expenses.

21         **THE COURT:**  All right.  Thank you.

22         And Mr. Satija, I'll say too that whatever stay it is

23  would not prejudice your rights to appear and be heard.  So

24  your duties and responsibilities may be suspended but you'd

25  still have the right to be heard, is my view.

1          Okay.  Does anyone else want to weigh in on this at

2    this time?

3          Okay well --

4          **MR. SATIJA:**  If I may say one --

5          **THE COURT:**  Yeah, please.

6          **MR. SATIJA:**  If I may say one final thing, Your

7    Honor?

8          If the order can be circulated to me for review?

9          **THE COURT:**  Can be circulated to do what?

10         **MR. SATIJA:**  I don't know who's preparing the order

11   but I just want to take a look at it.

12         **THE COURT:**  Yeah, please, yeah, please circulate

13   it --

14         **MR. BLOOM:**  Most definitely.

15         **THE COURT:**  -- to Mr. Satija and again to the United

16   States Trustee as well who now may feel like they're coming

17   from behind.  But hopefully Mr. Satija and Mr. Binford and

18   others who -- and Mr. Headden who can be in touch with that

19   office easily may be able to fill them in.

20         Yeah, I mean look, I think it's a really complicated

21   situation.  Obviously procedurally I think this is an admirable

22   way of working through it.  I appreciate you-all's work on

23   that.

24         Mr. Bloom, I appreciate your kind of thoughtful and

25   deliberate way of approaching this.  You did a good job.  Yeah,

19

1   it's obviously procedurally a very tricky one.

2           **MR. BLOOM:**  Thank you, Your Honor.

3           **THE COURT:**  So we will -- okay so I'm going to be --

4   we have to make sure we get the order on the docket correctly.

5           So we're going to just leave this motion.  We're

6   going to abate the hearing on this motion.  Is the courtroom

7   deputy amenable to that way of putting it?  Okay.

8           And then we're going to wait for an order staying the

9   effectiveness of the order for relief in all respects, frankly

10  with the exceptions that we've already talked about which I

11  don't think necessarily need to be in the order but if you-all

12  can find language to put them in, go ahead and put them in but

13  otherwise it's on the record and that's what we're intending by

14  this in terms of the trustee's role and so he has the right to

15  appear and his -- the reasonable fees and expenses that he's

16  incurred will be considered at any 303(j) or 707 hearing.  But

17  he has no responsibilities as to act as Chapter 7 Trustee as

18  soon as that stay is entered which it will be shortly which I

19  want that just as -- I think that's important to provide

20  comfort in that way.

21          And then the question is to put notice and then we'll

22  wait for you-all's motion to dismiss the case and motion to

23  expedite the motion to dismiss the case.  And as long as you

24  know it's got to -- again, this may be a U.S. Trustee

25  conversation too.  Just we've got to make sure that notice is

20

1   reasonable to the creditors.  I don't know what that means here

2   because I really don't know what the creditor body looks like

3   here.

4          And then it sounds like maybe Mr. Gibbs' client is

5   going to be the biggest hindrance to this.  So again, I don't

6   know anything about those claims, I don't know the size of

7   them, I don't know the degree of contestedness but obviously I

8   would urge you-all to work something out there too.

9          You know, maybe it cost the Debtor a little bit but

10  that's the difficulty of putting the genie back in the bottle.

11  So again, I'm not trying to prejudice anything, I just don't

12  know what it is but I think clearly it would be nice if you-all

13  could have some conversations about that.

14          In terms of our schedule, we're pretty you know I

15  think -- I don't think this is going to be a super lengthy

16  hearing hopefully so I think we have some flexibility next week

17  in terms of scheduling so we should be able to fit you in.  We

18  don't have a self-scheduling capacity like a lot of districts

19  do so I apologize for that for those of you who are from other

20  districts and you may be used to that but we are responsive on

21  scheduling and we'll be able to get you in.  We're around and

22  ready to go next week.  Okay?

23          **MR. BLOOM:**  Thank you, Your Honor.  We will settle an

24  order and submit it as quickly as possible.  It will be a

25  simple order just saying upon consideration, referring to the

1  record, and then setting forth these basic and essential terms.

2          What we need to work out with the petitioning

3  creditors is the list of creditors to be noticed.  The trustee

4  will be involved in that and that also, the notice period,

5  prior to the hearing to which the Court just referred.

6          **THE COURT:**  Okay.  Does anyone else need to be heard

7  at this time?

8      (No audible response)

9          Okay.  Again, I just want to thank you-all.  I think

10  this is excellent work.  And Mr. Bloom, your colleagues have

11  not been around for this whole case.  It's been quite a path

12  that it has been down and you could tell and I really

13  appreciate all this work and I'm hopeful that -- hopefully this

14  will be a good outcome for the Debtor and for the parties in

15  interest.

16          So thank you-all.  We're adjourned.

17      **(Proceeding adjourned at 2:25 p.m.)**

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **August 6, 2024**

            **Signed**                                        **Dated**


*TONI HUDSON, TRANSCRIBER*