**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-11007-CGB |
| ARTIUSID, INC | § | |
| | § | |
| | § | |
| Debtor(s) | § | Chapter 7 |

## MOTION FOR RECONSIDERATION

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

TO THE HON. CHRISTOPHER G. BRADLEY, U.S. BANKRUPTCY JUDGE:

Ron Satija, Chapter 7 Trustee, (the "Trustee") files this Motion for Reconsideration pursuant to FRBP 9023. The Trustee seeks this relief out of an abundance of caution to clarify an order of this Court prior to the entry of any final and dispositive order that may be the subject of any review by a court of appeal. The Trustee would show as follows:

1. This case was filed on November 30, 2023, as an involuntary proceeding. The Order for Relief was entered on July 24, 2024, and Ron Satija was named as the Chapter 7 Trustee on July 25, 2024.

2. On July 29, 2024, the Debtor filed the *Motion for Rehearing and Reconsideration And Vacate The Order for Relief or, in the alternative Motion For Stay Pending Appeal* [Doc#70] ("the Stay Motion") on the grounds that the *Order for Relief Under Chapter 7 Against Artiusid, Inc.* [Doc#62] (the "Order for Relief") was improperly granted without a trial.

3. On July 31, 2024, the Court entered an *Order Setting Status Conference on Motion for Rehearing of the Order for Relief* [Doc#74]("Status Conference Order") which, over

Page 1

several pages, recounted the history of the case and indicated that the relief sought was unlikely to be granted. The Court set a status conference for August 1, 2024. Further, the Court expressed concern for parties other than the Debtor and the petitioning creditors, that concern will be discussed further *infra*.

4. At the outset of the status conference, the Debtor and the petitioning creditors requested a short recess to work out the final details of a settlement. After the recess, they announced their agreed-to terms pursuant to which the Debtor would pay the petitioning creditors approximately one million dollars and attempt to voluntarily dismiss the case under section 303(j). The Trustee and a creditor appeared in the hearing, but there was no opportunity for scrutiny of the settlement terms and no evidence presented; the U.S. Trustee did not appear. At the status conference, the Court indicated that dismissal may need to be under section 707 rather than section 303 since the Order for Relief had been entered.

*5.* On August 8, 2024, the Court entered its *Order Abating Proceedings on Debtor's Motion for Rehearing, Granting Stay of Order for Relief Pending Ruling on Consensual Dismissal of Involuntary Case, and Setting Procedures for Approval of Dismissal* [Doc#83] (the "Abatement Order"). The "agreed" order had been extensively negotiated, but it became clear during the negotiations that the parties held considerably different opinions about whether dismissal was appropriate under section 303 or section 707. The Trustee became concerned the Debtor was preparing yet another "ambush" for this Court and the parties.

6. An ambush is in fact what has occurred. In its subsequently-filed *Consent Stipulation and Motion to Dismiss Case* [Doc#88] (the "Motion to Dismiss") filed August 15, 2024, the Debtor insists that Supreme Court and 5th Circuit precedent mandates that the Debtor

has returned to the gap period, *status quo ante*, by virtue of the Abatement Order. Therefore, the Debtor argues dismissal under Section 303 as though the Order for Relief was never entered.[1]

7. The Trustee does not believe this to be the result intended by the court in its July 31, 2024, order setting status conference. "The ship has sailed." The order for relief was entered. The Debtor cannot possibly believe that the Court's courtesy extended on August 1, 2024, to give new counsel a breather to litigate dismissal, somehow conveyed substantive rights such that the Court must dismiss only under 303 rather than 707.

8. The Trustee and likely other parties plan to respond to the Motion to Dismiss, however in light of the outrageous claim made in the Motion to Dismiss that this Court's hands are tied, the Court should reconsider the Abatement Order as to the import of the stay ordered, specifically whether the Court intended for return the case to the *status quo ante*. Several reasons support this clarification.

9. First, the relief sought by the Debtor was never granted. In its Motion for Rehearing, the Debtor asked for a stay pending appeal but did not prove up any of the factors required for such a stay per the Supreme Court. "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009). The Court was clear in the Status Conference Order that the Debtor was highly *unlikely* to succeed on the merits.

10. Second, in the status conference, the Debtor changed the relief sought entirely and surprised all parties in attendance. As noted by Debtor's Counsel, "the papers that we have

---

[1] See Motion to Dismiss ¶ 23 "In light of the fact that *the Order for Relief has been stayed and is of no legal effect*"

Page 3

before the Court asks for a motion for stay pending expedited consideration of rehearing or a stay pending appeal. That's not what this stay is about. This is simply a stay pending compliance with Section 303(j) under the procedures that we'll put before the Court and ask the Court to approve." [emphasis added]. As explained at the time, Debtor was not seeking a stay pending appeal but something different, such as to pause the chapter 7 process.

11. Further, in its comments at the hearing, the Court did not say that the Order for Relief was entirely stayed but was to be entered "with the exceptions that we've already talked about" as well as other items that were memorialized in the Abatement Order.

12. The Debtor settled with petitioning creditors because the Court entered the Order for Relief after months of contentious litigation and because the Chapter 7 Trustee immediately sought turnover of all the Debtor's assets. It is axiomatic that once the Order for Relief was entered, the scope of interested parties extended beyond the litigants to include all interested parties (i.e. all creditors, whether current or not, whether disputed or not.) Urgency set in once the Debtor realized that it was going to be held accountable and scrutinized.

13. Only after the Trustee's request did the Debtor file a certified statement respecting its creditors, *Declaration of Michael Frederick Marcotte Certifying Matrix of Creditors* on August 9, 2024 [Doc#84]. However, the Debtor still has not upload these creditors to CM/ECF, and the case matrix remains incomplete. All creditors in a case must receive notice of a bankruptcy. A Debtor can't pick and choose which creditors get notice based on its unilateral assessment. The Code does not differentiate as to whether creditors are paid on an ongoing basis or whether the creditor was on the cusp of receiving an order for summary judgment. See e.g. 11 U.S.C. § 521(a).

23-11007-cgb Doc#94 Filed 08/22/24 Entered 08/22/24 22:40:23 Main Document Pg 5 of 5

14. The Trustee is concerned that the Abatement Order is subject to being misinterpreted. Specifically at issue is whether, based upon the stay, the case returned to the status it was in before the Order for Relief was entered and, therefore, the Debtor and petitioning creditor could unilaterally dismiss an involuntary petition. However, the Trustee seeks clarification that the Court intended to unravel the Order for Relief or, as the Trustee believes, simply stay the chapter 7 process.

WHEREFORE, PREMISES CONSIDERED, Ron Satija, Chapter 7 Trustee, prays that the court reconsider its order staying order for relief and for such other relief available.

Respectfully submitted,

Hayward PLLC

/s/ Ron Satija
Ron Satija
State Bar No. 24039158
Todd Headden
SBN No. 24096285
7600 Burnet Rd, Ste. 530
Austin, TX 78757
Tel/Fax: (737) 881-7102
rsatija@haywardfirm.com
theadden@haywardfirm.com

**CERTIFICATE OF SERVICE**

The signature above certifies that a true and correct copy of the foregoing document has been served by CM/ECF or by first class, U.S. mail, postage prepaid within one business day of August 22, 2024, on the attached creditor's matrix.

/s/ Ron Satija
Ron Satija

Page 5