

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-11007-CGB |
| ARTIUSID, INC | § | |
| | § | Chapter 7 |
| Debtor. | § | |

### DECLARATION OF TODD HEADDEN PURSUANT TO RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE IN SUPPORT OF THE APPLICATION FOR RETENTION OF HAYWARD PLLC AS COUNSEL FOR THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(A)

Todd Headden, pursuant to 28 U.S.C. § 1746, hereby certifies by declaration as follows in Support of the *Application for Retention of Hayward PLLC as Counsel for the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a)* (the "Application"), states as follows:

1. "My name is Todd Headden. I am over the age of 18, of sound mind, capable of making this verified statement, and personally acquainted with the facts herein stated. I am an attorney at law duly admitted and in good standing to practice in Texas and the United States District Court for the Western District of Texas. I am an attorney at Hayward PLLC ("Hayward" or the "Firm"). Hayward maintains two offices, one located at 10501 North Central Expressway, Ste. 106, Dallas, TX 75231 and the second at 7600 Burnet Road, Suite 530, Austin, TX 78757. I am signing this Application on behalf of the Firm.

2. "I make this declaration in support of the Application filed on behalf of Ron Satija, Chapter 7 Trustee (the "Trustee") to employ Hayward as counsel in this Chapter 7 case under 11 U.S.C. § 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Bankruptcy Rules of Procedure. I have included an addendum to this declaration that lists all cases in which Hayward is or has represented the Trustee. Unless otherwise stated, all facts set forth in this statement are based upon my personal knowledge, upon client/matter records of

Hayward reviewed by myself and staff or derived from information available to me which I believe to be true and correct.

3.     "The Hayward partners, of counsel, and associates that will make up the team representing the Trustee have long-standing experience serving as counsel in bankruptcy cases, complex, commercial litigation matters, and creditor matters, and are well-qualified to represent the Trustee in this case.

4.     "Other than as set forth herein, neither I, nor the Firm, nor any of its partners, of counsel, or associates, to the best of my knowledge, have any relationship with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. Disclosure of any future connection, if any, will be made to the Court. One creditor, Collaborative Vision, initiated contact with me for a possible representation after the order for relief was entered, but upon learning that the case was a chapter 7 matter and the possibility that my colleague may be appointed as the chapter 7 trustee, I ceased the conversation. At no point did I represent the creditor. The Firm has known connections to the Trustee as follows: the Firm employs the Trustee as an attorney; and the Firm represents or has represented the Trustee in several matters that are disclosed in the attached addendum.

5.     "Neither I, nor the Firm, nor any of its partners, of counsel, or associates, insofar as I have been able to ascertain, represent any interest adverse to the estate and are disinterested persons. I instructed Hayward staff to run a search through our conflicts and practice management software on the relevant parties in this case, including the Debtor, creditors, and other parties in interest, and to send a firm-wide e-mail regarding those parties to all of the

members of the firm for each individual attorney to ascertain any conflicts or connections, and there were none.

6.    "Despite Hayward's efforts to identify and disclose its connection with the Interested Parties in this case, Hayward is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if Hayward discovers additional information that requires disclosure, Hayward will file a supplemental disclosure with the Court.

7.    "Hayward has not received any retainer from the Trustee for this representation.

8.    "Subject to the Court's approval, and in accordance with Hayward's agreement with the Trustee, Hayward intends to (a) charge for its legal services to be reimbursed solely from the Chapter 7 estate and only after court approval, for its fees as detailed in the Application and attached engagement letter to the Application and (b) seek reimbursement of actual and necessary out-of-pocket expenses solely from the Chapter 7 estate and only after court approval, in connection with the rendering of legal services in accordance with Hayward's policies for all clients regarding this type of engagement. Hayward will maintain detailed, contemporaneous records of any actual and necessary services and expenses incurred in connection with the rendering of legal services described in the Application.

9.    "Other than the Trustee's agreement to compensate Hayward as described herein and to reimburse Hayward for reasonable and necessary expenses incurred on behalf of the Trustee, Hayward has not received any promises from the Trustee or any other person to compensate Hayward in connection with the case.

10.    "Neither Hayward nor any partner of Hayward have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it or they has or have received or

may receive for services rendered or expenses incurred in connection with the case with another party or person (except as among the partners, counsel, and associates of Hayward), or (b) any compensation that another party or person has received or may receive for services rendered or expenses incurred in connection with this representation.

11.     "Hayward, and the professionals it employs, are qualified to represent the Trustee in the matters for which Hayward is proposed to be retained.

12.     "I believe that Hayward is eligible for employment and retention by the Trustee as counsel pursuant to the Bankruptcy Code and applicable Bankruptcy Rules."

Further declarant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2024

*/s/ Todd Headden*
Todd Headden

**ADDENDUM TO DECLARATION OF TODD HEADDEN PURSUANT TO RULES 2014
AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
IN SUPPORT OF THE APPLICATION TO EMPLOY HAYWARD PLLC
AS COUNSEL TO RON SATIJA, CHAPTER 7 TRUSTEE**

Cases in which Hayward is or has been employed as counsel to the Trustee:

1. 12-10326 In re Allan Cunningham
2. 14-10286 In re Rosenthal and Watson, PC
3. 14-11583 In re Adilace Holdings, Inc.
4. 19-11546 In re David Day
5. 19-11578 In re Arthur Hickson
6. 20-10224 In re Subhash & Priti S. Patel
7. 20-10658 In re DM Dukes & Associates, Inc.
8. 20-11382 In re Comanche Xpress
9. 21-10094 In re Terrence Hennessey
10. 21-10155 In re Kevin David Tremblay and Caroline Sandra Tremblay
11. 21-10224 In re Humberto Labrada
12. 21-10505 In re Rober P. Wills, M.D., PLLC
13. 21-10515 In re Jason Michael Oliver
14. 21-10577 In re Union Environmental, LLC
15. 21-10586 In re Jedidiah Daniel Kenny
16. 22-10681 In re Optimal Acuity Corporation
17. 23-11110 In re Stevie Ray Hansen
18. 24-10708 In re Christopher William Harris
19. 24-10704 In re Estela Marina Mota Garcia and Gustavo Adolfo Diaz Valero