IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-11007-cgb |
| | § | |
| ARTIUSID, INC., | § | Chapter 7 |
| | § | |
| Alleged Debtor. | § | |

**ALLEGED DEBTOR'S RESPONSE TO SATIJA MOTION FOR RECONSIDERATION**

Alleged Debtor, artius.iD, Inc. ("**Artius**"), by and through undersigned counsel and pursuant to Local Rule 9014(b)(1) of this Court, hereby files this Response to the *Motion for Reconsideration* [Doc. No. 94] (the "**Satija Motion**") filed by Ron Satija, the appointed Chapter 7 Trustee ("**Mr. Satija**"), and relies upon the following facts and substantial matters of law.

**Preliminary Statement**

The Satija Motion fails to articulate a valid and coherent basis on which to reconsider or vacate the Court's August 8, 2024 Stay Order, the terms of which were extensively discussed with and agreed to by Mr. Satija and his counsel. Purportedly filed only "out of an abundance of caution,"[1] the Satija Motion is replete with misstatements and mischaracterization of the record and proceedings before this Court, and reflects a fundamental misunderstanding of the legal effect of the Stay Order entered on August 8, 2024 [Doc. No. 83] (referred to in the Satija Motion as the Abatement Order).[2] As if that were not reason enough to deny the Satija Motion, its *ad hominem* attack on undersigned counsel who worked patiently and painstakingly with Mr. Satija, his counsel and other parties in interest over the course of a full week to agree on and finalize the form and content of that Order prior to its submission is wholly unjustified. This is particularly so where

---

[1] Satija Motion, preamble at p. 1.

[2] *Order Abating Proceedings on Debtor's Motion for Rehearing, Granting Stay of Order for Relief Pending Ruling on Consensual Dismissal of Involuntary Case, and Setting Procedures for Approval of Dismissal* [Doc. No. 83].

neither Mr. Satija nor counsel made any effort before filing the misguided Satija Motion to meet and confer with undersigned counsel to resolve whatever confusion may have befallen them *after they agreed in writing to the form and content of the Stay Order as submitted to the Court by exchange of multiple emails on August 7, 2024.*[3]

In strict conformity with LR 9014(b)(1) of this Court, Artius responds in the section immediately below by "specifically admit(ting) or deny(ing) each factual allegation or stat(ing) that the party lacks knowledge or information sufficient to form a belief about the truth of an allegation"[4] in the Satija Motion. Thereafter Artius offers legal argument demonstrating that the Satija Motion must be denied (and frankly never should have been filed), and reserving its rights in respect of the flawed and unjustified Satija Motion.

## Admissions and Denials

1. Admits the factual allegations set forth in paragraph 1 of the Satija Motion.

2. Admits the factual allegations set forth in paragraph 2 of the Satija Motion, and by way of further response would add that in accordance with Local Rule 9013(a) of this Court, on that same date Artius also filed *Debtor's Motion for (I) Expedited Hearing or Consideration of Motion for Rehearing and Reconsideration of Order for Relief, and (II) Immediate Entry of Stay Pending Expedited Consideration* [Doc. No. 72].

3. Admits the factual allegations set forth in the first two sentences of paragraph 3 of the Satija Motion, and denies the characterization of the Status Conference Order as set forth in the third sentence of that paragraph.

---

[3] True and correct copies of these emails (collectively, the "**August 7 Emails**") are attached hereto as Composite **Exhibit H**.

[4] "A party who opposes the relief requested must file a responsive pleading within the time set out in the negative notice (if applicable). . . . A responsive pleading shall specifically admit or deny each factual allegation or state that the party lacks knowledge or information sufficient to form a belief about the truth of an allegation." W.D. Tex. Bank. L.R. 9014(b)(1).

2

4. Admits the factual allegations set forth in the first sentence of paragraph 4 of the Satija Motion. Admits that after the recess at the Status Conference undersigned counsel for Artius announced, and counsel for the Petitioning Creditors confirmed, that those parties had reached agreement on a settlement that would involve an effort to dismiss the case under section 303(j) of the Bankruptcy Code. Expressly denies the remining factual allegations set forth in the second sentence of paragraph 4, including the allegation of the settlement amount which is false and, under the terms of the settlement agreement, confidential between Artius and the Petitioning Creditors.[5] Admits the factual allegations set forth in the third sentence of paragraph 4, and would state by way of further answer that the submission of evidence at a non-evidentiary status conference would be unusual and was not required by the Court.[6] Admits the factual allegations set forth in the fourth sentence of paragraph 4, except that the Court suggested that Artius and the Petitioning Creditors might seek dismissal of the case under section 707 as well as or in the alternative to section 303(j) [Tr: 13:16-24], and by way of further answer would contend that nowhere did the Court suggest that seeking dismissal under section 303(j) would be improper.

