# EXHIBIT B

| | |
|---|---|
| **From:** | Bloom, Mark |
| **Sent:** | Friday, August 2, 2024 1:01 PM |
| **To:** | Tobin, Shane P. (USTP); Ron Satija; Todd Headden (theadden@haywardfirm.com); jason.binford@rsbfirm.com; Michael Conway |
| **Cc:** | Burch, Alexander |
| **Subject:** | Redline-Order Abating (8.1.24)(TBH RS Edits)- UST comments.docx |
| **Attachments:** | Redline-Order Abating (8.1.24)(TBH RS Edits)- UST comments.docx |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Thanks again to all for responding with edits and comments so quickly yesterday -- and for keeping them in a single version of the document to make my review process easier.

In preparation for our call on Monday afternoon I've added comments indicating which of your changes are acceptable (almost all) and raising some questions either for clarification or resolution on that call. Especially for Shane, Ron and Todd who are new to the situation (then again, so am I) I also plan to offer some insight into the Company's financial condition that should help to ease your minds a bit about the path we've chosen here and why we expect a smooth course down that path toward 303(j) dismissal. No corners will be cut, but I hope I can impart some perspective that may be helpful to all of you as we try to protect everyone's interest and get this case resolved and dismissed in accordance with the Code and Rules.

Thanks and have a good weekend.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,
GRANTING STAY OF ORDER FOR RELIEF PENDING EXPEDITED HEARING ON
CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,
<u>AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL</u>**

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024 (the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for Rehearing of the Order for Relief* [ECF No. 74]. As referenced in that Order, the Debtor's *Motion for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal.  The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed ~~disposition~~ procedures as set forth on the record and below ~~is~~are reasonable and calculated to avoid prejudice to the interests of all parties in interest.  Accordingly, it is

> **Commented [BM1]:** Changes here acceptable.

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Pursuant to section 303(j) of the Bankruptcy Code, the Debtor and Petitioning Creditors shall promptly ~~-~~(within 7 days of entry of this order) ~~a~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion") and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.

> **Commented [BM2]:** Changes here acceptable.

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning Creditors shall attach to the Dismissal Motion and file separately with the Court a [Proposed] Order scheduling a hearing on the Dismissal Motion, upon notice to all

> **Commented [BM3]:** Fine.

2

creditors as required under section 303(j)~~)~~,). The Debtor shall comply with this Court's rules regarding service and negative notice periods and rules for expediting hearings. The Debtor shall identify ~~such~~ all known creditors, whether their claims are contingent, disputed, or unliquidated and file, under penalty of perjury, a creditor's matrix identifying the creditors ~~to be identified~~ by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and notice of hearing upon all ~~on a~~and ~~such list of~~ creditors and interested parties, including ~~to~~shall ~~be attached to the Dismissal Motion and shared with~~ the Chapter 7 Trustee and the United States Trustee and file a certificate of service of same.

> **Commented [BM4]:** Certainly good re compliance with service.
> If you are suggesting we might be able to use negative notice here I'm all ears, but I had not considered that would be possible.
> As for expedited hearing, let's discuss whether we can save a step by including what we need in this Order, noting that yesterday Judge offered on record to hear the dismissal as soon as next week. I don't think that's realistic and am not trying unduly to shorten notice, but maybe we put our heads together on this point in Monday call?
>
> **Formatted:** Highlight

> **Commented [BM5]:** Sounds like your change here is to streamline so that certificate of service identifies all creditors rather than list; if that is the objective it makes sense to me.

3. Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

   a. The Order for Relief be and hereby is **STAYED IN ALL RESPECTS**, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

   b. Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, subject to further order of the Court; and

   c. All ~~ ~~proceedings on the Motion for Rehearing are hereby **ABATED.**

> **Commented [BM6]:** Change accepted.
>
> **Formatted:** Font: Bold

4. Notwithstanding the entry of the Stay as set forth in the preceding paragraph, the Chapter 7 Trustee shall have the right to appear and be heard in respect of the Dismissal Motion and any other matter, including seeking information and proof of the financial affairs of

3

the Debtor under § 704(a), and to seek the allowance and payment of Trustee fees and expenses ~~as a condition of the dismissal of this case~~.

> **Commented [BM7]:** Yes as to fees and expenses, as covered at the hearing. Reference to 704(a) appears inconsistent with discharge of Trustee responsibility in 3b, and Judge's statement on record yesterday that during the stay period Ron shall have no responsibilities to act as Chapter 7 Trustee.

5. The Debtor shall report weekly to the U.S. Trustee and the Chapter 7 Trustee regarding its use of funds.

> **Commented [BM8]:** Not contemplated at hearing yesterday -- only that Debtor would only make ordinary course transfers. Please keep in mind that until peace broke out yesterday there was blood feud between Debtor and Petitioning Creditors, and despite that state of affairs they never had reason to question Debtor's ordinary course operations during involuntary gap period or move for any 303(g) relief.

6. Any settlement between the Debtor and its creditors will comply with Bankruptcy Rule 9019.

> **Commented [BM9]:** I don't think that is the standard for evaluation of a stipulated dismissal under 303(j)(2). Discuss on Monday.

~~5.~~7. For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

### 

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center

4

1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID