EXHIBIT C

| | |
|---|---|
| **From:** | Bloom, Mark |
| **Sent:** | Monday, August 5, 2024 5:37 PM |
| **To:** | Tobin, Shane P. (USTP); Todd Headden (theadden@haywardfirm.com); Ron Satija |
| **Cc:** | jason.binford@rsbfirm.com; Michael Conway; Burch, Alexander |
| **Subject:** | Redline-Order Abating (8.1.24)(TBH RS Edits)- UST comments.docx |
| **Attachments:** | Redline-Order Abating (8.1.24)(TBH RS Edits)- UST comments.docx |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Attached please find an updated and revised draft of a Proposed Order from the August 1 Status Conference. Note that in the interest of submitting this Order on an agreed basis I have accepted certain of the revisions about which I remain skeptical, and also included a modified cash flow reporting requirement as requested by Shane during our call (details to be confirmed with Company). Accordingly, I offer this revised draft with reservation of all rights, and in the hope that we can agree quickly on its terms and submit it to the Court to commence the running of the seven-day period to file the Dismissal Motion. As mentioned on the call we already have begun to draft that Motion and a Declaration certifying the matrix of creditors, and have funded the settlement payment to the trust account of Petitioning Creditors' New York counsel.

I am hopeful that upon review of the case authorities we provided immediately following the call you will agree that the process set forth herein is, as Judge Bradley concluded last Thursday, reasonable and calculated to avoid prejudice to any party in interest.

In the interest of expediting the finalization and submission of this Order, and because I am traveling on Wednesday, I would propose to schedule a followup call to consider any further comments for tomorrow, **Tuesday, between 2:30 and 4:30 pm CDT.** I will circulate a Zoom invitation to that call momentarily, and if the time slot is not convenient for you please select another time in your afternoon and we will try to accommodate.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,
GRANTING STAY OF ORDER FOR RELIEF PENDING EXPEDITED HEARING ON
CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,
AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL**

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024 (the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for Rehearing of the Order for Relief* [ECF No. 74]. As referenced in that Order, the Debtor's *Motion for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal. The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed ~~disposition~~ procedures as set forth on the record and below ~~is~~are reasonable and calculated to avoid prejudice to the interests of all parties in interest. Accordingly, it is

> **Commented [BM1]:** Changes here acceptable.

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Pursuant to section 303(j) of the Bankruptcy Code, the Debtor and Petitioning Creditors shall promptly ~~-~~ (within 7 days of entry of this order) ~~a~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion") and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.

> **Commented [BM2]:** Changes here acceptable.

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning Creditors ~~shall attach to the Dismissal Motion and file separately with the Court a [Proposed] Order scheduling a hearing on the Dismissal Motion, upon notice to all~~

> **Commented [BM3]:** Fine.
>
> **Commented [BM4R3]:** Deleting reference to scheduling order based on decision to proceed on negative notice under LR 9014(a).

2

~~creditors as required under section 303(j).).~~ ~~The Debtor~~ shall comply with this Court's rules regarding service and negative notice period in respect of the Dismissal Motions ~~and rules for expediting hearings.~~ In connection with that Motion, ~~T~~the Debtor shall identify ~~such~~ all known creditors, whether their claims are contingent, disputed, or unliquidated, and file, under penalty of perjury, a ~~creditor's~~ matrix identifying the creditors ~~to be identified~~ by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and any notice of hearing upon all ~~on aand such list of~~ creditors and interested parties, including ~~to~~shall be attached to the Dismissal Motion ~~and shared with~~ the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same.

3. Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

    a. The Order for Relief be and hereby is **STAYED IN ALL RESPECTS**, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

    b. Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, subject to further order of the Court; and

    c. All proceedings on the Motion for Rehearing are hereby **ABATED.**

4. Notwithstanding the entry of the Stay as set forth in the preceding paragraph, the Chapter 7 Trustee shall have the right to appear and be heard in respect of the Dismissal Motion

3

and any other matter, ~~including seeking information and proof of the financial affairs of the Debtor under § 704(a),~~ and to seek the allowance and payment of Trustee fees and expenses ~~as a condition of the dismissal of this~~ ~~case~~.

> **Commented [BM6]:** Yes as to fees and expenses, as covered at the hearing. Reference to 704(a) appears inconsistent with discharge of Trustee responsibility in 3b, and Judge's statement on record yesterday that during the stay period Ron shall have no responsibilities to act as Chapter 7 Trustee.

5. The Debtor shall ~~report weekly~~ submit the following cash flow reports ~~~~ to the U.S. Trustee:

    a. On~~a~~ a one-time basis, a recent cash flow statement covering a six-month period prior to July 24, 2024; and

    b. On a bi-weekly basis commencing on July 24, 2024, to be filed within [ ] days from the close of each such period pending further Order of the Court. ~~and the Chapter 7 Trustee regarding its use of funds.~~

    > **Formatted:** Highlight
    > **Formatted**

6. ~~Any~~ The Dismissal Motion also will present the ~~~~ settlement between the Debtor and it~~s creditors~~ Petitioning Creditors to the Court for approval in accordance with ~~will comply with~~ Bankruptcy Rule 9019.

~~5.~~7. For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

### 

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099

4

alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID

5