EXHIBIT D

| | |
|---|---|
| **From:** | Jason Binford <jason.binford@rsbfirm.com> |
| **Sent:** | Tuesday, August 6, 2024 7:30 PM |
| **To:** | Bloom, Mark; Ron Satija; Michael Conway; Tobin, Shane P. (USTP); Todd Headden (theadden@haywardfirm.com); Burch, Alexander |
| **Subject:** | [EXTERNAL] RE: artiusi.D - Status Conference Transcript |
| **Attachments:** | Austin_ArtiusID_080124.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Attached is a copy of the 8/1 status conference transcript.

**Jason Binford**
Shareholder

**ROSS, SMITH & BINFORD, PC**
Bankruptcy Solutions + Mediation Services
2901 Via Fortuna, Bldg. 6, Suite 450
Austin, TX 78746
**Tel** 512.351.4778   **Email** jason.binford@rsbfirm.com
Website | vCard | LinkedIn

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Tuesday, August 6, 2024 2:04 PM
**To:** Ron Satija <rsatija@satijatrustee.com>; Jason Binford <jason.binford@rsbfirm.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden (theadden@haywardfirm.com) <theadden@haywardfirm.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** Re: artiusi.D followup call on draft Order from Status Conference

Just where is your needle, Ron? Surely you don't deny that the Judge agreed to enter the stay and discharge you of responsibility for estate assets during the pendency of that stay. Respectfully, that announcement on the record puts you in the back seat or outside the car entirely, not asking to see a map so that you can drive it.

In deference to your desire to see a transcript I will schedule another call for late tomorrow afternoon. You should keep in mind, however, that the additional features you and the USTrustee have requested for inclusion in the proposed Order go well beyond anything that you will find in that transcript. We have agreed to all or substantially all of those requests in an effort to submit an Order promptly on a simple and straightforward status conference at which we announced and the Judge accepted our intention to proceed in the manner spelled out by the Bankruptcy Code and Rules, but we do not have infinite patience to negotiate with you over points that have been addressed and to which you and Todd offered no objection in the original draft order presented.

1

**From:** Ron Satija <rsatija@satijatrustee.com>
**Sent:** Tuesday, August 6, 2024 2:51:56 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>; jason.binford@rsbfirm.com <jason.binford@rsbfirm.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden (theadden@haywardfirm.com) <theadden@haywardfirm.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: artiusi.D followup call on draft Order from Status Conference

All: this call is not useful for me until we get the transcript tomorrow. The needle has not moved for me since yesterday's call.
Ron

Ron Satija
U.S. Bankruptcy Trustee
P.O. Box 660208
Austin, TX 78766-7208
(737) 881-7102


-----Original Appointment-----
**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Tuesday, August 6, 2024 8:37 AM
**To:** Bloom, Mark; jason.binford@rsbfirm.com; Michael Conway; Tobin, Shane P. (USTP); Todd Headden (theadden@haywardfirm.com); Ron Satija; Burch, Alexander
**Subject:** artiusi.D followup call on draft Order from Status Conference
**When:** Tuesday, August 6, 2024 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://bakermckenzie.zoom.us/j/92032819050?pwd=NavMy1AAkIxbV7jRa3dDUrNOpuJObr.1


Mark Bloom is inviting you to a scheduled Zoom meeting.

To join a Zoom meeting from a Laptop / Mobile Phone please click here:

Meeting URL:   https://bakermckenzie.zoom.us/j/92032819050?pwd=NavMy1AAkIxbV7jRa3dDUrNOpuJObr.1

Meeting ID:   920 3281 9050

Password:507324

 **Join by Telephone**

Mobile Phone one-tap:   **US:**
+13017158592,,92032819050#
+13126266799,,92032819050#

Dial:   **US:**

+1 301 715 8592
+1 312 626 6799
+1 929 205 6099
+1 253 215 8782
+1 346 248 7799
+1 669 900 6833
833 928 4609 (Toll Free)
833 928 4610 (Toll Free)
877 853 5257 (Toll Free)
888 475 4499 (Toll Free)
833 548 0276 (Toll Free)
833 548 0282 (Toll Free)
833 928 4608 (Toll Free)

