EXHIBIT H

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 12:40 PM
**To:** Bloom, Mark; Jason Binford; Ron Satija; Michael Conway; Tobin, Shane P. (USTP)
**Cc:** Burch, Alexander
**Subject:** [EXTERNAL] RE: artiusi.D - Status Conference Transcript
**Attachments:** Artius Order Abating (Redline 8.7.24) .docx

All,

The transcript helped clear some of the points and I think that a further call is unnecessary. I have taken the first crack at making small clarifying edits to the proposed order. First off, for the sake of readability, I accepted all pending edits from the version that Mark sent earlier and resaved with today's date. All edits are in light of the transcript and explained below:

1) I removed any reference to any section under which the creditors/debtors will pursue dismissal of the case. You pitched 303 and Judge Bradley wondered if it should be under 707. Given that, I don't think Bradley ordered dismissal pursuant to section 303(j) as proposed in the order and this does not foreclose the Debtor's ability to seek dismissal under either section. (I understand it is prepared to proceed under each in the alternative, so this isn't a real change).
2) Clarified that the Order for Relief is stayed except as stated on the record, which I think tracks Judge Bradley's language more closely.
3) Added provision that plaintiff's/creditor's counsel shall retain the settlement proceeds until further order of the court or dismissal of the bankruptcy. I'm sure this matches the parties expectations and understanding, but puts it in writing.
4) Any other edits are for consistency, etc.

Please advise if the attached is acceptable. Thank you again to all for working through this oddly postured case.

Regards,



Todd

*Todd Headden*
Attorney & Counselor
**Hayward PLLC**
theadden@haywardfirm.com
737.881.7104 (Direct/Fax)

**Web:**   www.HaywardFirm.com

**AUSTIN:**  7600 BURNET ROAD, STE. 530
AUSTIN, TEXAS 78757
MAIN/FAX: (737) 881-7100

**DALLAS:**  10501 N. CENTRAL EXPY., STE. 106
DALLAS, TEXAS 75231
MAIN/FAX: (972) 755-7100

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 10:24 AM
**To:** Jason Binford <jason.binford@rsbfirm.com>; Ron Satija <rsatija@satijatrustee.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden <theadden@haywardfirm.com>
**Cc:** Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: artiusi.D - Status Conference Transcript

Good morning All.
With appreciation to Jason for expediting its delivery, I've now reviewed the transcript and believe that it entirely supports the proposed form of Order on which he and I have agreed.  I attach a copy of that draft Order for ease of reference (same version as sent previously), and call your attention in particular to Judge Bradley's pronouncements at page 19, lines 5-20.
I also regret to report a flight delay and likely missed connection today that may require me to reschedule our call set for $:30 CDT this afternoon.  I will keep everyone informed if I need to change, but based on the transcript I would suggest that the attached form of Order is faithful to the August 1 proceedings and Judge Bradley's disposition and so no call may be necessary.  If you are in agreement, kindly advise so that we may accept all the track changes and upload by end of day.
In terms of compliance with that Order, our client has accepted its terms and is compiling a creditor matrix to be submitted under penalty of perjury, along with the financial information to submit to Shane.  I am working on a draft Consent Stipulation and Motion to proceed as provided in the proposed form of Order.
Thank you all for your cooperation in advancing this process.

---

**From:** Jason Binford <jason.binford@rsbfirm.com>
**Sent:** Tuesday, August 6, 2024 7:30 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>; Ron Satija <rsatija@satijatrustee.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden (theadden@haywardfirm.com) <theadden@haywardfirm.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: artiusi.D - Status Conference Transcript

Attached is a copy of the 8/1 status conference transcript.


**Jason Binford**
Shareholder

# ROSS, SMITH & BINFORD, PC
Bankruptcy Solutions + Mediation Services
2901 Via Fortuna, Bldg. 6, Suite 450
Austin, TX 78746
**Tel** 512.351.4778    **Email** jason.binford@rsbfirm.com

Website | vCard | LinkedIn

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Tuesday, August 6, 2024 2:04 PM
**To:** Ron Satija <rsatija@satijatrustee.com>; Jason Binford <jason.binford@rsbfirm.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden (theadden@haywardfirm.com) <theadden@haywardfirm.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** Re: artiusi.D followup call on draft Order from Status Conference

Just where is your needle, Ron?  Surely you don't deny that the Judge agreed to enter the stay and discharge you of responsibility for estate assets during the pendency of that stay.  Respectfully, that announcement on the record puts you in the back seat or outside the car entirely, not asking to see a map so that you can drive it.

