IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-11007-cgb |
| ARTIUSID, INC., | § | |
| | § | Chapter 7 |
| Alleged Debtor. | § | |

**ALLEGED DEBTOR'S LIMITED OBJECTION TO APPLICATION FOR RETENTION
OF HAYWARD PLLC AS COUNSEL FOR THE CHAPTER 7 TRUSTEE
PURSUANT TO 11 U.S.C. §327(a), AND RESERVATION OF RIGHTS**

Alleged Debtor, artius.iD, Inc. ("**Artius**"), by and through undersigned counsel and pursuant to Local Rule 9014(b)(1) of this Court, hereby files this Limited Objection and Reservation of Rights to the *Application for Retention of Hayward PLLC as Counsel for the Chapter 7 Trustee Pursuant to 11 U.S.C. §327(a)* [Doc. No. 95] (the "**Hayward Application**") filed by Ron Satija, the appointed Chapter 7 Trustee (the "**Trustee**" or "**Mr. Satija**"), and relies upon the following facts and substantial matters of law.

**Preliminary Statement**

1. Artius does not object to the effort by Mr. Satija to retain his own law firm, nor any other firm, to represent him as counsel in this case in his *limited* capacity as Trustee. Accordingly, this Limited Objection is directed to the unduly and inappropriately broad scope of the proposed engagement that is fundamentally at odds with the Court's pronouncements regarding the scope of Mr. Satija's authority as Trustee at the Status Conference of August 1, 2024 ("**Status Conference**") and the resulting *Order Abating Proceedings on Debtors' Motion for Rehearing Granting Stay of Order for Relief Pending Ruling on Consensual Dismissal of Involuntary Case, and Setting Procedures for Approval of Dismissal* [Doc. No. 83] (the "**Stay Order**") entered on August 8. 2024.

**General Factual Background**

2.  The background of this involuntary case is set forth in detail in the *Consent Stipulation and Motion for Dismissal of Involuntary Petition under Chapter 7* (the "**Dismissal Motion**"), and does not bear repeating in its entirety in this Limited Objection. Instead, Artius incorporates in this Limited Objection the factual and procedural background from the Dismissal Motion by reference.

3.  Essential to the Court's consideration of the Hayward Application is the procedural posture and status of this involuntary case -- specifically, that the *Order for Relief Under Chapter 7 Against Artiusid, Inc.* [Doc. No. 62] (the "**Order for Relief**") entered on July 24, 2024 has been "**STAYED IN ALL RESPECTS**" by the Stay Order[1] except as otherwise expressly provided in that Order and the record of the Status Conference, and that under the terms of that Order Mr. Satija was "**DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code," other than "the right to appear and be heard in respect of the Dismissal Motion and any other matter, and to seek the allowance and payment of reasonable fees and expenses."[2] Thus, although Mr. Satija has the right to appear and be heard as to the Dismissal Motion and to seek allowance of reasonable fees and expenses in the limited capacity carved out by the Stay Order, he has no responsibility to act as Trustee.[3]

---

[1] Stay Order at ¶3a (emphasis in original).

[2] Stay Order at ¶¶ 3b & d (emphasis in original). Although paragraph 3b is "subject to further order of the Court," no such order has been sought, and a similar reservation would be appropriate in any order approving the Hayward Application on the limited basis advanced by Artius.

[3] The Transcript of the August 1, 2024 Status Conference ("**Tr.**") confirms that Mr. Satija has no responsibilities to act as Trustee. *See* Tr. 19:16-20 ("THE COURT: But he [Mr. Satija] has no responsibilities as [sic] to act as Chapter 7 Trustee as soon as that stay is entered … I think that's important to provided [sic] comfort in that way.")

**Argument**

4. As is unmistakable from even the barest comparison of the Hayward Application to the Stay Order and transcript of the Status Conference [Doc. No. 82] ("**Tr.**"), the scope of the engagement proposed in that Application goes far beyond that which is necessary for Mr. Satija to fulfill the limited responsibilities that remain with him pending the Court's ruling on the Dismissal Motion. To be clear, paragraph 3b of the Stay Order provides:

> Except as otherwise set forth herein the Chapter 7 Trustee shall be **DISCHARGED** of any responsibility to act as a Trustee under section 704 of the Bankruptcy Code, 11 U.S.C. §704, as indicated on the record at the Status Conference and subject to further order of the Court[.]

Stay Order at ¶ 3b(emphasis in original).

