UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 23-11007-CGB |
| ARTIUSID, INC | § | |
| | § | |
| Debtor(s) | § | Chapter 7 |

**TRUSTEE'S RESPONSE TO MOTION TO DISMISS**

TO THE HON. CHRISTOPHER G. BRADLEY, U.S. BANKRUPTCY JUDGE:

Ron Satija, Chapter 7 Trustee (the "Trustee"), files this Response to the *Consent Stipulation and Motion for Dismissal of Involuntary Petition Under Chapter 7* (the "Motion to Dismiss") filed by artius.iD f/k/a Q5iD, Inc. (the "Debtor") along with the Petitioning Creditors. [Docket No. 88]. The Trustee objects to dismissal under either 11 U.S.C. § 303(j) or § 707(a) because the Debtor has failed to show that dismissal will not prejudice non-petitioning creditors. In support of this objection, the Trustee would show as follows:

PRELIMINARY STATEMENT

1.   This Debtor seeks to un-ring the bell and to exit bankruptcy after losing on the merits of its Motion to Dismiss the involuntary petition. Despite the record before the Court, the Debtor asks the Court to simply trust its representation that there are no undisputed debts, that it is paying its creditors in due course, and that no parties would be prejudiced by the dismissal of this bankruptcy. Based upon the Court's lengthy order denying the Debtor's Motion to Dismiss, the Trustee doubts the Debtor's assertions and wants to ensure that the system operates as intended for *all creditors*.

2.   The Debtor hopes to escape accountability and exit this bankruptcy by the simplest means possible. To that end, it has set its hopes on dismissal of an involuntary petition under § 303(j) even though the Court denied its motion to dismiss after several months of

contested litigation between the Debtor and the Petitioning Creditors and entered the Order for Relief, commencing a chapter 7 proceeding. Even if the Debtor is correct that the intended effect of the Court's Order at Docket No. 83 was to revert the case to its status as an involuntary petition, the Motion to Dismiss should be denied because there are other creditors that would be prejudiced by dismissal. Moreover, the Debtor has not adequately shown cause for dismissal under § 707 because there are creditors of equal and higher priority who have not been addressed in violation of the Bankruptcy Code.

## ARGUMENT

*A. Dismissal Under 11 U.S.C. § 303(j) is not Procedurally Appropriate and Would Fail in Light of Pending Objections.*

3. The Debtor moves to dismiss the case under a section applicable only to involuntary petitions prior to the entry of an order for relief commencing the bankruptcy. The Court has, however, at Docket No. 62, entered an Order for Relief in this case which prompted the appointment of the Trustee. On its face, section 303(j) should not apply to the instant case. Nonetheless, the Debtor argues that it should be able to proceed under section 303(j) due to the Court's order staying the order for relief. The Trustee does not agree with the Debtor as to the effect of the Stay Order.[1] Be that as it may, the Debtor does not satisfy the requirements of Section 303(j).

4. Section 303(j) allows the Court to dismiss a case after notice to all creditors and upon the consent of the petitioning creditors and the alleged debtor. See 11 U.S.C. § 303(j) However, dismissal under section 303 cannot occur over the objection of other creditors whether or not they could have independently brought the involuntary petition. *In re Taub*, 150 B.R. 96,

---

[1] The effect of the Order Abating Proceedings on Debtor's Motion for Rehearing, Granting Stay of Order for Relief Pending Ruling on Consensual Dismissal of Involuntary Case, and Setting Procedures for Approval of Dismissal (Docket No. 83) is disputed by the Trustee, which filed a Motion for Reconsideration (Docket No. 94).

98 (Bankr. D. Conn. 1993); *In re Savannah Yacht Corp.*, No. 03-41547, 2004 Bankr. LEXIS 2654, at *12 (Bankr. S.D. Ga. Mar. 24, 2004).

5. As noted by Judge Robert Jones, "the notice provisions of [what is now § 303(j)] were designed to prevent injurious settlements and to protect the estate for the creditors other than those who brought the petition." *In re Positron*, 556 B.R. 291, at 294 (Bankr. N.D. Tex. 2016)(citing *Wynne v. Rochelle*, 385 F.2d 789, 794 (5th Cir. 1967). Here, Collaborative Vision LLC is one known such creditor that will be prejudiced upon dismissal of the bankruptcy on the terms proposed by the Debtor and the Petitioning Creditors. Dismissal under 303(j) would prejudice Collaborative Vision after the Debtor apparently utilized many of the same cat and mouse games with Collaborative Vision that it employed with the Petitioning Creditors. See generally Docket Nos. 60 & 99. Further, the Debtor, despite fighting the imposition of the involuntary petition, turned around and utilized the leverage of the automatic stay against Collaborative Vision in a state court lawsuit. Docket No. 99, ¶ 18.

6. Further, since the Order for Relief was entered, dismissal under the terms proposed by the Debtor would prejudice several creditors besides Collaborative Vision. This includes administrative claimants such as the Chapter 7 Trustee, who upon appointment actively sought to gain control over the Debtor's assets and who was forced to file a Motion for Turnover due to the Debtor's failure to cooperate, Docket No. 68, and Hayward PLLC, which has been representing the Trustee and whom the Trustee has sought to employ, Docket No. 95

7. Because the case is no longer an involuntary petition and because the negotiated dismissal benefits only some of the Debtor's creditors while prejudicing others, this Court should not dismiss the bankruptcy case under section 303(j).

