IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-11007-cgb |
| | § | |
| ARTIUSID, INC., | § | Chapter 7 |
| | § | |
| Alleged Debtor. | § | |
| | § | |

**EMERGENCY MOTION FOR PROTECTIVE ORDER AND
TO QUASH DEBTOR'S NOTICES OF DEPOSITION**

TO THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE

Collaborative Vision LLC ("Collaborative Vision") and Lisa Matar ("Ms. Matar"), by and through counsel, and file this *Emergency Motion For Protective Order and to Quash Debtor's Notices of Deposition* ("Motion to Quash") in connection with Debtor artruis.iD, Inc. f/k/a Q5iD, Inc.'s ("Debtor") Notice of Taking Deposition of Collaborative Vision ("Collaborative Vision Notice") and Notice of Taking Deposition of Lisa Matar ("Matar Notice," together with the Collaborative Vision Notice, the "Notices of Deposition"), and would respectfully show the Court as follows:

**INTRODUCTION**

1. Collaborative Vision and Ms. Matar move for entry of a protective order and to quash the Debtor's Notices of Deposition because (1) Debtor's fail to provide reasonable notice of the deposition—these depositions were noticed on less than three business days' notice for an out-of-state deposition—and (2) the topics of deposition listed in the Collaborative Vision Notice are not relevant to the Dismissal Motion (defined below) and are not proportional to the needs of the case. The Debtor sent Collaborative Vision and Lisa Matar, Collaborative Vision's corporate representative, the Notices of Deposition merely two business days before the depositions were

1

HB: 4877-2759-5749.3

noticed to take place, without regard to the fact that the depositions are to take place in Portland, Oregon and counsel for Collaborative Vision and Ms. Matar is located in Austin, Texas and has conflicts on the date of the deposition. Further, while this Court stated in its last status conference that it would focus of the Dismissal Motion, limiting discovery to issues raised by the Dismissal Motion, the deposition topics in the Collaborative Vision Notice go well beyond the issues raised in the Dismissal Motion and instead go to the heart of Collaborative Vision's Claim.

2. The Court should quash the Notices of Deposition because (1) they do not provide reasonable notice of the depositions in contravention of Federal Rule of Civil Procedure 30 ("Federal Rule") and Local Rule 7030 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas ("Local Rule"). Additionally, the list of deposition topics go to the nature of Collaborative Vision's claim against the Debtor and are not relevant or proportional to the Dismissal Motion.

## BACKGROUND

3. On November 30, 2023, the Petitioning Creditors, Xmogrify, LLC, Goldstein Consulting Services, LLC, and Rearc LLC (collectively, the "Petitioning Creditors") filed an Involuntary Petition Against a Non-Individual [Docket No. 1] (the "Involuntary Petition"), the Debtor.

4. On July 23, 2024, this Court entered the Order for Relief [Docket No. 60], denying the Debtor's motion to dismiss this Chapter 7 case.

5. On July 24, 2024, this Court entered the Order for Relief [Docket No. 62] (the "Order for Relief"), thereby adjudicating the Debtor as a debtor under Chapter 7 of the Bankruptcy Code.

6. On July 29, 2024, the Debtor filed a motion for rehearing of the Order for Relief or a stay pending appeal [Docket No. 70] (the "Motion for Rehearing").

7. On August 8, 2024, this Court entered an order staying the Order for Relief (but not vacating the Order for Relief) [Docket No. 83] (the "Stay Order") and abating the hearing on the Motion for Rehearing pending its ruling on the consensual dismissal of the Chapter 7 Case.

8. On August 15, 2024, the Petitioning Creditors and the Debtor filed the Consent and Stipulation and Motion for Dismissal of Involuntary Petition Under Chapter 7 [Docket No. 88] ("Dismissal Motion").

9. On September 9, 2024, Collaborative Vision filed its objection to the Dismissal Motion [Docket No. 99] (the "Dismissal Objection").

