IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-11007-cgb |
| | § | |
| ARTIUS.ID, INC., | § | Chapter 7 |
| | § | |
| Alleged Debtor. | § | |
| | § | |

## DEBTOR'S RESPONSE TO COLLABORATIVE VISION LLC AND LISA MATAR'S MOTION TO QUASH

TO THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE

Alleged Debtor, Artius.ID, Inc. ("Artius.ID") files this Response to Collaborative Vision LLC and Lisa Matar's Motion to Quash and requests that the Court allow Artius.ID's to depose Lisa Matar ("Ms. Matar") before the hearing set for September 25, 2024.

### I.
### ARGUMENT AND AUTHORITIES

1. On September 10, 2024, counsel for Artius.ID sent an email to Ms. Matar's counsel, Mr. Butler, offering three days to take Ms. Matar's deposition, on September 16th, 17th, or 18th.

2. On September 10, 2024, Mr. Butler responded that he would "check on her availability." (*See* Exhibit A, Email Correspondence between Counsel). When no response was provided about Ms. Matar's availability, counsel for Artius.ID sent another email on Thursday, September 12, 2024, asking for a response and noting that it would be forced to send a deposition notice for one of the offered dates if it did not receive a timely response.

3. On the same day, Mr. Butler responded to counsel for Artius.ID asking why his client needed to be deposed. (*See* Exhibit A, Email Correspondence between Counsel).

4. Ms. Matar, the Principal, Founder, and owner of Collaborative Vision, responded to Artius.ID's Motion to Dismiss by filing an extensive Objection. Artius.ID asserts that the depositions of Collaborative Vision and Ms. Matar are necessary in order to permit Atrius.ID to test this Objection before the scheduled hearing on the Motion to Dismiss on September 25, 2024.

5. Having received an email from Mr. Butler questioning the necessity of his client's deposition, on September 13, 2024, Artius.ID formally served a 30(b)(6) notice for Collaborative Vision and an individual notice of Ms. Matar to set the deposition for Wednesday, September 12, which was the latest of the three dates originally offered by counsel for Artius.ID. Moreover, the deposition was set to occur in the most convenient place for Ms. Matar—her home town in Oregon.

6. Artius.ID did not become aware of Mr. Butler's intentions to file a Motion to Quash until September 16, 2024, in which Mr. Butler also provided that he would be flying out of town on the afternoon of Tuesday, September 17, 2024 for a conference. (*See* Exhibit A, Email Correspondence between Counsel). Notably, Mr. Butler has had no oral communications with counsel for Atrius.ID nor has anyone from his firm. As such, even if Mr. Butler is unable to attend the time and date of the noticed deposition, there is no reason why one of his Partners attached in the same email correspondence could not attend and defend this deposition (*See* Exhibit A, Email Correspondence between Counsel).

7. In response, counsel for Artius.ID emailed the Court to express its willingness to accommodate an appropriate time for the deposition in order to ensure that the deposition took place before the Court's hearing on September 25, 2024. (*See* Exhibit B, Email Correspondence with the Court). Artius.ID again maintains that it is willing to reset the date of deposition for

Friday, September 20, 2024 or Monday, September 23, 2024 at the location of Mr. Butler and his client's choosing.

8. The Federal Rules of Civil Procedure provides that reasonable written notice is required to "depose a person by oral questions." Fed R. Civ. P. 30(b)(1). According to the Federal courts "what is reasonable 'depends on the circumstances.'" *Black v. Triplett (In re Triplett)*, Nos. 19-42570, 20-4057, 20-4058, 20-4059, 2022 Bankr. LEXIS 2256, at *7 (Bankr. E.D. Tex. 2022) (quoting *Nelson v. AMX Corp.*, No. 3:04-CV-1350-H, 2005 U.S. Dist. LEXIS 11441, at *13 (N.D. Tex. 2005)).

9. Here, Atrius.ID provided Collaborative Vision and Ms. Matar with notice of its intent to take the depositions on September 10, 2024. The formal Notice of Taking Deposition was then served on September 13, 2024 listing the deposition date as September 18, 2024. Accordingly, Atrius.ID provided Collaborative Vision and Ms. Matar with at least eight (8) days' notice for the deposition and at least five (5) days' notice from serving the formal Notice of Taking Deposition. Moreover, Atrius.ID is willing to reschedule the deposition to September 20, 2024 or September 23, 2024, providing Collaborative Vision and Ms. Matar with approximately ten (10) to thirteen (13) days' notice, depending on the date in which it agrees.

10. Federal courts have held that five (5) and seven (7) days' notice for depositions are reasonable in certain circumstances. *See id.* (citing *Leamon v. KBR, Inc.*, Civil Action No. H-10-253, 2011 U.S. Dist. LEXIS 167527, at *4 (S.D. Tex. 2011); *Miller v. Printech Instant Ad*s, 133 B.R. 588, 591 (Bankr. E.D. Pa. 1991)).

11. Therefore, Atrius.ID requests that the Court deny the Motion to Quash the Depositions because Collaborative Vision and Ms. Matar were provided reasonable notice.

12. Additionally, the depositions of Collaborative Vision and Ms. Matar are necessary in order to examine the information provided by Ms. Matar in the Dismissal Objection to Artius.ID's Motion to Dismiss. Thus, the information sought through the deposition of Ms. Matar will be directly relevant and proportional to the needs of this case.

13. The relevance standard for depositions in the Fifth Circuit is broad and inclusive. *See Alvarado v. Air Sys. Components LP*, Civil Action No. 3:19-CV-2057-N, 2022 U.S. Dist. LEXIS 46404, at *3-4 (N.D. Tex. 2022). According to the Fifth Circuit, "the party seeking to prevent discovery" must "specify why the discovery is not relevant or show that it fails the proportionality requirement." *Id.* (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Collaborative Vision and Ms. Matar's motion to quash fails to set forth a single fact as it relates to the relevance and proportionality of the deposition topics provided by Atrius.ID, instead relying on baseless assertions in support of its arguments.

14. Here, information regarding the Dismissal Objection to Artius.ID's Motion to Dismiss is directly relevant to the current dispute, especially in light of the upcoming hearing on the Motion to Dismiss scheduled for September 25, 2024.

15. Furthermore, a party seeking to avoid discovery must demonstrate, *with facts*, a particular, demonstrable injury sufficient to justify a protective order. *Alvarez v. Brokers Logistics, Ltd.*, No. EP-23-CV-00148-DCG, 2024 U.S. Dist. LEXIS 87351, at *9 (W.D. Tex. 2024). Thus, Collaborative Vision and Ms. Matar's motion for protective order should be denied for failing to set forth a single fact that would merit the issuance of a protective order.

### III.

### **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Artius.ID, Inc. respectfully requests that the Court deny Collaborative Vision LLC and Lisa Matar's Motion for Protective Order and Motion to Quash, order Lisa Matar to appear for her deposition at a time before the hearing on the Motion to Dismiss, scheduled for September 25, 2024, and grant Artius.ID, Inc.'s such other and further relief to which they are entitled.

By: /s/ Alexander D. Burch
Alexander D. Burch
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom (admitted Pro Hac Vice)
Sabadell Financial Center
1111 Brickell Avenue, 10th Floor
Miami, Florida 33131
Telephone: (305) 789 8927
Facsimile: (305) 789 8953
mark.bloom@bakermckenzie.com

**COUNSEL FOR DEBTOR ARTIUS.ID, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail on all the parties listed below on September 16, 2024.

/s/ Alexander D. Burch