# Exhibit B

## Hayes, Rylie

| | |
|---|---|
| **From:** | Taylor, Mark D |
| **Sent:** | Monday, September 16, 2024 11:51 AM |
| **To:** | Keller, Penny; ronda_farrar@txwb.uscourts.gov |
| **Cc:** | Butler, Lynn; Zavala, Tom; Hayes, Lauren; Bloom, Mark |
| **Subject:** | RE: Case No. 23-11007-cgb - Expedited Hearing on Motion to Quash |
| **Attachments:** | [EXTERNAL] RE: artiusID |

Dear Ms. Farrar,

From the email sent by Ms. Keller below, it sounds like the only objection to this deposition is one of timing.  We are happy to accommodate an appropriate time but must complete this deposition in time to receive the transcript before the Court's hearing on September 25.

As noted in the email string attached,  I sent an email on September 10 to Ms. Matar's counsel, Mr. Butler, and offered three days to take Ms. Matar's deposition (September 16,17 or 18).

Mr. Butler responded on September 10 that he would "check on her availability." (See attached).  When no response was provided about Ms. Matar's availability, I sent another email on Thursday, September 12, asking for a response and noting that I would be forced to send a deposition notice for one of the dates I offered if I did not hear from him.  Mr. Butler responded with a question about why his client needed to be deposed.  Ms. Matar, who is the Principal and owner of Collaborative Vision, filed an extensive Objection to the alleged Debtor's Motion to Dismiss.  The alleged Debtor is permitted to test that Objection.

Having received an email from Mr. Butler questioning the necessity of his client's deposition, I served (on September 13) a 30(b)(6) notice for Collaborative Vision and an individual notice of Ms. Matar and set the deposition for Wednesday, September 12, which was the latest of the three dates I originally offered.  I also set the deposition for the most convenient place for the witness—her home town in Oregon.

Ms. Keller's email below is the first time I have heard that Mr. Butler intends to file a Motion to Quash and is flying out on Tuesday afternoon for a conference.  Mr. Butler has had no oral communications with me, nor has anyone from his firm.  If he is in a conference, there is no reason why one of his copied Partners above cannot attend and defend this deposition.

We are happy to reset this deposition for Friday of this week or Monday of next week and will work with counsel to depose the witness at whichever location he and his client prefers.  Without seeing Mr. Butler's Motion to Quash, I do not know whether we are opposed to it.

Best regards,

Mark Taylor
Counsel to artiusID

From: Keller, Penny <Penny.Keller@huschblackwell.com>
Sent: Monday, September 16, 2024 10:11 AM
To: ronda_farrar@txwb.uscourts.gov

**Cc:** Butler, Lynn <Lynn.Butler@huschblackwell.com>; Zavala, Tom <Tom.Zavala@huschblackwell.com>; Hayes, Lauren <Lauren.Hayes@huschblackwell.com>; Bloom, Mark <Mark.Bloom@bakermckenzie.com>; Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Subject:** [EXTERNAL] Case No. 23-11007-cgb - Expedited Hearing on Motion to Quash

Ms. Farrar,

Collaborative Vision intends to file a Motion to Quash Debtor's Notices of Deposition and a Motion to Expedite the Consideration.  The depositions are noticed for September 18th at 9:00am.  Mr. Butler is flying out tomorrow afternoon for a conference and is hoping the Court can set the expedited hearing tomorrow morning.

We will file the respective pleadings once Debtor's counsel has responded with its agreement/opposition to the motion to expedite.

Thank you,

**Penny S. Keller**
**Senior Paralegal**

**HUSCH BLACKWELL**

111 Congress Avenue,
Suite 1400
Austin, TX 78701-4093

Direct: 512-370-3458
Fax: 512-479-1101
Penny.Keller@huschblackwell.com
huschblackwell.com

**Financial Services & Capital Markets**

**Insolvency**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service. Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon to our clients' most complex challenges.**