IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-11007-cgb |
| | § | |
| ARTIUS.ID, INC., | § | Chapter 7 |
| | § | |
| Alleged Debtor. | § | |
| | § | |

**AMENDED DEBTOR'S RESPONSE TO COLLABORATIVE VISION LLC
AND LISA MATAR'S MOTION TO QUASH**

**[Amended to correct Certificate of Service in response to ECF No. 109]**

TO THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE

Alleged Debtor, Artius.ID, Inc. ("Artius.ID") files this Response to Collaborative Vision LLC and Lisa Matar's Motion to Quash and requests that the Court allow Artius.ID's to depose Lisa Matar ("Ms. Matar") before the hearing set for September 25, 2024.

**I.
ARGUMENT AND AUTHORITIES**

1. On September 10, 2024, counsel for Artius.ID sent an email to Ms. Matar's counsel, Mr. Butler, offering three days to take Ms. Matar's deposition, on September 16th, 17th, or 18th.

2. On September 10, 2024, Mr. Butler responded that he would "check on her availability." (*See* Exhibit A, Email Correspondence between Counsel). When no response was provided about Ms. Matar's availability, counsel for Artius.ID sent another email on Thursday, September 12, 2024, asking for a response and noting that it would be forced to send a deposition notice for one of the offered dates if it did not receive a timely response.

3. On the same day, Mr. Butler responded to counsel for Artius.ID asking why his client needed to be deposed. (*See* Exhibit A, Email Correspondence between Counsel).

4. Ms. Matar, the Principal, Founder, and owner of Collaborative Vision, responded to Artius.ID's Motion to Dismiss by filing an extensive Objection. Artius.ID asserts that the depositions of Collaborative Vision and Ms. Matar are necessary in order to permit Atrius.ID to test this Objection before the scheduled hearing on the Motion to Dismiss on September 25, 2024.

5. Having received an email from Mr. Butler questioning the necessity of his client's deposition, on September 13, 2024, Artius.ID formally served a 30(b)(6) notice for Collaborative Vision and an individual notice of Ms. Matar to set the deposition for Wednesday, September 12, which was the latest of the three dates originally offered by counsel for Artius.ID. Moreover, the deposition was set to occur in the most convenient place for Ms. Matar—her home town in Oregon.

6. Artius.ID did not become aware of Mr. Butler's intentions to file a Motion to Quash until September 16, 2024, in which Mr. Butler also provided that he would be flying out of town on the afternoon of Tuesday, September 17, 2024 for a conference. (*See* Exhibit A, Email Correspondence between Counsel). Notably, Mr. Butler has had no oral communications with counsel for Atrius.ID nor has anyone from his firm. As such, even if Mr. Butler is unable to attend the time and date of the noticed deposition, there is no reason why one of his Partners attached in the same email correspondence could not attend and defend this deposition (*See* Exhibit A, Email Correspondence between Counsel).

7. In response, counsel for Artius.ID emailed the Court to express its willingness to accommodate an appropriate time for the deposition in order to ensure that the deposition took place before the Court's hearing on September 25, 2024. (*See* Exhibit B, Email Correspondence with the Court). Artius.ID again maintains that it is willing to reset the date of deposition for

Friday, September 20, 2024 or Monday, September 23, 2024 at the location of Mr. Butler and his client's choosing.

8. The Federal Rules of Civil Procedure provides that reasonable written notice is required to "depose a person by oral questions." Fed R. Civ. P. 30(b)(1). According to the Federal courts "what is reasonable 'depends on the circumstances.'" *Black v. Triplett (In re Triplett)*, Nos. 19-42570, 20-4057, 20-4058, 20-4059, 2022 Bankr. LEXIS 2256, at *7 (Bankr. E.D. Tex. 2022) (quoting *Nelson v. AMX Corp.*, No. 3:04-CV-1350-H, 2005 U.S. Dist. LEXIS 11441, at *13 (N.D. Tex. 2005)).

9. Here, Atrius.ID provided Collaborative Vision and Ms. Matar with notice of its intent to take the depositions on September 10, 2024. The formal Notice of Taking Deposition was then served on September 13, 2024 listing the deposition date as September 18, 2024. Accordingly, Atrius.ID provided Collaborative Vision and Ms. Matar with at least eight (8) days' notice for the deposition and at least five (5) days' notice from serving the formal Notice of Taking Deposition. Moreover, Atrius.ID is willing to reschedule the deposition to September 20, 2024 or September 23, 2024, providing Collaborative Vision and Ms. Matar with approximately ten (10) to thirteen (13) days' notice, depending on the date in which it agrees.

