EXHIBIT B

1

2

3

4           IN THE CIRCUIT COURT OF THE STATE OF OREGON

5               FOR THE COUNTY OF MULTNOMAH

6  COLLABORATIVE VISION LLC, an Oregon        Case No. 23CV15182
   limited liability company,
7                                             **DEFENDANT'S AMENDED ANSWER
                                              AND AFFIRMATIVE DEFENSES TO
8           Plaintiff,                        PLAINTIFF'S COMPLAINT AND
                                              COUNTERCLAIMS**
9
   vs.                                        Prayer: $553,927.43
10                                            Fee Authority: $884; ORS 21.160(1)(d)
   Q5ID, INC., an Oregon corporation,
11                                            NOT SUBJECT TO MANDATORY
                                              ARBITRATION
12          Defendant.
                                              JURY TRIAL REQUESTED
13

14          As its amended answer to plaintiff Collaborative Vision LLC's ("Collaborative Vision's")

15  Complaint, defendant Q5id, Inc. ("Q5id"), hereby admits, denies, and alleges as follows:

16                              **INTRODUCTION**

17                                    1.

18          In response to paragraph 1, Q5id denies.

19                                    2.

20          In response to paragraph 2, Q5id denies.

21                              **THE PARTIES**

22                                    3.

23          In response to paragraph 3, Q5id lacks sufficient information to admit or deny and therefore

24  denies the same.

25                                    4.

26          In response to paragraph 4, Q5id admits.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE              **O'HAGAN MEYER PLLC**
DEFENSES TO PLAINTIFF'S COMPLAINT AND                   805 SW Broadway, Suite 2280
COUNTERCLAIMS- Page 1                                   Portland, Oregon 97205
                                                        Telephone: 971.315.0650
                                                        Facsimile: 971.315.0720

1                         **THE CLIENT SERVICE AGREEMENT**

2                                       5.

3         In response to paragraph 5, Q5id admits.

4                                       6.

5         In response to paragraph 6, Q5id admits the parties entered into a Client Service

6 Agreement, which speaks for itself. Q5id otherwise denies the remaining allegations.

7                                       7.

8         In response to paragraph 7, Q5id denies.

9                                     8.

10        In response to paragraph 8, Q5id denies.

11                                   9.

12        In response to paragraph 9, Q5id denies.

13                                 10.

14        In response to paragraph 10, Q5id denies.

15                                 11.

16        In response to paragraph 11, Q5id denies.

17                                 12.

18        In response to paragraph 12, Q5id admits.

19                                 13.

20        In response to paragraph 13, Q5id denies.

21                                 14.

22        In response to paragraph 14, Q5id denies.

23                                 15.

24        In response to paragraph 15, Q5id denies.

25                                 16.

26        In response to paragraph 16, Q5id denies.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 2

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1                                       17.

2       In response to paragraph 17, Q5id denies.

3             **Q5ID FAILS TO PAY COLLABORATIVE VISION'S INVOICES WHEN DUE**

4                                       18.

5       In response to paragraph 18, Q5id admits Collaborative Vision recruited employees and

6 contingent workers for Q5id and sent invoices pursuant to the Client Service Agreement and

7 Addendum. Q5id otherwise denies.

8                                       19.

9       In response to paragraph 19, Q5id denies

10                                     20.

11       In response to paragraph 20, Q5id admits its then-interim Chief Operating Officer, Becky

12 Wanta, provided Collaborative Vision with a Notice of Termination of the Addendum on or around

13 November 18, 2022. Q5id otherwise denies.

14                                     21.

15       In response to paragraph 21, Q5id admits Collaborative Vision provided written notice of

16 termination of the Client Service Agreement and Addendum on or around December 9, 2022,

17 which speaks for itself. Q5id otherwise denies the remaining allegations.

18                                     22.

19       In response to paragraph 22, Q5id denies.

20                                     23.

21       In response to paragraph 23, Q5id denies.

22                                     24.

23       In response to paragraph 24, Q5id denies.

24                                     25.

25       In response to paragraph 25, Q5id denies.

26    ///

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 3

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1    26.

2    In response to paragraph 26, Q5id denies.

3    **THE PROMISSORY NOTE**

4    27.

5    In response to paragraph 27, Q5id admits its then-Chief Executive Officer, Steve Larson,

6    asked Lisa Matar if she would loan Q5id $200,000. Q5id otherwise denies.

7    28.

8    In response to paragraph 28, Q5id lacks sufficient information and belief as to what Mr.

9    Larson represented and therefore denies the same.

10   29.