5. Admits the factual allegations set forth in the first sentence of paragraph 5 of the Satija Motion. Admits that the Stay Order was extensively negotiated and resolved as reflected in the August 7 Emails, denies the remaining allegations in the second sentence of paragraph 5, and would state by further answer that a) the Stay Order contemplates that dismissal might be sought under section 303(j) or 707, and b) accordingly, the Dismissal Motion seeks dismissal under either of those sections in the alternative. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 5 regarding what Mr.

---

[5] See *Consent Stipulation and Motion for Dismissal of Involuntary Petition Under Chapter 7* [Doc. No. 88] (the "**Dismissal Motion**") at ¶37.

[6] In fact, the Court expressed its satisfaction with the approach proposed by undersigned counsel. Tr: 9:17-23 ("I think the stay -- to me, Mr. Bloom's proposal sounds pretty reasonable. I don't see anybody being prejudiced by it.")

3

Satija "became concerned" about, and sharply denies the patently false, scandalous, unprofessional and defamatory allegation in that sentence that Artius "was preparing yet another 'ambush' for this Court and the parties."

6. Denies the similarly scandalous, false, defamatory and unprofessional factual allegations and characterizations set forth in paragraph 6 of the Satija Motion, and by way of further response would offer that a) the position of Artius as offered in the Dismissal Motion regarding the legal effect of the Stay Order and the applicability of sections 303(j) and 707 is entirely consistent with the language of the Stay Order to which Mr. Satija's counsel agreed, and b) that if Mr. Satija believes otherwise then the proper course is for him to object to the Dismissal Motion without the need to attack the professionalism of undersigned counsel.

7. Denies knowledge or information sufficient to form a belief as to what Mr. Satija may believe as alleged in paragraph 7 of his Motion, denies the remaining factual allegations set forth in that paragraph 7, and offers once again that Mr. Satija is free to object to any of the relief sought or arguments raised in the Dismissal Motion.

8. Denies knowledge or information sufficient to form a belief as to the truth of what Mr. Satija may plan to do as alleged in the first sentence of paragraph 8 of his Motion, and denies as legal argument the remainder of that paragraph.

9. Denies the factual allegations and legal argument set forth in paragraph 9 of the Satija Motion, and by way of further response would offer that a) the settlement between Artius and the Petitioning Creditors announced on the record at the Status Conference -- both the stay of the Order for Relief and the abatement of the Motion for Rehearing in order to accommodate a proposed consensual dismissal of the involuntary petition and case -- obviated the need for appeal of the Order for Relief or a stay pending appeal such that there was no need for the Court to

consider the Motion for Rehearing, and b) that as stated on the record at the Status Conference (and unchallenged by Mr. Satija and his counsel so long as the Debtor provided a matrix of creditors and his right to seek fees and expenses was preserved) [Tr: 15:1 - 16:9] –, the Court found the approach presented by counsel for Artius to be "reasonable" [Tr: 9:17-23].

10. Denies the factual allegations set forth in paragraph 10 of the Satija Motion, except respectfully refers the Court to the transcript of the Status Conference [Doc. No. 82] ("**Tr**") that graciously was ordered and circulated to all counsel by counsel for the Petitioning Creditors. By way of further response, Artius presents the simple explanation that, as the record supports and all parties and the Court were advised, the settlement with the Petitioning Creditors was reached in the figurative hallway of the courthouse during the recess granted by the Court, and necessarily altered the status quo such that the relief sought from and granted by the Court was, as the Court expressly found, "reasonable" [Tr: 9:17-23]. And by way of further response regarding the legal effect of the Stay Order, Artius respectfully refers the Court to the Dismissal Motion and the Legal Argument set forth in the section below.

11. Denies the characterization of the proceedings at the Status Conference as alleged in paragraph 11 of the Satija Motion, and by way of the further response would offer that the Stay Order was approved as to form and content by all parties in interest -- including Mr. Satija as reflected in the August 7 Emails -- and then entered by the Court without alteration.