Meeting ID: 920 3281 9050

Password:507324

[Find Your Local Number Here](#)

##  Join from a Video Conference room system

Join by SIP: [92032819050@zoomcrc.com](mailto:92032819050@zoomcrc.com)

Join by H323:
162.255.37.11 (US West)
162.255.36.11 (US East)
221.122.88.195 (Mainland China)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia Sydney)
103.122.167.55 (Australia Melbourne)
209.9.211.110 (Hong Kong SAR)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
159.124.132.243 (Mexico)
159.124.168.213 (Canada Toronto)
65.39.152.160 (Canada Vancouver)
207.226.132.110 (Japan Tokyo)
149.137.24.110 (Japan Osaka)

Meeting ID: 920 3281 9050

Password:507324

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


IN RE:                          )      CASE NO: 23-11007-cgb
                                )      CHAPTER  7
                                )
ARTIUSID, INC,                  )      Austin, Texas
                                )
                                )      Thursday, August 1, 2024
          Debtor.              )      1:38 p.m. to 1:40 p.m.
                                )      2:00 p.m. to 2:25 p.m.

 1-1)  MOTION FOR REHEARING OF THE ORDER FOR RELIEF [D.E.NO.62,
       OR, IN THE ALTERNATIVE MOTION FOR STAY PENDING APPEAL
                          [DKT.NO.70]


           BEFORE THE HONORABLE CHRISTOPHER G. BRADLEY,
               UNITED STATES BANKRUPTCY JUDGE



**APPEARANCES**:              See page 2


Courtroom Deputy:        Ronda Farrar


Court Reporter [ECRO]:   Blayne Turner; Recorded


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES**:


For Debtor:                    MARK D. BLOOM, ESQ.
ALEXANDER D. BURCH, ESQ.
MARK TAYLOR, ESQ.
Baker McKenzie
111 Brickell Ave.
10th Floor
Miami, FL 33131
305-789-8900

MEICHELLE MACGREGOR, ESQ.
Cowan Liebowitz & Latman

For Petitioning        MICHAEL CONWAY, ESQ.
Creditors:           Lazare Potter Giacovas & Moyle
747 Third Ave.
16th Floor
New York, NY 10017
917-242-1597

JASON B. BINFORD, ESQ.
Ross Smith & Binford
2901 Via Fortuna
Building 6, Suite 450
Austin, TX 78746
512-351-4778

Also present:        KEVIN GOLDSTEIN
DAVID LEVY

For Creditors:       REAGAN H. "TRES" GIBBS, III, ESQ.
Cokinos Law
1221 Lamar St.
16th Floor
Houston, TX 77010
713-535-5500

For Chapter 7 Trustee:  RON SATIJA, ESQ.
TODD HEADDEN, ESQ.
Hayward
7600 Burnet Road
Suite 530
Austin, TX 78757
737-881-7102

3

1          **Austin, Texas; Thursday, August 1, 2024; 1:38 p.m.**

2                                  --oOo--

3          **THE COURT:**  All right.  Good afternoon, everyone.

4   This is Judge Bradley.

5          I'm going to call In Re: ArtiusID, Inc., Case

6   Number 23, 11107 [sic].  We're here for a status hearing on

7   Docket Number 70, the Motion for Rehearing and Reconsideration.

8          Let's take appearances, starting with counsel for the

9   Debtor.

10         **MR. BURCH:**  Good morning, Your Honor.  Alexander

11  Burch, Mark Taylor and Mark Bloom with Baker McKenzie for the

12  Debtor.  Also on this attending the hearing for the Debtor is

13  the founder and CEO of ArtiusID, as well as separate outside

14  counsel, Meichelle MacGregor.

15         And I do believe, Your Honor, that -- I just got a

16  message that there may be a settlement between the petitioning

17  creditors and the debtors and it may be prudent to maybe have a

18  brief adjournment so that all counsel may discuss and maybe we

19  can announce that to the Court.