In deference to your desire to see a transcript I will schedule another call for late tomorrow afternoon.  You should keep in mind, however, that the additional features you and the USTrustee have requested for inclusion in the proposed Order go well beyond anything that you will find in that transcript.  We have agreed to all or substantially all of those requests in an effort to submit an Order promptly on a simple and straightforward status conference at which we announced and the Judge accepted our intention to proceed in the manner spelled out by the Bankruptcy Code and Rules, but we do not have infinite patience to negotiate with you over points that have been addressed and to which you and Todd offered no objection in the original draft order presented.

**From:** Ron Satija <rsatija@satijatrustee.com>
**Sent:** Tuesday, August 6, 2024 2:51:56 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>; jason.binford@rsbfirm.com <jason.binford@rsbfirm.com>; Michael Conway <mconway@lpgmlaw.com>; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Todd Headden (theadden@haywardfirm.com) <theadden@haywardfirm.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: artiusi.D followup call on draft Order from Status Conference

All: this call is not useful for me until we get the transcript tomorrow. The needle has not moved for me since yesterday's call.
Ron

Ron Satija
U.S. Bankruptcy Trustee
P.O. Box 660208
Austin, TX 78766-7208
(737) 881-7102

-----Original Appointment-----
**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Tuesday, August 6, 2024 8:37 AM
**To:** Bloom, Mark; jason.binford@rsbfirm.com; Michael Conway; Tobin, Shane P. (USTP); Todd Headden

([theadden@haywardfirm.com](mailto:theadden@haywardfirm.com)); Ron Satija; Burch, Alexander
**Subject:** artiusi.D followup call on draft Order from Status Conference
**When:** Tuesday, August 6, 2024 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://bakermckenzie.zoom.us/j/92032819050?pwd=NavMy1AAkIxbV7jRa3dDUrNOpuJObr.1

Mark Bloom is inviting you to a scheduled Zoom meeting.

To join a Zoom meeting from a Laptop / Mobile Phone please click here:

Meeting URL: https://bakermckenzie.zoom.us/j/92032819050?pwd=NavMy1AAkIxbV7jRa3dDUrNOpuJObr.1

Meeting ID: 920 3281 9050

Password:507324

 ## Join by Telephone

Mobile Phone one-tap:
**US:**
+13017158592,,92032819050#
+13126266799,,92032819050#

Dial:
**US:**
+1 301 715 8592
+1 312 626 6799
+1 929 205 6099
+1 253 215 8782
+1 346 248 7799
+1 669 900 6833
833 928 4609 (Toll Free)
833 928 4610 (Toll Free)
877 853 5257 (Toll Free)
888 475 4499 (Toll Free)
833 548 0276 (Toll Free)
833 548 0282 (Toll Free)
833 928 4608 (Toll Free)

Meeting ID: 920 3281 9050

Password:507324

Find Your Local Number Here

 ## Join from a Video Conference room system

Join by SIP: 92032819050@zoomcrc.com

| Join by H323: | 162.255.37.11 (US West) |
|---|---|
| | 162.255.36.11 (US East) |
| | 221.122.88.195 (Mainland China) |
| | 115.114.131.7 (India Mumbai) |
| | 115.114.115.7 (India Hyderabad) |
| | 213.19.144.110 (Amsterdam Netherlands) |
| | 213.244.140.110 (Germany) |
| | 103.122.166.55 (Australia Sydney) |
| | 103.122.167.55 (Australia Melbourne) |
| | 209.9.211.110 (Hong Kong SAR) |
| | 149.137.40.110 (Singapore) |
| | 64.211.144.160 (Brazil) |
| | 159.124.132.243 (Mexico) |
| | 159.124.168.213 (Canada Toronto) |
| | 65.39.152.160 (Canada Vancouver) |
| | 207.226.132.110 (Japan Tokyo) |
| | 149.137.24.110 (Japan Osaka) |