5. That provision of the Stay Order arises from the following proceedings reflected in the Transcript of the Status Conference:

> MR. BLOOM: [W]e are asking the Court to exercise its jurisdiction, it's [sic]authority under Rule 7062 to issue a stay of the effectiveness of the order and that stay would have the effect of discharging the trustee from his responsibilities temporarily.
>
> \* \* \*
>
> Mr. Satija may have misspoke when he suggested that the Court was going to condition the stay on the payment of his expenses. We need the stay in effect today so that parenthetically we can make payroll tomorrow to keep this business running while we perfect this settlement.
>
> \* \* \*
>
> Mr. Satija has the right certainly to request that his fees and expenses be covered.
>
> \* \* \*
>
> THE COURT: And Mr. Satija, I'll say too that whatever stay it is would not prejudice your rights to appear and be heard. So your

> duties and responsibilities may be suspended but you'd still have the right to be heard, is my view.
>
> [W]e're going to wait for an order staying the effectiveness of the order for relief in all respects, frankly with the exceptions that we've already talked about which I don't think necessarily need to be in the order but if you-all can find language to put them in, go ahead and put them in but otherwise it's on the record and that's what we're intending by this in terms of the trustee's role and so he has the right to appear…. But *he has no responsibilities as to act as Chapter 7 Trustee* as soon as that stay is entered which it will be shortly which I want that just as -- I think that's important to provide comfort in that way.

Tr. at 16:24 – 19:20 (emphasis added).

6. As confirmed by the Stay Order and transcript of the Status Conference, Mr. Satija does not have plenary authority to undertake the scope of duties and responsibilities typically required of a chapter 7 trustee. To the contrary, his functions are limited to the right to appear and be heard as to the Dismissal Motion and seek reasonable fees and expenses for himself and his counsel within that limited scope.

7. Wholly ignoring the Stay Order or the proceedings at the Status Conference that preceded its entry, the Hayward Application nevertheless seeks to employ Mr. Satija's law firm to assist him with the full array of legal and administrative functions typically arising under section 704 of the Bankruptcy Code. Specifically, the Hayward Application seeks authority to provide the following legal services:

    (i)    investigating the Debtor's financial condition;

    (ii)    investigating all schedules, transfers, notes, leases, and security interests, and preference actions;

    (iii)    investigating monies advanced to the Debtor and payments made by the Debtor;

    (iv)    conducting discovery;

    (v)    preserving assets of the estate;

    (vi)      investigating statutory and non-statutory insider relationships and transactions with the Debtor;

    (vii)     demanding and prosecuting claims for turnover of estate assets;

    (viii)    prosecuting, as necessary, adversary proceedings,

    (ix)      objecting to claims, and

    (x)       maximizing recovery to the estate.

Hayward Application, ¶ 2.

8. Under the provisions of the Stay Order the Trustee has one function and one function only -- a right to appear and be heard in connection with the Dismissal Motion and Artius' compliance with the terms of the Stay Order. There is no estate to administer,[4] no transactions to investigate, no adversary proceedings to pursue, nor any claims to object to; indeed, if the Dismissal Motion is successful then (as provided in the proposed Order submitted with the Dismissal Motion), the Court will retain jurisdiction solely for the purpose of considering the allowance, award and payment of reasonable fees and expenses to the Trustee and his counsel.

9. It is for these reasons that Artius does not object to the Application in its entirety, but only to the extent that it seeks impermissibly to authorize the Trustee and his proposed counsel to undertake investigations, conduct discovery and perform other tasks that only will become appropriate if the Dismissal Motion is denied, the Stay Order is lifted, no other stay pending rehearing or appeal of the Order for Relief is entered, and the case proceeds under Chapter 7. Approval of the Haywood Application in its current form would only encourage Mr. Satija and his proposed counsel to undertake actions and assert responsibility far beyond, and in direct conflict with, that limited role conferred upon him as Trustee in the Stay Order.

---

[4] Given that the effect of the Stay Order is to suspend the legal effect of the Order for Relief and return the case and parties to the status quo that preceded entry of the Order for Relief as described in the Dismissal Motion, Artius respectfully submits that there is no "estate" in this case, as such an estate arises only upon entry of an order for relief. See 11 U.S.C. §541(a).

**Reservation of Rights**

10. Artius reserves all rights in respect of the Haywood Application, and specifically reserves the right to object to any fees and expenses that the Trustee's proposed counsel may seek in connection with any investigations, discovery, litigation, or other tasks that exceed the limited scope of Mr.Satija's duties under the Stay Order or otherwise are undertaken without a reasonable basis to do so. In addition, Artius reserves the right to seek damages, including attorney's fees and costs, arising from overbroad service of the Hayward Application that falsely and misleadingly suggests Artius is in chapter 7 bankruptcy and under the control of a trustee. See Autobar Sys. of N.J. v. Berg Co., LLC, No. 23-2541, 2024 U.S. App. LEXIS 20943, at *3 (3d Cir. Aug. 17, 2024) ("injuries that force a business to close or go bankrupt can" inflict irreparable harm) (citing Minard Run Oil Co. v. U.S. Forest Serv., 670 F.3d 236, 255 (3d Cir. 2011).).