B. *Dismissal for Cause under §707 is not satisfied*

8. Dismissal for cause under section 707 is the appropriate standard here because the order for relief was entered and an estate exists under Chapter 7 of the Bankruptcy Code. When considering dismissal under section 707, the bankruptcy court has discretion to consider equitable principles. *See Patterson v. Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988). The Debtor briefly states dismissal under § 707 is appropriate and asserts three bases for cause to dismiss its case, i) debts are being paid in the ordinary course as they come due, ii) the Debtor does not need bankruptcy relief to manage its affairs, iii) dismissal is not prejudicial to creditors, and iv) a lack of misconduct with no intent to re-file. Motion to Dismiss Para. 27-30. Those assertions are both self-serving and hollow.

9. As to the assertion that the debts are being paid in the ordinary course, that was not true for the petitioning creditors, it is not true for Collaborative Vision, and the Debtor has thus far avoided the transparency required by the Bankruptcy Code, including resisting the U.S. Trustee's attempts at oversight. Docket No. 100, ¶ 5.

10. As to the management of its affairs, the entry of the Order for Relief certainly caught the attention of the Debtor and its management. Debtor settled with the unpaid Petitioning Creditors only after the order for relief was entered, the Trustee was appointed, and the Trustee sought the Turnover of property of the estate.

11. The Debtor's assertion regarding prejudice to creditors is addressed elsewhere in this response and, frankly, more eloquently by Collaborative Vision at Docket No. 99.

12. As to the assertions regarding misconduct, the Trustee disagrees. Since the entry of the Order for Relief, the Debtor has resisted turnover of its assets to the Trustee and turnover of documents to the U.S. Trustee as detailed above. Further, per the Collaborative Vision objection, it has misrepresented at least the disputed nature of that debt and has left other

creditors off the matrix. Docket No.99 ¶ 34. The Debtor is not the proverbial "honest but unfortunate" debtor.

C. *Other Considerations*

13. Since the Court has discretion as to whether to dismiss for cause under § 707, the Trustee would like to highlight certain points.

14. <u>Administrative Costs and Other Creditors</u>: Beyond the Petitioning Creditors, there are higher priority creditors such as the Trustee's compensation and expenses, as well as creditors to be paid *pari passu* with the Petitioning Creditors, such as Collaborative Vision and likely other creditors. Based upon the minimal information provided in the Debtor's affidavit filed at Docket No. 84, it is unclear if other creditors have claims to be paid.

15. <u>Incomplete Matrix/Lack of Disclosure:</u> The Trustee is concerned that notice of the bankruptcy proceeding has not been provided to all creditors, interested parties, equity interest holders, or otherwise relevant parties. Until the Trustee insisted on the filing of a matrix, no other creditor ever even received notice of the bankruptcy much less had the opportunity to participate or object. A review of the Creditors' Matrix available on the Court's website as of September 5, 2024, indicates that the identified creditors in Docket No. 84 have been added.

16. <u>Interests of All Parties</u>: Once the order for relief is entered, it is not merely the interests of the litigants which must be considered, but the interests of all parties, including all creditors, whether current or not, whether disputed or not. The reason that the Debtor settled with petitioning creditors after five months of contentious litigation is that the Order for Relief was entered and a Chapter 7 Trustee was appointed who immediately sought turnover of all the Debtor's assets.

17. For these reasons, dismissal is inappropriate. Dismissal should not merely hinge

on the consent of the petitioning creditors, who have leveraged the entry of the Order for Relief into a million-dollar payday. The Court should take into account the interests of all other creditors, whether they participate or not, as provided for by § 707's broad balancing test. At this time, the Debtor has not shown cause to warrant dismissal.

## RESPONSES

18. The Trustee denies paragraph 1 as to the appropriateness of dismissal under 303 rather than 707 but admits the remainder.

19. The Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

20. The Trustee admits paragraphs 3 through 7.

21. The Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

22. The Trustee admits paragraphs 9 through 11.

23. Paragraph 12 contains no allegations of fact requiring a response.

24. The Trustee denies paragraphs 13 through 15.

25. The Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 relating to funding the settlement and denies the remainder.

26. The Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 relating to service but admits the declaration was filed.

27. The Trustee admits paragraph 18.

28. The Trustee denies paragraph 19. As indicated above, the case law indicates that a single creditor may object to dismissal even if the creditor is not qualified to bring a petition.

29. The Trustee admits paragraph 20.

30. The Trustee denies paragraph 21. The settlement is collusive between the Petitioning creditors and the Debtor in order to evade the provisions of Chapter 7 now that the order for relief has been entered.

31. The Trustee denies paragraph 22. The proposed settlement presents the same problems as a structured settlement as identified by the Supreme Court in Jevic because it does not fist pay higher priority creditors (Chapter 7 administrative claims) and does not pay creditors of similar priority *pari passu*.

32. The Trustee denies paragraphs 22 through 31. As discussed above, since the Order for Relief was entered, dismissal is only appropriate under 707 if at all.

33. Paragraph 32 contains no allegations of fact requiring a response.

34. Paragraphs 33 and 34 are denied. Settlement of the largest debt owed by a company is not the ordinary course of business.

WHEREFORE, PREMISES CONSIDERED, Ron Satija, Chapter 7 Trustee, prays that the court deny the motion to dismiss and for such other relief available.

Respectfully submitted,

Hayward PLLC

*/s/ Ron Satija*
Ron Satija
State Bar No. 24039158
Todd Headden
SBN No. 24096285
7600 Burnet Rd, Ste. 530
Austin, TX 78757
Tel/Fax: (737) 881-7102
Email: rsatija@haywardfirm.com
Theadden@haywardfirm.com

## CERTIFICATE OF SERVICE

The signature above certifies that a true and correct copy of the foregoing document has been served by CM/ECF or by first class, U.S. mail, postage prepaid within one business day of September 5, 2024, on the parties on the attached matrix.