10. On September 9, 2024, this Court held a status conference on, among other things, the Dismissal Motion, where the Court determined that if it does not dismiss the Chapter 7 case, then the Debtor will have been determined to have disputed Collaborative Vision's claim ("Claim"). Further, the Court stated that it would not try the Claim dispute, but will instead, focus on the Dismissal Motion, limiting discovery to issues raised by the Dismissal Motion.

11. On September 13, 2024, the Debtor served Collaborative Vision the Notices of Deposition for depositions to be taken in Portland, Oregon on September 18, 2024—less than three business days after Collaborative Vision received the Notices of Deposition. A true and correct copy of the Notices of Deposition are attached hereto as **Exhibit A**.

12. Collaborative Vision moves for entry of a protective order and to quash the Notices of Deposition because (1) they provide unreasonable notice of the depositions, with insufficient time to allow Collaborative Vision, its corporate representative, and counsel to prepare, and (2) the deposition topics listed in the Collaborative Vision Notice are not relevant or proportional to the

3

HB: 4877-2759-5749.3

issues presented by the Dismissal Motion, as those topics solely relate to the nature of Collaborative Vision's Claim.

## ARGUMENT AND AUTHORITY

**A. The Notices of Deposition Do Not Provide Reasonable Notice.**

13. Federal Rule of Civil Procedure 30 requires "[a] party who wants to depose a person by oral questions must give *reasonable* written notice to every other party." Fed. R. Civ. P. 30 (emphasis added). This Court's Local Rule 7030 provides "[t]he notice for a deposition shall be in the formed prescribed in FRCP 30." Bankr. W.D. Tex. L. Rule 7030.

14. Courts throughout the Fifth Circuit have concluded that a week's notice is not reasonable under Rule 30 and have quashed depositions when the noticing party failed to give more than a week's notice of the deposition. *See Rickman v. Moore*, No. 7:16-CV-00025-O, 2016 WL 9559817, at *2 (N.D. Tex. Aug. 3, 2016) ("[I]t appears that courts in the Fifth Circuit have ruled that two weeks is reasonable notice, but a week or less is not reasonable notice."); *see also, e.g., Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.*, Civil Action Nos. 08-5016, 09-0104, 09-2779, 2011 WL 891027, at *2 (E.D. La. March 11, 2011) (quashing deposition notice and determining "courts have ruled that a week or less is not sufficient notice pursuant to the rules"); *Mem'l Hospice, Inc. v. Norris*, Civil Action No. 2:08-CV-048-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (quashing subpoena and determining "subpoena, which gave the non-party . . . only three (3) days' notice of the deposition, was clearly unreasonable"); *In re Teon Maria, LLC*, Civil Action No. 12-2272, 2013 WL 5507286, at *2 (E.D. La. Sept. 30, 2013) (determining deposition notice was reasonable where it was served over two weeks before deposition was to take place).

4

15. Here, the Debtor served the Notices of Deposition less than three business days before the depositions are to be taken. Thus, the Notices of Deposition do not provide reasonable notice as a matter of law. *See supra* ¶ 14. Further, the Notices of Deposition state that the depositions are to take place in Portland, Oregon. Counsel for Collaborative Vision and Lisa Matar resides in Austin, Texas, and has a conflict on the date the depositions are to be taken. Given the short notice both parties were given, neither Collaborative Vision, Lisa Matar, nor their counsel have had an adequate opportunity to prepare for the depositions. Under these circumstances, less than three business days' notice does not constitute reasonable notice of an out-of-town deposition. *See Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *2 (W.D. Tex. Sept. 27, 2018) (holding that four business days did not constitute reasonable notice when the out-of-town deposition was scheduled to take place in Dallas, Texas, and deponent's counsel was located in Brownsville, Texas).

16. Thus, the Court should quash the Notices of Deposition because Debtor failed to provide Ms. Matar and Collaborative Vision with reasonable notice.