10. Federal courts have held that five (5) and seven (7) days' notice for depositions are reasonable in certain circumstances. *See id.* (citing *Leamon v. KBR, Inc.*, Civil Action No. H-10-253, 2011 U.S. Dist. LEXIS 167527, at *4 (S.D. Tex. 2011); *Miller v. Printech Instant Ads*, 133 B.R. 588, 591 (Bankr. E.D. Pa. 1991)).

11. Therefore, Atrius.ID requests that the Court deny the Motion to Quash the Depositions because Collaborative Vision and Ms. Matar were provided reasonable notice.

12. Additionally, the depositions of Collaborative Vision and Ms. Matar are necessary in order to examine the information provided by Ms. Matar in the Dismissal Objection to Artius.ID's Motion to Dismiss. Thus, the information sought through the deposition of Ms. Matar will be directly relevant and proportional to the needs of this case.

13. The relevance standard for depositions in the Fifth Circuit is broad and inclusive. *See Alvarado v. Air Sys. Components LP*, Civil Action No. 3:19-CV-2057-N, 2022 U.S. Dist. LEXIS 46404, at *3-4 (N.D. Tex. 2022). According to the Fifth Circuit, "the party seeking to prevent discovery" must "specify why the discovery is not relevant or show that it fails the proportionality requirement." *Id.* (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Collaborative Vision and Ms. Matar's motion to quash fails to set forth a single fact as it relates to the relevance and proportionality of the deposition topics provided by Atrius.ID, instead relying on baseless assertions in support of its arguments.

14. Here, information regarding the Dismissal Objection to Artius.ID's Motion to Dismiss is directly relevant to the current dispute, especially in light of the upcoming hearing on the Motion to Dismiss scheduled for September 25, 2024.

15. Furthermore, a party seeking to avoid discovery must demonstrate, *with facts*, a particular, demonstrable injury sufficient to justify a protective order. *Alvarez v. Brokers Logistics, Ltd.*, No. EP-23-CV-00148-DCG, 2024 U.S. Dist. LEXIS 87351, at *9 (W.D. Tex. 2024). Thus, Collaborative Vision and Ms. Matar's motion for protective order should be denied for failing to set forth a single fact that would merit the issuance of a protective order.

## III.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Artius.ID, Inc. respectfully requests that the Court deny Collaborative Vision LLC and Lisa Matar's Motion for Protective Order and Motion to Quash, order Lisa Matar to appear for her deposition at a time before the hearing on the Motion to Dismiss, scheduled for September 25, 2024, and grant Artius.ID, Inc.'s such other and further relief to which they are entitled.

By: /s/ *Alexander D. Burch*
Alexander D. Burch
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
alexander.burch@bakermckenzie.com

-and-

Mark Taylor
1900 N. Pearl St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mark.taylor@bakermckenzie.com

-and-

Mark Bloom (admitted Pro Hac Vice)
Sabadell Financial Center
1111 Brickell Avenue, 10th Floor
Miami, Florida 33131
Telephone: (305) 789 8927
Facsimile: (305) 789 8953
mark.bloom@bakermckenzie.com

**COUNSEL FOR DEBTOR ARTIUS.ID, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2024 a true and correct copy of the foregoing was served simultaneously upon docketing on all counsel of record or *pro se* parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in this case.

                                        */s/ Alexander D. Burch*
                                        Alexander D. Burch

**Electronic Notice by CM/ECF**

Jason Bradley Binford
Ross, Smith & Binford, PC
2901 Via Fortuna, Bldg. 6, Suite 450
Austin, TX 78746
jason.binford@rsbfirm.com