11   In response to paragraph 29, Q5id admits Collaborative Vision agreed to loan Q5id

12   $200,000. Q5id otherwise denies.

13   30.

14   In response to paragraph 30, Q5id admits.

15   31.

16   In response to paragraph 31, Q5id lacks sufficient information and belief as to the reason

17   for Collaborative Vision's decision to loan $200,000 to Q5id and therefore denies the same.

18   32.

19   In response to paragraph 32, Q5id admits it entered into an agreement with Collaborative

20   Vision on or around October 14, 2022, and the documents speak for themselves. Q5id otherwise

21   denies.

22   33.

23   In response to paragraph 33, Q5id admits it has not made payments to Collaborative Vision

24   to repay the Promissory Note. Q5id otherwise denies.

25   / / /

26   / / /

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 4

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

34.

In response to paragraph 34, Q5id admits its Chief Financial Officer, Brian Grant, sent an email to Lisa Matar on or around March 4, 2023, which speaks for itself. Q5id otherwise denies.

35.

In response to paragraph 35, Q5id admits it has not promised to repay Collaborative Vision for the $200,000 loan. Q5id otherwise denies.

36.

In response to paragraph 36, the document speaks for itself.

37.

In response to paragraph 37, the document speaks for itself.

**Q5ID REPEATEDLY ACKNOWLEDGES ITS BREACHES**

38.

In response to paragraph 38, Q5id admits its Executive Vice President, Dominic O'Dierno, sent an email to Lisa Matar on or around January 9, 2023, which speaks for itself. Q5id otherwise denies.

39.

In response to paragraph 39, Q5id admits Mr. O'Dierno sent Ms. Matar an email on or around February 10, 2023, which speaks for itself. Q5id otherwise denies.

40.

In response to paragraph 40, Q5id admits Mr. O'Dierno sent Ms. Matar an email on or around February 26, 2023, which speaks for itself. Q5id otherwise denies.

41.

In response to paragraph 41, Q5id admits Mr. O'Dierno and Ms. Matar met in person on March 15, 2023, and Mr. O'Dierno sent Ms. Matar an email on or around March 16, 2023, which speaks for itself. Q5id otherwise denies.

/ / /

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1                                42.

2       In response to paragraph 42, Q5id admits it has made no payments on the allegedly

3 outstanding invoices. Q5id otherwise denies.

4                         **FIRST CLAIM FOR RELIEF**

5                             **Breach of Contract**

6                      **(Client Services Agreement)**

7                              43.

8       In response to paragraph 43, Q5id restates and incorporates by reference its admissions and

9 denials to paragraphs 1 through 42 of Collaborative Vision's Complaint.

10                              44.

11       In response to paragraph 44, Q5id denies.

12                              45.

13       In response to paragraph 45, Q5id denies.

14                              46.

15       In response to paragraph 46, Q5id denies.

16                              47.

17       In response to paragraph 47, Q5id denies.

18                              48.

19       In response to paragraph 48, Q5id denies.

20                       **SECOND CLAIM FOR RELIEF**

21                             **Breach of Contract**

22                    **(Other Consulting Services)**

23                              49.

24       In response to paragraph 49, Q5id restates and incorporates by reference its admissions and

25 denials to paragraphs 1 through 48 of Collaborative Vision's Complaint.

26       / / /

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 6

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1          50.

2     In response to paragraph 50, Q5id denies.

3          51.

4     In response to paragraph 51, Q5id denies.

5          52.

6     In response to paragraph 52, Q5id denies.

7          53.

8     In response to paragraph 53, Q5id denies.

9                    **THIRD CLAIM FOR RELIEF**

10                     **Breach of Contract**

11                     **(Promissory Note)**

12          54.

13     In response to paragraph 54, Q5id restates and incorporates by reference its admissions and

14 denials to paragraphs 1 through 53 of Collaborative Vision's Complaint.

15          55.

16     In response to paragraph 55, Q5id denies.

17          56.

18     In response to paragraph 56, Q5id denies.

19          57.

20     In response to paragraph 57, Q5id denies.

21          58.

22     In response to paragraph 58, Q5id denies.

23          59.

24     In response to paragraph 59, Q5id denies.

25 / / /

26 / / /

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 7

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1       60.

2       Except as expressly admitted herein, Q5id denies any and all remaining allegations not

3  specifically addressed in this Answer.

4                               **AFFIRMATIVE DEFENSES**

5                            **FIRST AFFIRMATIVE DEFENSE**

6                             **(Failure to Mitigate Damages)**

7       61.

8  Collaborative Vision failed to mitigate its damages, if any.

9                           **SECOND AFFIRMATIVE DEFENSE**

10                   **(Fraud and Misrepresentation to Enter Contracts)**

11       62.