12. Denies the factual allegations and legal argument set forth in paragraph 12 of the Satija Motion, and again respectfully refers the Court to the Dismissal Motion and the Legal Argument set forth in the section below.

13. Admits that Artius filed the referenced Marcotte Declaration as alleged in the first sentence of paragraph 13 of the Satija Motion, denies the characterization of that filing and the

5

remaining allegations and argument set forth in that paragraph. By way of further response Artius would offer that it complied fully and completely with paragraph 2 of the Stay Order (as approved by Mr. Satija and entered by the Court) directing it to "file, under penalty of perjury, a matrix identifying the creditors by name and last known address (and) serve the Dismissal Motion and attachments and any notice of hearing upon all creditors and interested parties, including the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same." Stay Order at para. 2. If Mr. Satija wanted something more than that, the circulation of the draft Stay Order as explained below afforded more than ample opportunity for him to offer that revision.

14. Denies knowledge of information sufficient to form a belief as to the truth of the factual allegations of paragraph 14 regarding Mr. Satija's "concern," denies the remainder of the allegations set forth in that paragraph, and respectfully refers the Court to the Dismissal Motion and Argument summary below regarding the legal effect of the Stay Order.

## Argument

Relevant History Preceding Submission and Entry of Stay Order

The week-long process by which multiple drafts of the proposed Stay Order were shared and its terms agreed upon by all parties in interest -- including Mr. Satija -- prior to its submission was open and collaborative, and Mr. Satija's contention otherwise is simply false. That process began within hours of the August 1 Status Conference, when undersigned counsel promptly circulated and received comments to an initial draft of a proposed form of Order for review to Mr. Satija and counsel for the Petitioning Creditors, with the group quickly expanded that same day to include Mr. Satija's counsel and the United States Trustee [**Exhibit A**]. Based on those comments undersigned counsel circulated a revised version of the draft Order on Friday, August 2 [**Exhibit B**], and a further revised version on Monday, August 5, 2024 [**Exhibit C**].

6

At the request of Mr. Satija,[7] counsel for the Petitioning Creditors undertook to order and circulate a transcript of the Status Conference to all of the parties and counsel involved in the discussions over the form of Order on August 6, 2024 [**Exhibit D**]. Upon review of that transcript undersigned counsel recirculated the draft Order on August 7, 2024 [**Exhibit E**]. As reflected in the August 7 Emails, undersigned counsel again accepted further changes on that date, including the "only change on this last back and forth" offered by counsel for Mr. Satija [**Exhibit F**].

As the email exchanges attached as Exhibits A through H conclusively establish, from the initial draft circulated within hours of the Status Conference to the version submitted to and entered by the Court one week later, paragraph 3a of the Stay Order provided in **BOLD ALL CAPS** that "The Order for Relief be and hereby is **STAYED IN ALL RESPECTS**." While additional language was added to that paragraph at the request of various parties in interest, Mr. Satija's claim of "ambush" as relates to the focus and scope of the stay is simply unsupportable.

Rather, it is due to the collaborative process of engagement -- evidenced in Exhibits A through H -- that the proposed Stay Order was not submitted to the Court until August 8, one full week after the August 1 Status Conference, a more than adequate period for parties and counsel to review the transcript, offer comments, and then agree to the final form of Stay Order as Mr. Satija did through his law partner and counsel. On this record, it is difficult to conceive of the basis for Mr. Satija''s expressed "concern" over the language of the Stay Order as approved, submitted and entered -- other than perhaps with the legal effect of that Order as described in the Dismissal Motion and summarized in the section below.

<u>Legal Effect of the Stay Order</u>

In light of the history set forth above and in the email Exhibits to this Response, it is

---

[7] See **Exhibit G.**

distressing to say the least that Mr. Satija now takes issue with the form of the Stay Order that he and his counsel had ample opportunity to review and that his counsel approved. Specifically, that issue appears to be with the legal effect of the stay provision in the Stay Order as described in the Dismissal Motion, for which Artius relies on two decisions from the United States Supreme Court and two more from the Fifth Circuit Court of Appeals.[8]