20         **THE COURT:**  Okay.  How brief?

21         **MR. BURCH:**  Twenty minutes, Your Honor?

22         **THE COURT:**  Okay.  Does anybody object to that?

23  Mr. Conway or Mr. Binford?

24         **MR. CONWAY:**  Michael Conway, Your Honor, for the

25  petitioning creditors.  As you noted, I'm with Jason Binford

4

1    and one of the petitioning creditors is on, Kevin Goldstein.

2           We agree that we believe that's the case.  And I was

3    waiting for somebody to tell me whether we should ask you for

4    20 minutes or so we're fine with the 20 minutes.

5           **THE COURT:**  Okay.  Does anybody object to taking a

6    20-minute.  We haven't even finished taking appearances but

7    does anybody want to make an appearance in order to lodge their

8    objection?

9           **MR. SATIJA:**  This is Ron Satija, the Chapter 7

10   Trustee.  And I have no objection to chilling out on -- for 20

11   minutes, turning off my sound, turning off my microphone and

12   video and all that stuff, and letting them talk on the Zoom if

13   that's what's going to happen.  I just wanted to make sure they

14   didn't want me in it.

15          **THE COURT:**  I'll let them tell you that.

16          Okay.  So we will recess for 20 minutes.  Yeah, as

17   Mr. Satija noted, you're welcome.  Just make sure you mute

18   yourself because I don't want to transmit secret intelligence

19   on the court record but we will take a recess.  I'll be back at

20   2:00 Central Time.  Thank you-all.

21          **(Proceeding adjourned at 1:40 p.m. and reconvened at**

22   **2:00 p.m.)**

23          **THE COURT:**  This is Judge Bradley.  We're going to go

24   back on the record in ArtiusID, Inc.; Case Number 23-11107

25   [sic].  We're still here on a status hearing on Docket

 1   Number 70, Motion for Rehearing and Reconsideration.

 2        Let's -- before we do anything else, let's finish

 3   taking appearances.

 4        So I've had counsel for the Debtor and inhouse

 5   counsel for the Debtor.  I think I've heard from Mr. Satija,

 6   Mr. Binford and Mr. Conway.  Okay so that leaves a few more.

 7   Who else needs to make an appearance here?

 8        **MS. MACGREGOR:**  Just to clarify, I'm not inhouse

 9   counsel.  Meichelle MacGregor is outside counsel, Cowan

10   Liebowitz and Latman, PC.

11        **THE COURT:**  Okay, thank you.  Would you mind, could

12   you type your name into your -- if you're going to participate,

13   it would be helpful to have your name on the --

14        **MS. MACGREGOR:**  Sure.

15        **THE COURT:**  Thank you.  And I'm sorry for

16   misspeaking.  Okay so --

17        **MR. GIBBS:**  Good afternoon, Your Honor.  This is Tres

18   Gibbs.  I'm here on behalf of Collaborative Vision, LLC.  We're

19   another creditor of the Debtor in this matter.

20        And as Your Honor may have seen, we just filed

21   appearances I think late this morning.  And although we've

22   recently just been retained, my client's been actively

23   following the proceedings.  And I apologize for not making my

24   appearances earlier when you originally were taking roll.

25   Maybe we could have got an invite to the settlement conference

6

1   but yeah, I'm curious to hear the results of that meeting, Your

2   Honor.

3           **THE COURT:** Yeah, okay. No, it certainly wasn't your

4   fault so thank you.

5           Okay. Mr. Headden?

6           **MR. HEADDEN:** Yes. Good afternoon, Your Honor. Todd

7   Headden. I am potential counsel to the Chapter 7 Trustee,

8   Mr. Ron Satija.

9           **THE COURT:** Okay, thank you.

10          Okay, any other appearances?

11          **MR. CONWAY:** Your Honor, Michael Conway. I was just

12  pointing out that now two of the petitioning creditors are on,

13  David Levy (phonetic) and Kevin Goldstein.

14          **THE COURT:** Great, thank you. Good afternoon,

15  Mr. Goldstein and Mr. Levy.

16          **MR. GOLDSTEIN:** Good afternoon, Your Honor.