Meeting ID: 920 3281 9050

Password:507324

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,
GRANTING STAY OF ORDER FOR RELIEF PENDING EXPEDITED HEARING ON
CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,
<u>AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL</u>**

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024

(the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for*

*Rehearing of the Order for Relief* [ECF No. 74]. As referenced in that Order, the Debtor's *Motion*

*for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief*

*Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal. The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed procedures as set forth on the record and below are reasonable and calculated to avoid prejudice to the interests of all parties in interest. Accordingly, it is

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Within seven (7) days of the entry of this order, ~~Pursuant to section 303(j) of the Bankruptcy Code,~~ the Debtor and Petitioning Creditors shall ~~promptly (within 7 days of entry of this order)~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion")~~, and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.~~

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning Creditors shall comply with this Court's rules regarding service and negative notice period in respect of the Dismissal Motion~~s~~. In connection with that Motion, the Debtor

2

shall identify all known creditors, whether their claims are contingent, disputed, or unliquidated, and file, under penalty of perjury, a matrix identifying the creditors by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and any notice of hearing upon all creditors and interested parties, including the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same.

3.  Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

    a.  The Order for Relief be and hereby is **STAYED IN ALL RESPECTS excepted as stated on the record**, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

    b.  Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated in the record and subject to further order of the Court; and

    c.  All proceedings on the Motion for Rehearing are hereby **ABATED.**

    4.d. Notwithstanding the entry of the Stay as set forth in the preceding paragraphabove, the Chapter 7 Trustee shall have the right to appear and be heard in respect of the Dismissal Motion and any other matter, and to seek the allowance and payment of Trustee fees and expenses.

    > Formatted

3

5.4. The Debtor shall submit the following cash flow reports to the U.S. Trustee:

    a.   On a a one-time basis, a recent cash flow statement covering a six-month period prior to July 24, 2024; and

    b.   On a bi-weekly basis commencing on July 24, 2024, to be filed within [ ] days from the close of each such period pending further Order of the Court.

5. The Dismissal Motion also will present the settlement between the Debtor and i Petitioning Creditors to the Court for approval in accordance with Bankruptcy Rule 9019.

6.   The New York litigation counsel for petitioning creditors shall not distribute the any settlement proceeds prior to dismissal of the bankruptcy or further order of this Court. money.

7.   For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

###

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor

4

**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID

| | |
|---|---|
| **From:** | Bloom, Mark |
| **Sent:** | Wednesday, August 7, 2024 3:17 PM |
| **To:** | Todd Headden (theadden@haywardfirm.com) |
| **Cc:** | jason.binford@rsbfirm.com; Tobin, Shane P. (USTP); Ron Satija; Burch, Alexander |
| **Subject:** | Artius Order Abating (Redline 8.7.24)_.docx |
| **Attachments:** | Artius Order Abating (Redline 8.7.24)_.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Todd -- With appreciation for your edits, please find attached a few of my own with explanatory comments thereon.  I do not believe any of them to be controversial, so perhaps rather than an all-hands call you can reach out to me to discuss any concerns you may have.  I should be available after 3:45 CDT on my mobile number at 305 776-2001, and look forward to resolving these final non-substantive nits so that we can submit the proposed Order to the Court tomorrow.
Thanks again.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,
GRANTING STAY OF ORDER FOR RELIEF PENDING ~~EXPEDITED
HEARING~~ RULING ON CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,
AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL**

> **Commented [BM1]:** Change only because of intent to use negative notice procedures as referenced in paragraph 2, such that hearing may not be necessary.