**Conclusion**

11. Artius cannot help but recall that portion of the Status Conference at which the Court commented that Mr. Satija is "not seeking to get a free lunch here," Tr. at 12:21, to which Mr. Satija responded, "free lunch is cool too." Tr. at 15:20. While perhaps this colloquy was intended as a metaphorical effort to inject levity into the proceedings, a need appears to exist for Mr. Satija to be reminded that there is no "free lunch" for him or for his law firm as his proposed counsel. The Hayward Application should be approved only to the extent that it seeks to provide limited services to Mr. Satija within the narrow scope of his responsibilities set forth in the Stay Order.

WHEREFORE, artius.iD respectfully submits that the Hayward Application be granted only to the extent consistent with the terms of the Stay Order, and that Mr. Satija be directed to circulate and settle an proposed Order to that effect with undersigned counsel.

Dated: September 3, 2024 Respectfully Submitted,

By: */s/ Mark D. Bloom*
Alexander D. Burch
**BAKER & McKENZIE LLP**
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
**BAKER & McKENZIE LLP**
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom (*admitted Pro Hac Vice*)
**BAKER & McKENZIE LLP**
Sabadell Financial Center
1111 Brickell Avenue
10th Floor
Miami, Florida 33131
Telephone: (305 789 8927
Facsimile: (305 789 8953
mark.bloom@bakermckenzie.com

*Counsel for Debtor artuis.iD*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on September 3, 2024, he caused a copy of the foregoing Alleged Debtor's Response to Application for Retention of Hayward PLLC as Counsel for the Chapter 7 Trustee Pursuant to 11 U.S.C. §327(a) to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and on the parties listed below via First Class U.S. Mail.

                */s/ Mark D. Bloom*
                Mark D. Bloom

See attached matrix

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 23-11007-cgb<br>Western District of Texas<br>Austin | ArtiusID, Inc.<br>801 Barton Springs<br>Austin, TX 78704-1146 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| ArtiusID, Inc.<br>c/o Alexander D. Burch<br>BAKER & McKENZIE LLP<br>800 Capitol St., Suite 2100<br>Houston, Texas 77002-2947 | ArtiusID, Inc.<br>c/o Robert T. DeMarco<br>DeMarcoMitchell, PLLC<br>12770 Coit Road, Suite 850<br>Dallas, TX 75251-1364 | ~~Collaborative Vision LLC~~<br>~~c/o Cokinos Young~~<br>~~1221 Lamar 16th Fl~~<br>~~Houston TX 77010-3039~~<br>Self-Terminated on 08/23/2024 |
| ~~Collaborative Vision, LLC~~<br>~~c/o Emma P. Myles~~<br>~~Cokinos Young~~<br>~~1221 Lamar Street, 16th Floor~~<br>~~Houston, Texas 77010-3039~~<br>Self-Terminated on 08/23/2024 | Collaborative Vision, LLC<br>c/o Kell C. Mercer, PC<br>901 S Mopac Expy Bldg 1 Ste 300<br>Austin, TX 78746-5883 | Collaborative Vision, LLC<br>c/o Lynn Hamilton Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 |
| ~~Collaborative Vision, LLC~~<br>~~c/o Tres Gibbs~~<br>~~Cokinos Young~~<br>~~1221 Lamar, 16th Fl.~~<br>~~Houston, Texas 77010-3039~~<br>Self-Terminated on 08/23/2024 | Goldstein Consulting Services, LLC<br>c/o Michael T. Conway, Esq.<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 | Rearc LLC<br>c/o Michael T. Conway, Esq.<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 |
| Ron Satija, Chapter 7 Trustee<br>c/o Todd Headden<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757-1269 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Xmogrify<br>c/o Michael T. Conway, Esq.<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 |
| Alexander D. Burch<br>Baker McKenzie LLP<br>700 Louisiana, Suite 3000<br>Houston, TX 77002-2871 | Eric A Liepins<br>Legal Aid of Northwest Texas<br>1515 Main Street<br>Dallas, TX 75201-4841 | Mark D. Bloom<br>Baker McKenzie LLP<br>1111 Brickell Ave<br>Ste 10th Floor<br>Miami, FL 33131-3122 |
| Robert T DeMarco III<br>Robert Demarco<br>12770 Coit Road<br>Suite 850<br>Dallas, TX 75251-1364 | Ron Satija<br>P.O. Box 660208<br>Austin, TX 78766-7208 | End of Label Matrix<br>Mailable recipients 19<br>Bypassed recipients 0<br>Total 19 |