**B. The Topics of Deposition are Not Relevant.**

17. It is a generally accepted principle that discovery must be both relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Bank. P. 7026. A party "from whom discovery is sought may move for a protective order" to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1); Fed. R. Bank. P. 7026. "A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018). Here, there is good cause for the entry of a protective order.

5

HB: 4877-2759-5749.3

18. At the Court's September 9, 2024, status conference, the Court stated that its focus would be on the Dismissal Motion and not the Debtor's dispute regarding Collaborative Vision's Claim, at the September 25, 2024 hearing. However, the deposition topics in Debtor's Collaborative Vision Notice focus on the nature of Collaborative Vision's Claim—not the issues raised by the Dismissal Motion. Because the deposition topics go beyond the scope of issues that are relevant to the Dismissal Motion, this Court should enter an Order quashing the Collaborative Vision deposition since it subjects Collaborative Vision to undue burden or expense.

19. The Dismissal Motion and related Dismissal Objection raise issues regarding the appropriateness of a dismissal under section 303(j)(2) of the Bankruptcy Code as opposed to section 707(a) of the Bankruptcy Code where the Court has already entered the Order for Relief, the Debtor and Petitioning Creditors have failed to show cause for dismissal, and the dismissal requested in the Dismissal Motion is not in the best interest of creditors. *See* Docket Nos. 80, 94.

20. However, the Collaborative Vision Notice lists deposition topics that are not relevant or proportional to such issues. For example, the first deposition topic relates to all amounts Collaborative Vision contends it is owed and the basis for Collaborative Vision's Claim. *See* Ex. A, Exhibit A – Deposition Topics. This is clearly directed at the nature of Collaborative Vision's Claim and has no relevance to Debtor's failure to show cause for dismissal or whether dismissal is in the best interest of creditors.

21. Next, the Debtor seeks to depose Collaborative Vision over the "Oregon Lawsuit between [Collaborative Vision] and Debtor and all allegations and claims asserted . . . in the Complaint." *Id*. The Oregon Lawsuit is a breach of contract claim filed by Collaborative Vision against Debtor seeking a judgment for the contractual amounts Debtor owes Collaborative Vision. This is another way of asking for deposition testimony on the same topic as Topic 1. This is not

6

relevant to the Dismissal Motion. Similarly, the fourth topic of deposition relates to communications related to Collaborative Vision's claims in the Oregon Lawsuit (as defined in the Dismissal Objection). *Id*. Again, these topics go directly to the nature of Collaborative Vision's Claim and have no relevance to the issues raised by the Dismissal Motion or the Dismissal Objection.

22. The third, fifth, sixth, and seventh deposition topics directly relate to the Client Service Agreement (as defined in the Dismissal Objection) that is the subject of Collaborative Vision's Claim against the Debtor. *Id*. These topics, again, relate to the underlying contract and apparent performance under the same and have no relevance to Debtor's failure to show cause for dismissal or whether dismissal is in the best interest of creditors.

23. The next topic of deposition concerns the payroll loan referenced in the Dismissal Objection. *Id*. This topic not only goes to the nature of Collaborative Vision's Claim, but the Debtor has already admitted liability under the payroll loan referenced. *See* Docket No. 99, ¶ 17. Further, like the other topics of deposition discussed, this topic has no relevance to the issues raised by the Dismissal Motion or the Dismissal Objection.

24. Lastly, the Debtor seeks to depose Collaborative Vision with respect to "Lisa Matar's communications with the Debtor's principals as alleged in the Objection to Dismissal and the Complaint." *Id*. While this may be the only topic that is, arguably, relevant to the Dismissal Motion, Collaborative Vision provided and attached all applicable communications, in full, in its Dismissal Objection. It is not proportional to the needs of the case to require an out-of-state deposition on a topic of limited utility to the Debtor's Motion to Dismiss when all communications have already been provided.