See Attached Matrix

**Manual Notice**

None

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 23-11007-cgb<br>Western District of Texas<br>Austin | ArtiusID, Inc.<br>801 Barton Springs<br>Austin, TX 78704-1146 | United States Trustee (SMG17)<br>United States Trustee*<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 | ArtiusID, Inc.<br>c/o Alexander D. Burch*<br>BAKER & McKENZIE LLP<br>800 Capitol St., Suite 2100<br>Houston, Texas 77002-2947 | ArtiusID, Inc.<br>c/o Robert T. DeMarco*<br>DeMarcoMitchell, PLLC<br>12770 Coit Road, Suite 850<br>Dallas, TX 75251-1364 |
| ~~Collaborative Vision LLC~~<br>~~c/o Cokinos Young~~<br>~~1221 Lamar 16th Fl~~<br>~~Houston TX 77010-3039~~<br>Self-Terminated on 08/23/2024 | Collaborative Vision LLC<br>c/o Lynn Hamilton Butler*<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 | ~~c/o Emma P. Myles~~<br>~~Cokinos Young~~<br>~~1221 Lamar Street, 16th Floor~~<br>~~Houston, Texas 77010-3039~~<br>Self-Terminated on 08/23/2024 |
| Collaborative Vision, LLC<br>c/o Kell C. Mercer, PC*<br>901 S Mopac Expy Bldg 1 Ste 300<br>Austin, TX 78746-5883 | ~~Collaborative Vision, LLC~~<br>~~c/o Tres Gibbs~~<br>~~Cokinos Young~~<br>~~1221 Lamar, 16th Fl.~~<br>~~Houston, Texas 77010-3039~~<br>Self-Terminated on 08/23/2024 | Goldstein Consulting Services, LLC<br>c/o Michael T. Conway, Esq.*<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 |
| Rearc LLC<br>c/o Michael T. Conway, Esq.*<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 | Ron Satija, Chapter 7 Trustee<br>c/o Todd Headden*<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757-1269 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450<br>c/o Shane P. Tobin* |
| Xmogrify<br>c/o Michael T. Conway, Esq.*<br>Lazare Potter Giacovas & Moyle LLP<br>747 Third Avenue, 16th Floor<br>New York, NY 10017-2856 | Alexander D. Burch*<br>Baker McKenzie LLP<br>700 Louisiana, Suite 3000<br>Houston, TX 77002-2871 | Eric A Liepins*<br>Legal Aid of Northwest Texas<br>1515 Main Street<br>Dallas, TX 75201-4841 |
| Mark D. Bloom*<br>Baker McKenzie LLP<br>1111 Brickell Ave<br>Ste 10th Floor<br>Miami, FL 33131-3122 | Robert T DeMarco III*<br>Robert Demarco<br>12770 Coit Road<br>Suite 850<br>Dallas, TX 75251-1364 | Ron Satija*<br>P.O. Box 660208<br>Austin, TX 78766-7208 |

*Parties served by ECF

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Collaborative Vision, LLC<br>c/o Lynn Hamilton Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 | End of Label Matrix<br>Mailable recipients    20<br>Bypassed recipients    1<br>Total    21 |

# Exhibit A

**Hayes, Rylie**
___

| | |
|---|---|
| **From:** | Butler, Lynn <Lynn.Butler@huschblackwell.com> |
| **Sent:** | Thursday, September 12, 2024 2:45 PM |
| **To:** | Taylor, Mark D |
| **Cc:** | Bloom, Mark |
| **Subject:** | [EXTERNAL] RE: artiusID |

Sorry. I had several hearings yesterday. Given that the court has already commented that he understands that Collaborative Vision has a partially disputed claim, what is the need for the deposition? If you intend to try the underlying claim, we won't agree to that. As the Court said, we are to concentrate on your motion. I just need a clear understanding of what you will be asking before having my client make the final decision.

Lynn

**Lynn Butler**
**Partner**
Direct: 512-479-9758
Lynn.Butler@huschblackwell.com

---

**From:** Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Sent:** Thursday, September 12, 2024 12:26 PM
**To:** Butler, Lynn <Lynn.Butler@huschblackwell.com>
**Cc:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Subject:** RE: artiusID

[EXTERNAL EMAIL]

Lynn,

I have not heard from you regarding deposition dates/times for the deposition of Lisa Matar. Please respond today, or I will be forced to send a deposition notice for one of the dates I referenced in my original email of three days ago.

If you prefer to discuss, please call me at 214-773-3430.

Thanks,

Mark

---

**From:** Butler, Lynn <Lynn.Butler@huschblackwell.com>
**Sent:** Tuesday, September 10, 2024 3:53 PM
**To:** Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Cc:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: artiusID

I'm in Austin. She's in Oregon.

**Lynn Butler**
**Partner**
Direct: 512-479-9758
Lynn.Butler@huschblackwell.com

1

**From:** Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Sent:** Tuesday, September 10, 2024 3:40 PM
**To:** Butler, Lynn <Lynn.Butler@huschblackwell.com>
**Cc:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Subject:** RE: artiusID

[EXTERNAL EMAIL]

No, this would be in person. I'm happy to take the deposition in Austin or wherever she is located.

**From:** Butler, Lynn <Lynn.Butler@huschblackwell.com>
**Sent:** Tuesday, September 10, 2024 3:30 PM
**To:** Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Cc:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: artiusID

Let me check on her availability. I assume this will be virtual?

**Lynn Butler**
**Partner**
Direct: 512-479-9758
Lynn.Butler@huschblackwell.com

**From:** Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Sent:** Tuesday, September 10, 2024 3:27 PM
**To:** Butler, Lynn <Lynn.Butler@huschblackwell.com>
**Cc:** Bloom, Mark <Mark.Bloom@bakermckenzie.com>
**Subject:** artiusID

[EXTERNAL EMAIL]

Lynn,

Mark Bloom and I represent artiusID. To prepare for the hearing on September 25, I would like to take the deposition of Lisa Matar. I am available September 16-18 of next week.