12       Collaborative Vision's claims are barred, in whole or in part, because Collaborative Vision

13  induced Q5id to enter into the agreements listed in the Complaint with fraudulent

14  misrepresentations.

15                            **THIRD AFFIRMATIVE DEFENSE**

16                               **(Undue Influence)**

17       63.

18       Collaborative Vision's claims are barred, in whole or in part, because Collaborative Vision

19  exerted undue influence on Q5id or its agents and directors.

20                           **FOURTH AFFIRMATIVE DEFENSE**

21                             **(Prior Material Breach)**

22       64.

23       Collaborative Vision's claims are barred, in whole or in part, because it committed one or

24  more material breaches of the Client Services agreement and/or the Promissory Note.

25  / / /

26  / / /

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 8

1               **FIFTH AFFIRMATIVE DEFENSE**

2               **(Failure of Conditions Precent)**

3               65.

4         Collaborative Vision's claims are barred, in whole or in part, because they are subject to

5 one or more unfulfilled conditions precedent.

6               **SIXTH AFFIRMATIVE DEFENSE**

7               **(Consideration)**

8               66.

9         Collaborative Vision's claims are barred, in whole or in part, because Q5id did not receive

10 any valuable consideration.

11              **SEVENTH AFFIRMATIVE DEFENSE**

12               **(Unclean Hands)**

13               67.

14         Collaborative Vision's claims are barred, in whole or in part, because of the doctrine of

15 unclean hands.

16              **EIGHTH AFFIRMATIVE DEFENSE**

17             **(Frustration of Purpose)**

18               68.

19         Collaborative Vision's claims are barred, in whole or in part, because Collaborative

20 Vison's actions have frustrated the purposes of the Client Service Agreement, the Promissory

21 Note, or any of the other contracts.

22              **NINTH AFFIRMATIVE DEFENSE**

23         **(Breach of Good Faith and Fair Dealing)**

24               69.

25         Collaborative Vision's claims are barred, in whole or in part, because Collaborative Vision

26 breached the duty of good faith and fair dealing.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 9

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

**RESERVATION OF RIGHTS**

70.

Q5id expressly reserves the right to amend its Answer to add additional affirmative defenses, counterclaims, or cross-claims or to identify responsible third parties as additional facts are obtained through discovery or trial.

**<u>COUNTERCLAIMS</u>**

**FACTS**

71.

From the very beginning, Collaborative Vision's founder and owner, Lisa Matar ("Matar") began a campaign to unduly influence Q5id and manipulate its former President and CEO Steve Larson ("Larson") and others for their own gain at the expense of Q5id.

72.

Larson would enter Q5id's office on the phone with Matar, talk constantly during the day, and then still be on the phone with her as he left.

73.

Matar constantly texted Larson, including late in the night until 2:00 am.

74.

Larson frequented Matar's house, including making late night trips to her home and leaving in the early hours.

75.

Matar's manipulation of Larson grew and in late 2022, Larson texted Matar and stated, "I would take care of you. I always have and I'm sure [I] always w[i]ll."

76.

While the company had its own internal recruiter, Larson ignored the candidates provided by the internal recruiter and favored the candidates from Collaborative Vision. Larson informed the hiring team, as soon as a position opened, that Collaborative Vision should be notified, ignoring

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 10

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1    a previous prerequisite that the internal recruiting team be allowed three weeks to look for qualified

2    candidates before paying recruiters.

3                                                    77.

4          Collaborative Vision then began issuing invoices for candidates who had not started, and

5    who did not complete their 90-day introductory period. On April 1, 2020, Matar told Q5id

6    employes that she had spoken to Larson, and he felt "it would be fair and reasonable to pay $2,000

7    for an employee that is hired into a sales role, even if their employment ends prior to the completion

8    of 30 days." Matar also emailed Q5id employees telling them work to do was approved by Larson.

9                                                    78.

10         Larson also agreed to pass possible candidates on to Matar/Collaborative Vision. On March

11   10, 2020, Larson texted Matar and stated, "I will send the people that reach out to me, to you to

12   process."  Larson could have easily passed the information on to the internal recruiters for Q5id.

13   This unnecessarily created fees and recruiting expenses that Q5id did not need, and no reasonable

14   CEO, acting on the prudent interest of the company, would have performed.

15                                                   79.

16         At the same time, many of the candidates from Collaborative Vision were inadequate for

17   the job. In June of 2021, Q5id was considering terminating multiple candidates referred by

18   Collaborative Vision. Matar texted Larson, "I'll reduce his fee to 18% if you can give him a month

19   in front of you." Matar then interfered with the business and coursed Larson to retain employees

20   past their 90-day period, and thereby guarantee her fees.