Apparently Mr Satija differs with Justice Cardozo and the seven justices of the Supreme Court who joined with him in articulating "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" in *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Or perhaps his difference is with Chief Justice Roberts and the six other justices of the Supreme Court who joined in describing the legal effect of a stay as "temporarily suspending the source of authority to act -- the order or judgment in question" and "suspend(ing) judicial alteration of the status quo" in *Nken v. Holder*, 556 U.S. 418, 429, 129 S. Ct. 1749, 1758 (2009).[9] Or maybe Mr. Satija takes issue with the judges of the Fifth Circuit Court of Appeals whose decisions in *Tex. All. v. Hughs*, 976 F.3d 564, 565 (5th Cir. 2020), and *Veasey v. Perry*, 769 F.3d 890, 891 (5th Cir. 2014) confirm that *the legal effect of a stay is to restore and preserve the status quo as existed prior to entry of the Order that is the subject of the stay*.[10]

If indeed that is the source of Mr. Satija's "concern" then perhaps he might read these cases more closely, rather than claim "ambush" upon suddenly realizing 21 days after the Status Conference and 14 days after entry of the Stay Order that the effect of that Order is to suspend the legal effect of Order for Relief. In light of these controlling decisions, Artius has serious doubt that

---

[8] Dismissal Motion at ¶13-14.

[9] See Id. at ¶13.

[10] See Id at ¶14.

8

this Court would, or even could, indulge Mr. Satija's alternate view of that reality, or adopt his amorphous and unfocused theory that the Stay Order is not a stay of the legal effect of the Order for Relief, but only a "stay of the Chapter 7 process"[11] -- whatever that means.

Because of the Stay Order there is no existing "Chapter 7 process" other than for the Court to consider whether and on what grounds to approve the consensual dismissal of this involuntary case as sought by Artius and the Petitioning Creditors in the Dismissal Motion and consider whether Mr. Satija or his proposed counsel is entitled to fees and expenses. Indeed, it was precisely to avoid doubt on this question that undersigned counsel sought [Tr: 12:3-12] and the Court expressly directed at the Status Conference [Tr: 17:24-25] that Mr. Satija's "duties and responsibilities may be suspended" during the period of the stay, as undersigned counsel faithfully and dutifully included in paragraph 3b of the Stay Order as entered by the Court.[12] Indeed, it is that paragraph that offers the very "abundance of caution" that purportedly motivates the filing of the Satija Motion.[13]

The Stay Order as submitted with the consent of all parties and entered by the Court is consistent with the proceedings on the record at the Status Conference, as established by the transcript of those proceedings that was circulated among counsel for the parties at Mr. Satija's request. The Satija Motion fails to articulate a valid and coherent basis on which to reconsider or vacate that Order, and the Court should deny the Satija Motion and proceed to consider the

---

[11] Satija Motion paragraphs 10, 14.

[12] "Except as otherwise set forth herein the Chapter 7 Trustee shall be DISCHARGED of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated on the record at the Status Conference and subject to further order of the Court." Stay Order at paragraph 3b.

[13] Moreover, the stay of the Order for Relief safeguards the Alleged Debtor against the irreparable harm of being subject to a bankruptcy case pending the Court's consideration of dismissal of the Chapter 7 petitions. *Autobar Sys. of N.J. v. Berg Co.*, LLC, No. 23-2541, 2024 U.S. App. LEXIS 20943, at *3 (3d Cir. Aug. 17, 2024) (threat of bankruptcy is irreparable harm under four part test for a stay or injunctive relief) (citing *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011)).

Dismissal Motion with which Mr. Satija appears to have an issue that he is free to raise by appropriate means.

### Reservation of Rights

While purportedly filed "in an abundance of caution" (which caution could have been exercised by a simple phone call to undersigned counsel rather than an unprovoked attack featuring utterly meritless allegations of "ambush"), the Satija Motion is entirely frivolous and without merit. As this is the first case in which undersigned lead counsel has had the privilege to appear before this court *pro hac vice*, counsel offers the fervent hope that personal attack is not typical of Mr. Satija and his counsel, but a one-off error in judgment not to be repeated. In any event, Artius reserves all rights in respect of the Satija Motion and any similar or additional bases Mr. Satija may offer in opposition to the Dismissal Motion, and specifically reserves the right to object to any fees and expenses that Mr. Satija and his counsel may seek in connection with the unnecessary filing of and incendiary allegations in the Satija Motion.