17          **MR. LEVY:** (inaudible).

18          **THE COURT:** Okay. Who wants to move on this, now

19  that it sounds like you-all may have something. Mr. Bloom?

20          **MR. BLOOM:** Yes, that would be me, Your Honor.

21          And first let me begin by thanking the Court for the

22  privilege of appearing pro hoc vice in what, fingers crossed,

23  may be a fairly short-lived matter from this point forward. I

24  say that because as we confirmed through the 20-minute

25  adjournment that the Court so graciously granted us, there is

1   an agreement between the Debtor and the three petitioning

2   creditors for the payment of a fixed sum of money in a single

3   payment to be placed in the trust account of one of the New

4   York counsel for all or certain of the petitioning creditors.

5   Just for the record it's Mr. Giacovas.  And I speak from

6   ignorance about the name of his firm or exactly whom he

7   represents but it was agreeable to all parties that the money

8   would go there forthwith.

9        Once that happens we think that puts two wheels in

10  motion about which we would ask the Court's indulgence.

11       The first is that under Section 303(j) of the Code, a

12  dismissal upon consent requires notice to all creditors and a

13  hearing.  And so as I didn't see anything in Bankruptcy

14  Rule 2002 about the notice period that governs that hearing --

15  and perhaps I overlooked it -- our thinking is that with the

16  Court's indulgence, we would confer about a proposed timeframe

17  and submit that to the Court as part of the stipulation and

18  consent for dismissal, requesting a hearing on some notice

19  period to be set forth.  Obviously the notice would go to

20  Mr. Gibbs in respect of his client and to any other creditors

21  whom we can identify who would be entitled to notice within the

22  scope of Section 303(j).

23       During this period, we would ask and we have the

24  consent of the petitioning creditors, to the entry of a stay of

25  the order for relief in all respects on the proviso that the

1   Debtor, during the stay period, not engage in any transfers or

2   transactions outside the ordinary course of business.

3          So the papers that we have before the Court asks for

4   a motion for stay pending expedited consideration of rehearing

5   or a stay pending appeal.  That's not what this stay is about.

6   This is simply a stay pending compliance with Section 303(j)

7   under the procedures that we'll put before the Court and ask

8   the Court to approve.

9          I don't think that there are a great many creditors

10  who would receive this notice.  As we attempted to advice the

11  Court -- and I'm not seeking to reopen old wounds or argue

12  anything -- it is our understanding from Mr. Marcot (phonetic)

13  that other than these claims that were in dispute and perhaps

14  the claim of Mr. Gibbs' client that was in dispute, our client

15  is paying all non-disputed claims in the ordinary course.  So

16  we will give the broadest notice that's possible and make a

17  showing of that notice in the 303(j) proceeding.  And for now,

18  this is what we would ask the Court to do.

19         **THE COURT:**  Thank you.  And of course the U.S.

20  Trustee needs to be involved in those.  They're not here today

21  but --

22         **MR. BLOOM:**  Sure.

23         **THE COURT:**  -- obviously.

24         Okay.  Who else wants to be heard on this?

25         Mr. Satija?

1    **MR. SATIJA:**  So far, having read the Court's order

2    setting hearing and having studied 303 a little bit more,

3    thereafter talking to my bonding and insurance people, I mean

4    so far I've got to say I'm not in favor of this.  We got no

5    list of creditors, have no idea who needs to be provided notice

6    of this case.  We have a debtor who has said that their debts

7    were disputed and yet I mean the testimony cited to by the

8    Court in its order scheduling hearing indicates those debts

9    were not really disputed.  So I've got a lot of questions here

10   before I'm willing to sign off on any kind of a procedure

11   dismissing this case.