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024

(the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for*

*Rehearing of the Order for Relief* [ECF No. 74].  As referenced in that Order, the Debtor's *Motion*

*for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief*

*Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal.  The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed procedures as set forth on the record and below are reasonable and calculated to avoid prejudice to the interests of all parties in interest.  Accordingly, it is

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Within seven (7) days of the entry of this order, ~~Pursuant to section 303(j) of the Bankruptcy Code,~~ the Debtor and Petitioning Creditors shall ~~promptly (within 7 days of entry of this order)~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion") under section 303(j) and/or 707 of the Bankruptcy Code, 11 U.S.C. §§303(j), 707 as the Court may determine to be applicable. ~~and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.~~

   > **Commented [BM2]:** Restoring reference to these provisions to make clear Judge's suggestion that we address both.

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning

Creditors shall comply with this Court's rules regarding service and negative notice period in respect of the Dismissal Motions. In connection with that Motion, the Debtor shall identify all known creditors, whether their claims are contingent, disputed, or unliquidated, and file, under penalty of perjury, a matrix identifying the creditors by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and any notice of hearing upon all creditors and interested parties, including the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same.

3.  Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

   a.  The Order for Relief be and hereby is **STAYED IN ALL RESPECTS** excepted as stated on the record, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

   > **Formatted:** Highlight

   > **Commented [BM3]:** This language is way too vague for me. I do not recall any such exceptions, and if there were any we should specify them. If renumbered 3d is the exception to which you refer, then let's substitute here in 3a "except as expressly provided in this Order" so as to create certainty here.

   b.  Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated in on the record at the Status Conference and subject to further order of the Court; and

   c.  All proceedings on the Motion for Rehearing are hereby **ABATED.**

   4.d. Notwithstanding the entry of the Stay as set forth in the preceding paragraph above, the Chapter 7 Trustee shall have the right to appear and be heard

   > **Formatted**

3

in respect of the Dismissal Motion and any other matter, and to seek the allowance and payment of ~~Trustee~~ reasonable fees and expenses.

> **Commented [BM4]:** Judge's language in transcript, p. 19, l. 15.

~~5.~~4. The Debtor shall submit the following cash flow reports to the U.S. Trustee:

a. On~~a~~ a one-time basis, a recent cash flow statement covering a six-month period prior to July 24, 2024; and

b. On a bi-weekly basis commencing on July 24, 2024, to be ~~filed~~ submitted within 7[ ] days from the close of each such period pending further Order of the Court.

> **Commented [BM5]:** Proposing 7 days here.

5. The Dismissal Motion also will present the settlement between the Debtor and ~~i~~ Petitioning Creditors to the Court for approval in accordance with Bankruptcy Rule 9019.

6. ~~The~~ New York litigation counsel for ~~p~~Petitioning ~~c~~Creditors shall not distribute ~~the~~any settlement proceeds prior to the entry of an further order from this Court dismissing this involuntary case, which order has become final and is no longer subject to rehearing or appeal. ~~dismissal of the bankruptcy or further order of this Court.~~ ~~money.~~

> **Commented [BM6]:** Change to reflect terms of agreement between Debtor and Petitioning Creditors.

7. For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

###

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002

Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID

5

| | |
|---|---|
| **From:** | Todd Headden <theadden@haywardfirm.com> |
| **Sent:** | Wednesday, August 7, 2024 7:34 PM |
| **To:** | Bloom, Mark |
| **Cc:** | jason.binford@rsbfirm.com; Tobin, Shane P. (USTP); Ron Satija; Burch, Alexander |
| **Subject:** | [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx |
| **Attachments:** | Artius Order Abating (Redline 8.7.24)_v.3.docx |

Mark,

My apologies, but I am not following where in this order the below language would go, please add them to the attached and circulate.

Regarding the language in 3(a), we were trying to mirror Judge Bradley's language, but concur that we have collectively captured the language of the transcript. The attached slight revision tries to marry those two.

Regards,
Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 5:16 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Brain typo:  of course I mean "303(b) Order" below, and not "363(b) Order."  Sorry for inconvenience.

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 6:06 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Thanks Todd.  One further non-substantive change offered for purposes of clarity:  As the Order we hope the Court will enter in the future dismissing the case will be best referred to in any further proceedings as a Dismissal Order, I'd like to change the defined term in this Order to "363(b) Order" as the Opinion and Order to which it refers addressed the Motion to Dismiss under 363(b).  All other defined terms would remain the same.
Any issue with that edit?