7

HB: 4877-2759-5749.3

25. The deposition topics in Debtor's Collaborative Vision Notice focus on the nature of Collaborative Vision's Claim and not the issues raised by the Dismissal Motion. They are not relevant nor proportional to the needs of the case—particularly when the purported deponents received less than three business days' notice and their counsel is located in a different state than where the depositions are to take place and has conflicts with the noticed deposition date. The only topic that may relate to the Dismissal Motion has already been addressed by Collaborative Vision, and it has provided all applicable communications in full.

26. Further, given the scope of the deposition of Collaborative Vision, it is clear that the deposition of Lisa Matar, in her individual capacity, would similarly have no relevance to the issues raised by the Dismissal Motion or the Dismissal Objection and should likewise be quashed.

27. Thus, the Court should enter a protective order and quash the Notices of Deposition because they do not provide reasonable notice and the topics of deposition listed in the Collaborative Vision Notice focus on the nature of Collaborative Vision's Claim and are not relevant to the Dismissal Motion.

## CONCLUSION

WHEREFORE, Collaborative Vision respectfully requests that the Court enter a protective order, quash the Notices of Deposition, and grant Collaborative Vision such other and further relief, at law or in equity, the Court deems just and appropriate.

Dated: September 16, 2024

Respectfully Submitted,

By: /s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler (SBN 03527350)
lynn.butler@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 *facsimile*

-and-

Thomas J. Zavala (SBN 24116265)
tom.zavala@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pear Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

***Attorneys for Collaborative Vision LLC***

HB: 4877-2759-5749.3

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on September 16, 2024, the undersigned counsel served a true and correct copy of this Motion to Quash through the Court's CM/ECF system on all parties enlisted to receive service electronically, as set out on the list below.

                                                                                                                     */s/ Lynn Hamilton Butler*
                                                                                                                      Lynn Hamilton Butler

| | | |
|---|---|---|
| **ArtiusID, Inc.**<br>801 Barton Springs<br>Austin, TX 78704<br>Tax ID / EIN: 00-0000000<br>*Added: 11/30/2023*<br>*(Debtor)* | represented by | **Mark D. Bloom**<br>Baker McKenzie LLP<br>1111 Brickell Ave<br>Ste 10th Floor<br>Miami, FL 33131<br>305-789-8900<br>mark.bloom@bakermckenzie.com<br>*Assigned: 07/30/24* |
| | | **Alexander D. Burch**<br>Baker McKenzie LLP<br>700 Louisiana, Suite 3000<br>Houston, TX 77002<br>713-427-5038<br>713-427-5099 (fax)<br>alexander.burch@bakermckenzie.com<br>*Assigned: 07/29/24* |
| | | **Robert T DeMarco, III**<br>Robert Demarco<br>12770 Coit Road, Suite 850<br>Dallas, TX 75251<br>972-991-5591<br>robert@demarcomitchell.com<br>*Assigned: 03/30/24* |
| | | **Eric A Liepins**<br>Legal Aid of Northwest Texas<br>1515 Main Street<br>Dallas, TX 75201<br>214-243-2231<br>liepinse@lanwt.org<br>*Assigned: 12/19/23* |