Please let me know a convenient place and start time, and I will send a notice. Thank you for your anticipated cooperation.

Regards,

Mark

**Mark D Taylor**
Principal, Litigation
Baker & McKenzie LLP
1900 North Pearl
Suite 1500
Dallas, TX 75201
United States
Tel: +1 214 978 3000
Fax: +1 214 978 3099
Cell: 214-773-3430
mark.taylor@bakermckenzie.com

2



[bakermckenzie.com](bakermckenzie.com) | [Facebook](Facebook) | [LinkedIn](LinkedIn) | [Twitter](Twitter)

**Thomson Reuters**
STAND-OUT LAWYER 2024

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit [www.bakermckenzie.com/disclaimers](www.bakermckenzie.com/disclaimers) for other important information concerning this message.

3

# Exhibit B

**Hayes, Rylie**

---

| | |
|---|---|
| From: | Taylor, Mark D |
| Sent: | Monday, September 16, 2024 11:51 AM |
| To: | Keller, Penny; ronda_farrar@txwb.uscourts.gov |
| Cc: | Butler, Lynn; Zavala, Tom; Hayes, Lauren; Bloom, Mark |
| Subject: | RE: Case No. 23-11007-cgb - Expedited Hearing on Motion to Quash |
| Attachments: | [EXTERNAL] RE: artiusID |

Dear Ms. Farrar,

From the email sent by Ms. Keller below, it sounds like the only objection to this deposition is one of timing. We are happy to accommodate an appropriate time but must complete this deposition in time to receive the transcript before the Court's hearing on September 25.

As noted in the email string attached, I sent an email on September 10 to Ms. Matar's counsel, Mr. Butler, and offered three days to take Ms. Matar's deposition (September 16,17 or 18).

Mr. Butler responded on September 10 that he would "check on her availability." (See attached). When no response was provided about Ms. Matar's availability, I sent another email on Thursday, September 12, asking for a response and noting that I would be forced to send a deposition notice for one of the dates I offered if I did not hear from him. Mr. Butler responded with a question about why his client needed to be deposed. Ms. Matar, who is the Principal and owner of Collaborative Vision, filed an extensive Objection to the alleged Debtor's Motion to Dismiss. The alleged Debtor is permitted to test that Objection.

Having received an email from Mr. Butler questioning the necessity of his client's deposition, I served (on September 13) a 30(b)(6) notice for Collaborative Vision and an individual notice of Ms. Matar and set the deposition for Wednesday, September 12, which was the latest of the three dates I originally offered. I also set the deposition for the most convenient place for the witness—her home town in Oregon.

Ms. Keller's email below is the first time I have heard that Mr. Butler intends to file a Motion to Quash and is flying out on Tuesday afternoon for a conference. Mr. Butler has had no oral communications with me, nor has anyone from his firm. If he is in a conference, there is no reason why one of his copied Partners above cannot attend and defend this deposition.

We are happy to reset this deposition for Friday of this week or Monday of next week and will work with counsel to depose the witness at whichever location he and his client prefers. Without seeing Mr. Butler's Motion to Quash, I do not know whether we are opposed to it.

Best regards,

Mark Taylor
Counsel to artiusID

---

**From:** Keller, Penny <Penny.Keller@huschblackwell.com>
**Sent:** Monday, September 16, 2024 10:11 AM
**To:** ronda_farrar@txwb.uscourts.gov

**Cc:** Butler, Lynn <Lynn.Butler@huschblackwell.com>; Zavala, Tom <Tom.Zavala@huschblackwell.com>; Hayes, Lauren <Lauren.Hayes@huschblackwell.com>; Bloom, Mark <Mark.Bloom@bakermckenzie.com>; Taylor, Mark D <Mark.Taylor@bakermckenzie.com>
**Subject:** [EXTERNAL] Case No. 23-11007-cgb - Expedited Hearing on Motion to Quash

Ms. Farrar,

Collaborative Vision intends to file a Motion to Quash Debtor's Notices of Deposition and a Motion to Expedite the Consideration. The depositions are noticed for September 18th at 9:00am. Mr. Butler is flying out tomorrow afternoon for a conference and is hoping the Court can set the expedited hearing tomorrow morning.

We will file the respective pleadings once Debtor's counsel has responded with its agreement/opposition to the motion to expedite.

Thank you,

**Penny S. Keller**
**Senior Paralegal**

**HUSCH BLACKWELL**

111 Congress Avenue,
Suite 1400
Austin, TX 78701-4093

Direct: 512-370-3458
Fax: 512-479-1101
Penny.Keller@huschblackwell.com
huschblackwell.com

**Financial Services & Capital Markets**
**Insolvency**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service. Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon** **to our clients' most complex challenges.**