21                                                   80.

22         After complaints were brought to Matar, she promised that Collaborative Vision would

23   forgive or write off invoices. However, she still charged the full invoices.

24                                                   81.

25         Matar also influenced Larson into allowing Collaborative Vision to be the exclusive

26   recruiter for the company. She also coerced Larson into agreeing to remove the provisions

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 11

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1   regarding elimination of the fee for employees who do not complete 30 or 90 days of employment.

2                 82.

3      Matar coursed and unduly influenced Larson to a kickback agreement where Larson agreed

4   to use an overseas call center proposed by Matar, then Matar would receive a commission on

5   enrollments and Larson would receive a percent of Matar's commission.

6                 83.

7      Matar's nefarious ways did not solely focus on Larson. In mid-2021, Matar hired her

8   daughter into a role at Q5id through Collaborative Vision. Matar did not disclose that the employee

9   was Matar's daughter.

10                84.

11     Matar's daughter told employees that Larson was frequently at her house with her mom,

12   and therefore other employees should keep that in mind when assigning her work or attempting to

13   discipline her. After discovering the disclosure, Q5id terminated the employee.

14                85.

15    Collaborative Vision began using the candidates it placed into the company to improperly

16   gain confidential and insider information to use against the company. On September 25, 2021,

17   Matar sent an email to herself titled "Neil insider info on Q5id."

18            **FIRST COUNTERCLAIM**

19               **(Fraud)**

20               86.

21      Q5id incorporates paragraphs 71 through 85 above by reference as fully set forth herein.

22               87.

23      Collaborative Vision, through Ms. Matar, made material representations to Q5id's prior

24   President and CEO, Mr. Larson, which were false and that Mr. Larson and Q5id were ignorant of

25   the truth. This includes statements about the quality and origin of Collaborative Vision's proposed

26   job candidates and the quality of alleged consulting services offered by Ms. Matar.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 12

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

88.

It was Collaborative Vision/Ms. Matar's intent that Mr. Larson act in reliance on the material representations.

89.

Q5id's reliance on Collaborative Vision/Ms. Matar's material representations resulted in injury to Q5id including undue expenses for recruiting and alleged consulting services, and costs associated with employee turnover.

**SECOND COUNTERCLAIM**

**(Intentional Interference with Business Relationships)**

90.

Q5id incorporates paragraph 71 through 89 by reference as fully set forth herein.

91.

Collaborative Vision, through Ms. Matar, intentionally interfered with Q5id's business relationships by constantly questioning Q5id's contracts with other recruiters and placement agencies, persuading Mr. Larson to grant her exclusivity with no benefit to Q5id, and persuading Mr. Larson to cover her expenses for attending the NMSDC industry conference which she had already been attending to benefit her own business for 10 years.

92.

Collaborative Vision, through Ms. Matar, intentionally interfered with Q5id's relationships with its employees by staying in close contact with employees in order to obtain confidential information about Q5id; complaining to Mr. Larson and other employees about Q5id's management to ensure that Mr. Larson, and therefore she, retained control of Q5id; providing confidential information to Q5id employees; and persuading Mr. Larson to hire job candidates proposed by Collaborative Vision rather than candidates provided by internal or third party recruiters.

93.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 13

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1    Collaborative Vision, through Ms. Matar, interfered with Q5id's business and employee

2    relationships for an improper purpose rather than for a legitimate one. In particular, there is

3    evidence that Ms. Matar used deceit, misrepresentation, and bribery to convince Mr. Larson to

4    agree to contract terms beneficial to only Collaborative Vision. This included providing him

5    unrelated and potentially illegal "services" through candidates and others, kickbacks under the

6    Client Services Agreement payments to retain candidates past the introductory periods, and others.

7                                         94.

8    Collaborative Vision, through Ms. Matar, improperly interfered with Q5id's business and

9    employee relationships resulting in injury to Q5id including but not limited to excessive

10   recruitment placement fees, expenses for the NMSDC conference, and costs associated with

11   employee turnover.

12                          **THRID COUNTERCLAIM**

13        **(Breach of Good Faith and Fair Dealing – Client Service Agreement)**

14                                        95.

15   Q5id incorporates paragraph 71 through 94 by reference as fully set forth herein.

16                                        96.

17   Collaborative Vision, through Ms. Matar, entered into the Client Service Agreement and

18   Ms. Matar coerced Q5id into various modifications over the following years.

19                                        97.