### Conclusion

Upon full consideration of the facts and circumstances as described in this Response, there are three inescapable conclusions to be drawn. First, after circulation of a transcript of the Status Conference the Stay Order was extensively reviewed and approved by all parties in interest -- *including Mr. Satija and his counsel* -- prior to its submission to and entry by the Court, and the allegations in the Satija Motion of an "ambush" are false, defamatory and unprofessional. Second, in entering the Stay Order as presented the Court approved the form of Order as consistent with the proceedings at the Status Conference, including the course of action proposed by undersigned for the Debtor that the Court found to be "reasonable" [Tr: 9:17-23]. And third, in taking issue with the legal effect of the Stay Order the Satija Motion appears to be misdirected as a request to

vacate or reconsider that Order, when the more appropriate course is for Mr. Satija to offer any different interpretation of the Order in the objection he asserts an intent to file to the Dismissal Motion.

WHEREFORE, artius.iD respectfully submits that the Satija Motion be denied, and that the Court proceed to address the Dismissal Motion as timely submitted pursuant to the Stay Order.

Dated: September 3, 2024                                    Respectfully Submitted,


By: */s/ Mark D. Bloom*
Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom (admitted Pro Hac Vice)
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor artuis.iD

11

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 3, 2024, he caused a copy of the foregoing Alleged Debtor's Response to Motion for Reconsideration to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and on the parties listed below via First Class U.S. Mail.

                                              */s/ Mark D. Bloom*
                                              Mark D. Bloom

See attached matrix

```
Label Matrix for local noticing        ArtiusID, Inc.                          U.S. BANKRUPTCY COURT
0542-1                                 801 Barton Springs                      903 SAN JACINTO, SUITE 322
Case 23-11007-cgb                      Austin, TX 78704-1146                   AUSTIN, TX 78701-2450
Western District of Texas
Austin


ArtiusID, Inc.                         ArtiusID, Inc.                          Collaborative Vision LLC c/o
c/o Alexander D. Burch                 c/o Robert T. DeMarco                   Cokinos Young
BAKER & McKENZIE LLP                   DeMarcoMitchell, PLLC                   1221 Lamar 16th Fl
800 Capitol St., Suite 2100            12770 Coit Road, Suite 850              Houston TX 77010-3039
Houston, Texas 77002-2947              Dallas, TX 75251-1364                   Self-Terminated on 08/23/2024


Collaborative Vision, LLC              Collaborative Vision, LLC               Collaborative Vision, LLC
c/o Emma P. Myles                      c/o Kell C. Mercer, PC                  c/o Lynn Hamilton Butler
Cokinos Young                          901 S Mopac Expy Bldg 1 Ste 300         Husch Blackwell LLP
1221 Lamar Street, 16th Floor          Austin, TX 78746-5883                   111 Congress Avenue, Suite 1400
Houston, Texas 77010-3039                                                      Austin, TX 78701-4093
Self Terminated on 08/23/2024


Collaborative Vision, LLC              Goldstein Consulting Services, LLC      Rearc LLC
c/o Tres Gibbs                         c/o Michael T. Conway, Esq.             c/o Michael T. Conway, Esq.
Cokinos Young                          Lazare Potter Giacovas & Moyle LLP      Lazare Potter Giacovas & Moyle LLP
1221 Lamar, 16th Fl.                   747 Third Avenue, 16th Floor            747 Third Avenue, 16th Floor
Houston, Texas 77010-3039              New York, NY 10017-2856                 New York, NY 10017-2856
Self Terminated on 08/23/2024

Ron Satija, Chapter 7 Trustee          United States Trustee - AU12            Xmogrify
c/o Todd Headden                       United States Trustee                   c/o Michael T. Conway, Esq.
Hayward PLLC                           903 San Jacinto Blvd, Suite 230         Lazare Potter Giacovas & Moyle LLP
7600 Burnet Road, Suite 530            Austin, TX 78701-2450                   747 Third Avenue, 16th Floor
Austin, TX 78757-1269                                                          New York, NY 10017-2856


Alexander D. Burch                     Eric A Liepins                          Mark D. Bloom
Baker McKenzie LLP                     Legal Aid of Northwest Texas            Baker McKenzie LLP
700 Louisiana, Suite 3000              1515 Main Street                        1111 Brickell Ave
Houston, TX 77002-2871                 Dallas, TX 75201-4841                   Ste 10th Floor
                                                                               Miami, FL 33131-3122


Robert T DeMarco III                   Ron Satija                              End of Label Matrix
Robert Demarco                         P.O. Box 660208                         Mailable recipients    19
12770 Coit Road                        Austin, TX 78766-7208                   Bypassed recipients     0
Suite 850                                                                      Total                  19
Dallas, TX 75251-1364
```