12       **THE COURT:**  So I guess the question is -- I do want

13   to protect you, Mr. Satija.  On the other hand, you know if

14   it's really and insofar as you can represent the views of

15   creditors, if -- you certainly I think can be heard at the

16   hearing on a motion to dismiss.

17       I guess the question is in terms of your bonding, in

18   terms of your responsibilities and so on, would the stay

19   sufficiently protect you?  What I don't want to do is leave you

20   on the hook for liability or for responsibilities that you

21   can't meaningfully conduct if I grant the stay.  That said, I

22   think the stay -- to me, Mr. Bloom's proposal sounds pretty

23   reasonable.  I don't see anybody being prejudiced by it.

24       I want to hear from Mr. Gibbs for sure but, you know,

25   do you have specific concerns in terms of your exposure as the

10

1     appointed, I guess, technically, interim trustee?

2         **MR. SATIJA:** Well I mean I'm working through those

3     issues with my bonding and insurance people. I think the bond

4     is not an issue. I'm going to need I think an additional

5     insurance policy if I'm going to be the trustee of a business

6     that's going to operate for any amount of time under my

7     trusteeship or whatever the heck you call it. So you know I

8     mean there's going to be some costs, there's going to be some

9     expenses.

10         But I don't think this is about -- like my

11     consideration is not about me, you know. I mean we don't have

12     a list of creditors in this case. There's no way Your Honor

13     can make a decision that no one is prejudiced by this when we

14     don't even know who the creditors are. There may be a trade

15     creditor that's owed 800 bucks that's like, yeah, I don't want

16     that case to dismiss, I want my 800 bucks.

17         **THE COURT:** Sure.

18         **MR. SATIJA:** And it's not just -- it's not just

19     Mr. Binford's clients and it's not just the other petitioning

20     creditors. It could be anybody. We don't know. I don't think

21     we know enough to know.

22         **THE COURT:** Right. Okay. I think -- now whether

23     303(j) technically applies after an order for relief is

24     entered, I don't know but I think that to me, notwithstanding

25     my probably the longest order that's ever been entered on a

1  status hearing, I think there's at least a plausible argument

2  for vacating the motion or order for relief.

3  　　　　　I mean the 303(j) procedure, if it's engaged in, that

4  will be the relief requested.  So I gather that what Mr. Bloom

5  is asking for technically is what we'll -- I'll impose a stay.

6  　　　　　I will on the -- and that language and Mr. Bloom I'm

7  sure would be happy to work to include language that protects

8  you, Mr. Satija.  And then he would -- and then we abate

9  consideration of this other -- the motion that we're here for

10  today which is easy to do.  It's just a status hearing anyway

11  so we don't have to -- we weren't even set to decide anything

12  today on it.  And then we're just waiting for -- we're not

13  going to set this again, we're just going to wait for a

14  promised motion to dismiss pursuant to 303(j).

15  　　　　　And you know, I don't know what the U.S. Trustee is

16  going to say, I don't know what other creditors may say, I

17  don't know what you're going to say, Mr. Satija, but

18  procedurally I don't mind teeing it up that way.

19  　　　　　I mean Mr. Bloom, you might want to include, as an

20  alternative grounds on the motion for a dismissal under

21  Chapter 7, just a normal motion to dismiss Chapter 7 case.

22  　　　　　If the U.S. Trustee for instance is unhappy with

23  using 303(j), I don't know that that would matter either way.

24  I've never actually had -- I've never worked on a 303(j).  I've

25  worked on a lot of involuntary cases but never a 303(j) motion

12

1  in particular.  So you could cast your relief requested as an

2  alternative between those two.

3           **MR. BLOOM:**  Point taken, Your Honor.

4           And our view is that if, as I mentioned, as part of

5  getting us across the 303(j) finish line, the order for relief

6  is stayed in all respects, then in our view that would protect

7  Mr. Satija by discharging him from his responsibilities because

8  if there's no order for relief, or let me say if the order for

9  relief is not operative because it's been stayed, then

10 similarly he would not have any responsibilities, he would be

11 discharged temporarily pending the outcome of the 303(j)

12 dismissal proceeding.