---

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 5:50 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

Thanks for those edits. I have turned my comment to Ron for his consideration and hope to have this finalized tonight.

Regards,
Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 2:17 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** Artius Order Abating (Redline 8.7.24)_.docx

Todd -- With appreciation for your edits, please find attached a few of my own with explanatory comments thereon.  I do not believe any of them to be controversial, so perhaps rather than an all-hands call you can reach out to me to discuss any concerns you may have.  I should be available after 3:45 CDT on my mobile number at 305 776-2001, and look forward to resolving these final non-substantive nits so that we can submit the proposed Order to the Court tomorrow.
Thanks again.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,**
**GRANTING STAY OF ORDER FOR RELIEF PENDING ~~EXPEDITED~~**
**~~HEARING~~RULING ON CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,**
**AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL**

> **Commented [BM1]:** Change only because of intent to use negative notice procedures as referenced in paragraph 2, such that hearing may not be necessary.

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024

(the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for*

*Rehearing of the Order for Relief* [ECF No. 74].  As referenced in that Order, the Debtor's *Motion*

*for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief*

*Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal. The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed procedures as set forth on the record and below are reasonable and calculated to avoid prejudice to the interests of all parties in interest. Accordingly, it is

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Within seven (7) days of the entry of this order, ~~Pursuant to section 303(j) of the Bankruptcy Code,~~ the Debtor and Petitioning Creditors shall ~~promptly (within 7 days of entry of this order)~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion") under section 303(j) and/or 707 of the Bankruptcy Code, 11 U.S.C. §§303(j), 707 as the Court may determine to be applicable. ~~and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.~~

   > **Commented [BM2]:** Restoring reference to these provisions to make clear Judge's suggestion that we address both.

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning

Creditors shall comply with this Court's rules regarding service and negative notice period in respect of the Dismissal Motions. In connection with that Motion, the Debtor shall identify all known creditors, whether their claims are contingent, disputed, or unliquidated, and file, under penalty of perjury, a matrix identifying the creditors by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and any notice of hearing upon all creditors and interested parties, including the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same.

3.  Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

   a.  The Order for Relief be and hereby is **STAYED IN ALL RESPECTS** except as stated on the record and expressly provided for in this Order, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

   > **Formatted:** Highlight

   > **Commented [BM3]:** This language is way too vague for me. I do not recall any such exceptions, and if there were any we should specify them. If renumbered 3d is the exception to which you refer, then let's substitute here in 3a "except as expressly provided in this Order" so as to create certainty here.

   b.  Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated in on the record at the Status Conference and subject to further order of the Court; and

   c.  All proceedings on the Motion for Rehearing are hereby **ABATED.**

   4.d. Notwithstanding the entry of the Stay as set forth in the preceding paragraph above, the Chapter 7 Trustee shall have the right to appear and be heard

   > **Formatted**

in respect of the Dismissal Motion and any other matter, and to seek the allowance and payment of ~~Trustee~~ reasonable fees and expenses.

> **Commented [BM4]:** Judge's language in transcript, p. 19, l. 15.

~~5.~~4. The Debtor shall submit the following cash flow reports to the U.S. Trustee:

    a.  On~~a~~ a one-time basis, a recent cash flow statement covering a six-month period prior to July 24, 2024; and

    b.  On a bi-weekly basis commencing on July 24, 2024, to be ~~filed~~ submitted within 7[[]] days from the close of each such period pending further Order of the Court.

> **Commented [BM5]:** Proposing 7 days here.

5.  The Dismissal Motion also will present the settlement between the Debtor and ~~i~~ Petitioning Creditors to the Court for approval in accordance with Bankruptcy Rule 9019.

6.  ~~The~~ New York litigation counsel for ~~p~~Petitioning ~~c~~Creditors shall not distribute ~~the~~any settlement proceeds prior to the entry of an further order from this Court dismissing this involuntary case, which order has become final and is no longer subject to rehearing or appeal.  ~~dismissal of the bankruptcy or further order of this Court.~~ ~~money.~~

> **Commented [BM6]:** Change to reflect terms of agreement between Debtor and Petitioning Creditors.