10

HB: 4877-2759-5749.3

| | | |
|---|---|---|
| **Collaborative Vision, LLC**<br>c/o Kell C. Mercer, PC<br>901 S Mopac Expy Bldg 1 Ste 300<br>Austin, TX 78746<br>(512) 767-3214<br>kell.mercer@mercer-law-pc.com<br>*Added: 01/07/2024*<br>*(Creditor)* | represented by | **Lynn Hamilton Butler**<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>(512) 479-9758<br>(512) 226-7318 (fax)<br>lynn.butler@huschblackwell.com<br>*Assigned: 08/21/24*<br><br>**Kell C. Mercer**<br>Kell C. Mercer, P.C.<br>901 S MoPac Expy, Bldg 1, Suite 300<br>Austin, TX 78746<br>512-627-3512<br>512-597-0767 (fax)<br>kell.mercer@mercer-law-pc.com<br>*Assigned: 01/07/24* |
| **Goldstein Consulting Services, LLC**<br>4445 Post Road, Apt. 5D<br>New York, NY 10471<br>*Added: 11/30/2023*<br>*(Petitioning Creditor)* | represented by | **Jason Bradley Binford**<br>Ross, Smith & Binford, PC<br>2901 Via Fortuna, Bldg. 6, Suite 450<br>Austin, TX 78746<br>512-351-4778<br>214-377-9409 (fax)<br>jason.binford@rsbfirm.com<br>*Assigned: 11/30/23*<br><br>**Michael Conway**<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Ave., 16th Floor<br>New York, NY 10017<br>917-242-1597<br>mconway@lpgmlaw.com<br>*Assigned: 01/23/24*<br><br>**Ana Pia D. Felix**<br>Lazare Potter Giacovas Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017<br>212-758-9300<br>afelix@lpgmlaw.com<br>*Assigned: 02/07/24* |

11

| | | |
|---|---|---|
| **Rearc LLC**<br>1216 Broadway, Suite 218<br>New York, NY 10001<br>*Added: 11/30/2023*<br>*(Petitioning Creditor)* | represented by | **Jason Bradley Binford**<br>Ross, Smith & Binford, PC<br>2901 Via Fortuna, Bldg. 6, Suite 450<br>Austin, TX 78746<br>512-351-4778<br>214-377-9409 (fax)<br>jason.binford@rsbfirm.com<br>*Assigned: 11/30/23*<br><br>**Michael Conway**<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Ave., 16th Floor<br>New York, NY 10017<br>917-242-1597<br>mconway@lpgmlaw.com<br>*Assigned: 01/23/24*<br><br>**Ana Pia D. Felix**<br>Lazare Potter Giacovas Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017<br>212-758-9300<br>afelix@lpgmlaw.com<br>*Assigned: 02/07/24* |
| **Ron Satija**<br>P.O. Box 660208<br>Austin, TX 78766<br>512-733-1311<br>512-733-1311 (fax)<br>rsatija@haywardfirm.com<br>*Added: 07/25/2024*<br>*(Trustee)* | represented by | **Todd Brice Headden**<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>737-881-7104<br>theadden@haywardfirm.com<br>*Assigned: 08/14/24*<br><br>**Ron Satija**<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>(737) 881-7102<br>(972) 755-7100 (fax)<br>rsatija@haywardfirm.com<br>*Assigned: 08/22/24* |

12

HB: 4877-2759-5749.3

| | | |
|---|---|---|
| **United States Trustee - AU12**<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701<br>(512) 916-5330<br>ustpregion07.au.ecf@usdoj.gov<br>*Added: 11/30/2023*<br>*(U.S. Trustee)* | represented by | **Shane P. Tobin**<br>903 San Jacinto Blvd., Room 230<br>Austin, TX 78701<br>512-916-5348<br>shane.p.tobin@usdoj.gov<br>*Assigned: 09/05/24* |
| **Xmogrify, LLC**<br>23 Arden Drive<br>Hartsdale, NY 10503<br>*Added: 11/30/2023*<br>*(Petitioning Creditor)* | represented by | **Jason Bradley Binford**<br>Ross, Smith & Binford, PC<br>2901 Via Fortuna, Bldg. 6, Suite 450<br>Austin, TX 78746<br>512-351-4778<br>214-377-9409 (fax)<br>jason.binford@rsbfirm.com<br>*Assigned: 11/30/23*<br><br>**Michael Conway**<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Ave., 16th Floor<br>New York, NY 10017<br>917-242-1597<br>mconway@lpgmlaw.com<br>*Assigned: 01/23/24*<br><br>**Ana Pia D. Felix**<br>Lazare Potter Giacovas Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017<br>212-758-9300<br>afelix@lpgmlaw.com<br>*Assigned: 02/07/24* |

13

HB: 4877-2759-5749.3