20   Q5id's performance of obligations under the Client Service Agreement should be excused

21   based on its affirmative defenses.

22                                        98.

23   Collaborative Vision, through Ms. Matar, breached its duty of good faith and fair dealing

24   in relation to the Client Service Agreement by destroying and injuring Q5id's right to receive the

25   fruits of the contract. In particular, Ms. Matar kept in close contact with Q5id employees to obtain

26   confidential information about Q5id; frequently modified the terms of the contract for her benefit

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 14

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1    with no benefit to Q5id; overstepped the boundaries of a recruiter and consultant by demanding

2    that Q5id employees perform work at her request; ignored the requests of Q5id's internal recruiters

3    and went around Q5id employees to obtain special approval from Mr. Larson; interpreted the

4    Client Service Agreement in a way that is contrary to its understanding; and acted unreasonably

5    when assessing whether Q5id was in compliance with the agreement.

6                                                    99.

7            Collaborative Vision, through Ms. Matar, caused injuries to Q5id including but not limited

8    to undue and excessive recruitment placement fees and costs associated with employee turnover.

9                                      **FOURTH COUNTERCLAIM**

10                    **(Breach of Contract – Client Service Agreement)**

11                                                   100.

12           Q5id incorporates paragraph 71 through 99 by reference as fully set forth herein.

13                                                   101.

14           Collaborative Vision, through Ms. Matar, entered into the Client Service Agreement and

15   Ms. Matar coerced Q5id into various modifications over the following years.

16                                                   102.

17           Q5id's performance of obligations under the Client Service Agreement should be excused

18   based on its affirmative defenses.

19                                                   103.

20           Collaborative Vision, through Ms. Matar, breached the Client Service Agreement

21   confidentiality provision by providing others with confidential information about Q5id.

22                                                   104.

23           Collaborative Vision/Ms. Matar's breach of confidentiality resulted in damages to Q5id

24   including damages to its reputation and costs associated with employee turnover.

25   / / /

26   / / /

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 15

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1 | **DAMAGES**

2 | 105.

3 |     Q5id has been damaged in no less than $500,000 by Collaborative Vision's actions and is

4 | entitled to its reasonable attorney fees under the Client Services Agreement.

5 | **EQUITABLE RELIEF**

6 | 106.

7 |     Q5id also requests equitable relief in recission or relief from the Clients Services

8 | Agreement, in whole or in part by the breaches and tortious actions of Matar/Collaborative Vision.

9 | **REQUEST FOR A JURY TRIAL**

10 | 107.

11 |     Q5id requests a jury trial.

12 | **<u>PRAYER FOR RELIEF</u>**

13 |     WHEREFORE, having fully answered Collaborative Vision's Complaint, Q5id

14 | respectfully requests the following relief:

15 |     a.    That Collaborative Vision's Complaint be dismissed with prejudice;

16 |     b.    That Collaborative Vision recover nothing from Q5id on Collaborative Vision's

17 | claims herein;

18 |     c.    That Q5id be awarded $500,000 in damages on its counterclaims.

19 |     d.    That Q5id be granted its costs and disbursements herein, including its reasonable

20 | attorney's fees pursuant to the Client Services Agreement and to the extent recoverable by law;

21 |     e.    Declaratory relief that the Q5id is relieved in whole or in part of the Client Services

22 | Agreement; and

23 |     f.    That Q5id be granted such other and further relief as the Court may deem

24 | appropriate.

25

26

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1

DATED this ___ day of September, 2024  O'HAGAN MEYER PLLC

2

3

4
By: _____

5
Bradley J. Krupicka, OSB #104318
bkrupicka@ohaganmeyer.com

6
*Attorneys for Defendant Q5id, Inc.*

7
Trial Attorney:

8
Bradley J. Krupicka, OSB #104318

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 17

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

1

2

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I served the foregoing **DEFENDANT'S AMENDED ANSWER AND**

3

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

4

on the following parties by the method indicated below on the _____ day of _____,

5

2023:

6

*Plaintiff:*

7

8

9

Lisa Matar
Collaborative Vision, LLC
PO Box 481
Beaverton, OR 97075

10

11

_____✓____ Via First Class Mail
_____ Via Federal Express
_____ Via Facsimile
_____ Via Odyssey E-File&Serve
_____ Via E-Mail

12

O'HAGAN MEYER PLLC

13

14

By: _____

15

Bradley J. Krupicka, OSB #104318
bkrupicka@ohaganmeyer.com

16

17

*Attorneys for Defendant Q5id, Inc.*

18

19

20

21

22

23

24

25

26

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- Page 18

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, Oregon 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720