13          **THE COURT:**  Thank you.

14          So if Mr. Satija incurs expenses that he has to incur

15 between -- you know then from I guess between the order for

16 relief and now, or if he thinks the stay doesn't protect him,

17 then that would be a grounds on which I would condition

18 dismissal on payment of those fees.

19          Mr. Bloom, you don't know Mr. Satija maybe at all.  I

20 mean I do know him well.  He's not -- you know he doesn't pad

21 fees.  He's not seeking to get a free lunch here.  So there may

22 be nothing but that would be reasonable grounds for partial

23 objection to the motion to dismiss.  The U.S. Trustee might

24 again weigh in on that but other than that, I don't see a

25 problem with this procedure but I need to hear from other

13

1    parties.  Thank you.  Thank you both.

2             Mr. Conway, you just unmuted yourself.

3             **MR. CONWAY:**  Thank you, Your Honor.  I didn't do it

4    because I wanted to speak but I will just point out that our

5    clients are happy with the fact they're getting paid.  And my

6    only concern was what you just raised which is the whole 303(j)

7    after order of relief is entered.  I think that we could

8    probably figure out a way around it and I think your suggestion

9    of an alternative ground, whatever that might be, be

10   incorporated in.  But I think we can get it done.  Otherwise,

11   I'm just listening now because I feel like our clients got what

12   they hoped to get.

13            **THE COURT:**  Thank you.  Yeah, I mean it could be

14   that --

15            **MR. CONWAY:**  Don't want to upset the apple cart.

16            **THE COURT:**  Thank you.  It could be that I don't even

17   have to decide whether 303(j) applies.  We just say the

18   dismissal is effective under both or either 303(j) and what

19   would be the other section?  11 --

20            **MR. BLOOM:**  707, Your Honor.

21            **THE COURT:**  Thank you, yeah.  1112 is what's coming

22   to mind but that's not the right chapter so thank you.  So we

23   could just say it's effective under both and then we don't have

24   any problems with appeal or anything like that.

25            Okay.  Mr. Gibbs, you've been very patient.  Thank

14

1   you.

2          **MR. GIBBS:**  Well, Your Honor, candidly, I don't mind

3   because I'm still kind of thinking through.  And obviously I'd

4   like to discuss with my client you know what we think our

5   strategy and response should be but my overarching concern is

6   that there's going to be a settlement to resolve, you know,

7   large claims to the petitioning creditors that doesn't take

8   into account the large and what I believe is an undisputed

9   claim of my client, a non-petitioning creditor.

10         So again, Your Honor, it's kind of difficult to you

11  know make -- have a strong feeling one way or the other without

12  having a chance to visit with the client and think through it a

13  little more.

14         **THE COURT:**  Okay, thank you.  Yeah so I don't think

15  anybody is interpreting your presence here or your not making

16  arguments right now as consent to anything.  But I'm going to

17  go ahead and -- so does anybody else wish to weigh in?  I'm

18  sorry, I should have said that.

19         **MR. SATIJA:**  Your Honor, may I?

20         **THE COURT:**  Please.  Yeah, please, Mr. Satija.

21         **MR. SATIJA:**  May I speak again?

22         **THE COURT:**  Yes, please.

23         **MR. SATIJA:**  Okay.  Well I have two things that I

24  wanted to explore, one of which I'm definitely going to insist

25  on.

15

1          As long as I'm a party that has standing to do

2     anything in this case -- which I don't know how much longer

3     that's going to last -- I want a list of all the creditors in

4     the case.  So I want a turnover of Debtor's books and records

5     so that I can ensure that this Section 303(j) standard of "on

6     notice to all creditors" is met.  I mean, I don't even know

7     that I have Mr. Gibbs' clients address you know so that's --

8     that part of it is troubling to me.  I just think -- I don't

9     think you can dip your toe in bankruptcy and then, you know,

10    even against your will once the order for relief is entered and

11    then jump out of it without just at least complying with those

12    procedural due process requirements for all the creditors.  For

13    all I know Mr. Gibbs' client could oppose the dismissal but I

14    don't think he's on a matrix so I don't know that he's ever

15    going to get that opportunity.