7.  For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

###

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002

4

Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID

**Fontanez, Maribel**

| | |
|---|---|
| **From:** | Bloom, Mark |
| **Sent:** | Wednesday, August 7, 2024 7:48 PM |
| **To:** | Todd Headden |
| **Cc:** | jason.binford@rsbfirm.com; Tobin, Shane P. (USTP); Ron Satija; Burch, Alexander; Fontanez, Maribel |
| **Subject:** | RE: Artius Order Abating (Redline 8.7.24)_.docx |
| **Attachments:** | Artius Order Abating (Redline 8.7.24)_v.3.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

New 3a language looks fine to me. Two questions before I ask @Maribel Fontanez to accept all changes, delete the track change comments, and submit in the morning:

- Am I correct that your only change is to that paragraph 3a, or have I overlooked something else?
- In light of how helpful the transcript was to getting us all aligned here I think we should file it with the Court. Any reason I should not proceed to file it under a Notice of Filing, or is there another procedure under local rule and practice?

Thanks again for helping us get to the finish line (I think).

---

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 7:34 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

My apologies, but I am not following where in this order the below language would go, please add them to the attached and circulate.

Regarding the language in 3(a), we were trying to mirror Judge Bradley's language, but concur that we have collectively captured the language of the transcript. The attached slight revision tries to marry those two.

Regards,
Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 5:16 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Brain typo: of course I mean "303(b) Order" below, and not "363(b) Order." Sorry for inconvenience.

1

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 6:06 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Thanks Todd.  One further non-substantive change offered for purposes of clarity:  As the Order we hope the Court will enter in the future dismissing the case will be best referred to in any further proceedings as a Dismissal Order, I'd like to change the defined term in this Order to "363(b) Order" as the Opinion and Order to which it refers addressed the Motion to Dismiss under 363(b).  All other defined terms would remain the same.
Any issue with that edit?

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 5:50 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

Thanks for those edits. I have turned my comment to Ron for his consideration and hope to have this finalized tonight.

Regards,
Todd

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 2:17 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** Artius Order Abating (Redline 8.7.24)_.docx

Todd -- With appreciation for your edits, please find attached a few of my own with explanatory comments thereon.  I do not believe any of them to be controversial, so perhaps rather than an all-hands call you can reach out to me to discuss any concerns you may have.  I should be available after 3:45 CDT on my mobile number at 305 776-2001, and look forward to resolving these final non-substantive nits so that we can submit the proposed Order to the Court tomorrow.
Thanks again.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-11007-cgb** |
| | § | |
| **ARTIUSID, INC.,** | § | **Chapter 7** |
| | § | |
| **Alleged Debtor.** | § | |

**ORDER ABATING PROCEEDINGS ON DEBTOR'S MOTION FOR REHEARING,
GRANTING STAY OF ORDER FOR RELIEF PENDING ~~EXPEDITED
HEARING~~RULING ON CONSENSUAL DISMISSAL OF INVOLUNTARY CASE,
AND SETTING PROCEDURES FOR APPROVAL OF DISMISSAL**

**Commented [BM1]:** Change only because of intent to use negative notice procedures as referenced in paragraph 2, such that hearing may not be necessary.

THIS MATTER came before the Court for Status Conference on Thursday, August 1, 2024

(the "Status Conference"), pursuant to the Court's *Order Setting Status Conference on Motion for*

*Rehearing of the Order for Relief* [ECF No. 74].  As referenced in that Order, the Debtor's *Motion*

*for Rehearing, Etc.* [ECF No. 70] (the "Motion for Rehearing") was directed to the *Order for Relief*

*Under Chapter 7* [ECF No. 62] (the "Order for Relief") entered by the Court on July 24, 2024,

following the entry of its *Opinion on Motion to Dismiss Involuntary Case* [ECF No. 60] and *Order Denying Motion to Dismiss* [ECF No. 61] on July 23 and 24, 2024, respectively.