16          And then second, Your Honor had said that a stay

17    would only be entered conditioned upon payment of the Chapter 7

18    Trustee's fees.  You said "fees," you didn't mention expenses.

19    I'm hoping that you can include the expenses in there, you

20    know, and free lunch is cool too -- I'm not saying that -- but

21    you know so we're going to have to have some provision I think

22    for that in there.

23          I mean, I don't know, I'm not going to hold the Court

24    to what it said, like obviously some weird stuff has come out

25    in this case and the Court hasn't made a ruling.  I mean the

16

1   Court only set a hearing and gave us guidance.

2           So I'm comfortable with whatever the Court decides to

3   do on that front.  If the Court says, you know, "Nah, you

4   didn't distribute any money under 326, you know you don't get

5   any money or whatever," I mean I don't care about that but I am

6   still worried about the whole notice to all creditors thing.

7   So it may be -- and I bet that's what the U.S. Trustee would

8   say if they were here, although I don't speak to them and am

9   not a member of the United States Department of Justice.

10          **THE COURT:**  Okay.

11          **MR. BLOOM:**  I can respond to that one if the Court

12  would like.

13          **THE COURT:**  Yeah, please.

14          **MR. BLOOM:**  Sure.  Absolutely the intention is to

15  give notice to all creditors because that's required.  And

16  certainly we will share and prepare and share with Mr. Satija

17  that list of creditors.  So that concern is certainly well

18  founded and we intend to respond to it.

19          As to the two other points, though, first the order

20  for relief is not a final order and therefore it is subject to

21  the Court's inherent power to stay it under Rule 7062.  There's

22  a 14-day period during which it is subject to rehearing and

23  then a 14-day period during which it's subject to appeal.  So

24  during that period we are asking the Court to exercise its

25  jurisdiction, it's authority under Rule 7062 to issue a stay of

17

1    the effectiveness of the order and that stay would have the

2    effect of discharging the trustee from his responsibilities

3    temporarily.

4              Nevertheless, we will  provide him with a list of

5    creditors.  We will provide him with notice of the 303(j)

6    hearing as the petitioning creditors and the Debtor may agree

7    on and present to the Court.

8              But I think Mr. Satija may have misspoke when he

9    suggested that the Court was going to condition the stay on the

10   payment of his expenses.  We need the stay in effect today so

11   that parenthetically we can make payroll tomorrow to keep this

12   business running while we perfect this settlement.

13             And we do understand completely that as a condition

14   of any 303(j) dismissal, the Court has the right and Mr. Satija

15   has the right certainly to request that his fees and expenses

16   be covered.  He and I have had several conversations since our

17   firm was retained in this case late Friday.  They've all been

18   cordial and productive and I would expect we would continue in

19   exactly that same vein to address his concerns about his fees

20   and expenses.

21             **THE COURT:**  All right.  Thank you.

22             And Mr. Satija, I'll say too that whatever stay it is

23   would not prejudice your rights to appear and be heard.  So

24   your duties and responsibilities may be suspended but you'd

25   still have the right to be heard, is my view.

18

1          Okay.  Does anyone else want to weigh in on this at

2     this time?

3          Okay well --

4          **MR. SATIJA:**  If I may say one --

5          **THE COURT:**  Yeah, please.

6          **MR. SATIJA:**  If I may say one final thing, Your

7     Honor?

8          If the order can be circulated to me for review?

9          **THE COURT:**  Can be circulated to do what?

10         **MR. SATIJA:**  I don't know who's preparing the order

11    but I just want to take a look at it.

12         **THE COURT:**  Yeah, please, yeah, please circulate

13    it --

14         **MR. BLOOM:**  Most definitely.

15         **THE COURT:**  -- to Mr. Satija and again to the United

16    States Trustee as well who now may feel like they're coming

17    from behind.  But hopefully Mr. Satija and Mr. Binford and

18    others who -- and Mr. Headden who can be in touch with that

19    office easily may be able to fill them in.