At the Status Conference, counsel for the Debtor and Petitioning Creditors announced the terms of a settlement pursuant to which the Involuntary Petition [ECF No. 1] shall be dismissed by consent upon payment of an agreed sum to the trust account of New York litigation counsel for the Petitioning Creditors, subject to compliance with the procedures set forth in section 303(j) of the Bankruptcy Code, 11 U.S.C. §303(j), and to a stay of the Order for Relief pending such compliance and dismissal. The Court having heard from counsel for the Debtor, Petitioning Creditors, the Chapter 7 Trustee and other parties in interest on the record at the Status Conference, and otherwise being duly advised in the premises, finds and determines that the proposed procedures as set forth on the record and below are reasonable and calculated to avoid prejudice to the interests of all parties in interest. Accordingly, it is

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Within seven (7) days of the entry of this order, ~~Pursuant to section 303(j) of the Bankruptcy Code,~~ the Debtor and Petitioning Creditors shall ~~promptly (within 7 days of entry of this order)~~ file a stipulation and/or joint motion setting forth their consent to the dismissal of the Involuntary Petition (the "Dismissal Motion") under section 303(j) and/or 707 of the Bankruptcy Code, 11 U.S.C. §§303(j), 707 as the Court may determine to be applicable. ~~and, if appropriate, under section 707 of the Bankruptcy Code, 11 U.S.C. §707, the terms of such dismissal, and the proposed procedures for notice and hearing in respect of that disposition.~~

> **Commented [BM2]:** Restoring reference to these provisions to make clear Judge's suggestion that we address both.

2. Pursuant to Local Rules 9013 and 9014 of this Court, the Debtor and Petitioning

Creditors shall comply with this Court's rules regarding service and negative notice period in respect of the Dismissal Motions. In connection with that Motion, the Debtor shall identify all known creditors, whether their claims are contingent, disputed, or unliquidated, and file, under penalty of perjury, a matrix identifying the creditors by name and last known address. The Debtor shall serve the Dismissal Motion and attachments and any notice of hearing upon all creditors and interested parties, including the Chapter 7 Trustee and the United States Trustee, and file a certificate of service of same.

3.  Pending a final disposition of the Dismissal Motion at the hearing to be scheduled as set forth above:

a.  The Order for Relief be and hereby is **STAYED IN ALL RESPECTS** except as stated on the record and expressly provided for in this Order, upon the condition that during the period of such stay the Debtor shall make no transfers or dispositions of assets outside the ordinary course of its business;

> **Formatted:** Highlight

> **Commented [BM3]:** This language is way too vague for me. I do not recall any such exceptions, and if there were any we should specify them. If renumbered 3d is the exception to which you refer, then let's substitute here in 3a "except as expressly provided in this Order" so as to create certainty here.

b.  Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated in on the record at the Status Conference and subject to further order of the Court; and

c.  All proceedings on the Motion for Rehearing are hereby **ABATED.**

4.d.  Notwithstanding the entry of the Stay as set forth in the preceding paragraph above, the Chapter 7 Trustee shall have the right to appear and be heard

> **Formatted**

3

in respect of the Dismissal Motion and any other matter, and to seek the allowance and payment of ~~Trustee~~ reasonable fees and expenses.

> **Commented [BM4]:** Judge's language in transcript, p. 19, l. 15.

~~5.~~4. The Debtor shall submit the following cash flow reports to the U.S. Trustee:

   a. On~~a~~ a one-time basis, a recent cash flow statement covering a six-month period prior to July 24, 2024; and

   b. On a bi-weekly basis commencing on July 24, 2024, to be ~~filed~~ submitted within 7[_] days from the close of each such period pending further Order of the Court.

> **Commented [BM5]:** Proposing 7 days here.

5. The Dismissal Motion also will present the settlement between the Debtor and ~~i~~ Petitioning Creditors to the Court for approval in accordance with Bankruptcy Rule 9019.

6. ~~The~~ New York litigation counsel for ~~p~~Petitioning ~~c~~Creditors shall not distribute ~~the~~any settlement proceeds prior to the entry of an further order from this Court dismissing this involuntary case, which order has become final and is no longer subject to rehearing or appeal. ~~dismissal of the bankruptcy or further order of this Court.~~ ~~money.~~

> **Commented [BM6]:** Change to reflect terms of agreement between Debtor and Petitioning Creditors.