20         Yeah, I mean look, I think it's a really complicated

21    situation.  Obviously procedurally I think this is an admirable

22    way of working through it.  I appreciate you-all's work on

23    that.

24         Mr. Bloom, I appreciate your kind of thoughtful and

25    deliberate way of approaching this.  You did a good job.  Yeah,

19

1    it's obviously procedurally a very tricky one.

2              **MR. BLOOM:**  Thank you, Your Honor.

3              **THE COURT:**  So we will -- okay so I'm going to be --

4    we have to make sure we get the order on the docket correctly.

5              So we're going to just leave this motion.  We're

6    going to abate the hearing on this motion.  Is the courtroom

7    deputy amenable to that way of putting it?  Okay.

8              And then we're going to wait for an order staying the

9    effectiveness of the order for relief in all respects, frankly

10   with the exceptions that we've already talked about which I

11   don't think necessarily need to be in the order but if you-all

12   can find language to put them in, go ahead and put them in but

13   otherwise it's on the record and that's what we're intending by

14   this in terms of the trustee's role and so he has the right to

15   appear and his -- the reasonable fees and expenses that he's

16   incurred will be considered at any 303(j) or 707 hearing.  But

17   he has no responsibilities as to act as Chapter 7 Trustee as

18   soon as that stay is entered which it will be shortly which I

19   want that just as -- I think that's important to provide

20   comfort in that way.

21             And then the question is to put notice and then we'll

22   wait for you-all's motion to dismiss the case and motion to

23   expedite the motion to dismiss the case.  And as long as you

24   know it's got to -- again, this may be a U.S. Trustee

25   conversation too.  Just we've got to make sure that notice is

1 reasonable to the creditors.  I don't know what that means here

2 because I really don't know what the creditor body looks like

3 here.

4          And then it sounds like maybe Mr. Gibbs' client is

5 going to be the biggest hindrance to this.  So again, I don't

6 know anything about those claims, I don't know the size of

7 them, I don't know the degree of contestedness but obviously I

8 would urge you-all to work something out there too.

9          You know, maybe it cost the Debtor a little bit but

10 that's the difficulty of putting the genie back in the bottle.

11 So again, I'm not trying to prejudice anything, I just don't

12 know what it is but I think clearly it would be nice if you-all

13 could have some conversations about that.

14          In terms of our schedule, we're pretty you know I

15 think -- I don't think this is going to be a super lengthy

16 hearing hopefully so I think we have some flexibility next week

17 in terms of scheduling so we should be able to fit you in.  We

18 don't have a self-scheduling capacity like a lot of districts

19 do so I apologize for that for those of you who are from other

20 districts and you may be used to that but we are responsive on

21 scheduling and we'll be able to get you in.  We're around and

22 ready to go next week.  Okay?

23          **MR. BLOOM:**  Thank you, Your Honor.  We will settle an

24 order and submit it as quickly as possible.  It will be a

25 simple order just saying upon consideration, referring to the

1    record, and then setting forth these basic and essential terms.

2          What we need to work out with the petitioning

3    creditors is the list of creditors to be noticed.  The trustee

4    will be involved in that and that also, the notice period,

5    prior to the hearing to which the Court just referred.

6          **THE COURT:**  Okay.  Does anyone else need to be heard

7    at this time?

8        (No audible response)

9          Okay.  Again, I just want to thank you-all.  I think

10   this is excellent work.  And Mr. Bloom, your colleagues have

11   not been around for this whole case.  It's been quite a path

12   that it has been down and you could tell and I really

13   appreciate all this work and I'm hopeful that -- hopefully this

14   will be a good outcome for the Debtor and for the parties in

15   interest.

16          So thank you-all.  We're adjourned.

17        **(Proceeding adjourned at 2:25 p.m.)**

18

19

20

21

22

23

24

25

22

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    **August 6, 2024**

            Signed                                              Dated


            *TONI HUDSON, TRANSCRIBER*