7. For avoidance of doubt, the relief set forth in this Order is effective immediately as of the Status Conference.

### 

Submitted by:

Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002

4

Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

Counsel for Debtor ArtuisID

5

**Fontanez, Maribel**

---

| | |
|---|---|
| **From:** | Bloom, Mark |
| **Sent:** | Wednesday, August 7, 2024 7:56 PM |
| **To:** | Todd Headden |
| **Cc:** | jason.binford@rsbfirm.com; Tobin, Shane P. (USTP); Ron Satija; Burch, Alexander; Fontanez, Maribel |
| **Subject:** | RE: Artius Order Abating (Redline 8.7.24)_.docx |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

So glad to hear that your paralegal travels so well while rest of us grind away at our desks!
With appreciation, I ask my paralegal @Maribel Fontanez (hard at work in Miami) kindly to accept all
changes, delete track change comments as resolved, and then upload with Court, notifying the Court
by whatever means are required under the Local Rules that the form and content have been agreed
upon by Debtor, Petitioning Creditors, Trustee and US Trustee.
Thanks again to all.

---

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 7:53 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija
<rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>; Fontanez, Maribel
<Maribel.Fontanez@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

That was my only change on this last back and forth.

Regarding the transcript, that one is outside of my balliwick and my paralegal is in Fiji.

Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 6:48 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija
<rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>; Fontanez, Maribel
<Maribel.Fontanez@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

New 3a language looks fine to me.  Two questions before I ask @Maribel Fontanez to accept all
changes, delete the track change comments, and submit in the morning:
- Am I correct that your only change is to that paragraph 3a, or have I overlooked something
  else?
- In light of how helpful the transcript was to getting us all aligned here I think we should file it
  with the Court.  Any reason I should not proceed to file it under a Notice of Filing, or is there
  another procedure under local rule and practice?

Thanks again for helping us get to the finish line (I think).

---

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 7:34 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

My apologies, but I am not following where in this order the below language would go, please add them to the attached and circulate.

Regarding the language in 3(a), we were trying to mirror Judge Bradley's language, but concur that we have collectively captured the language of the transcript. The attached slight revision tries to marry those two.

Regards,
Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 5:16 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Brain typo:  of course I mean "303(b) Order" below, and not "363(b) Order."  Sorry for inconvenience.

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 6:06 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** RE: Artius Order Abating (Redline 8.7.24)_.docx

Thanks Todd.  One further non-substantive change offered for purposes of clarity:  As the Order we hope the Court will enter in the future dismissing the case will be best referred to in any further proceedings as a Dismissal Order, I'd like to change the defined term in this Order to "363(b) Order" as the Opinion and Order to which it refers addressed the Motion to Dismiss under 363(b).  All other defined terms would remain the same.
Any issue with that edit?

---

**From:** Todd Headden <theadden@haywardfirm.com>
**Sent:** Wednesday, August 7, 2024 5:50 PM
**To:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Artius Order Abating (Redline 8.7.24)_.docx

Mark,

Thanks for those edits. I have turned my comment to Ron for his consideration and hope to have this finalized tonight.

Regards,
Todd

---

**From:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Sent:** Wednesday, August 7, 2024 2:17 PM
**To:** Todd Headden <theadden@haywardfirm.com>
**Cc:** jason.binford@rsbfirm.com; Tobin, Shane P. (USTP) <Shane.P.Tobin@usdoj.gov>; Ron Satija <rsatija@satijatrustee.com>; Burch, Alexander <Alexander.Burch@bakermckenzie.com>
**Subject:** Artius Order Abating (Redline 8.7.24)_.docx

Todd -- With appreciation for your edits, please find attached a few of my own with explanatory comments thereon.  I do not believe any of them to be controversial, so perhaps rather than an all-hands call you can reach out to me to discuss any concerns you may have.  I should be available after 3:45 CDT on my mobile number at 305 776-2001, and look forward to resolving these final non-substantive nits so that we can submit the proposed Order to the Court tomorrow.
Thanks again.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.