```
                   IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE WESTERN DISTRICT OF TEXAS
                              AUSTIN DIVISION

                                      )
In Re                                 )
                                      )    Case No.
ArtiusID, Inc.,                       )    23-11007-cgb
                                      )
     Debtor.                          )
                                      )    Austin, Texas
                                      )    Monday
                                      )    October 7, 2024
_____)    3:03 p.m.

                                  HEARING
            BEFORE THE HONORABLE CHRISTOPHER G. BRADLEY
                    UNITED STATES BANKRUPTCY JUDGE

Appearances:                      See page 2



Courtroom Deputy:                 RHONDA FARRAR



Court Reporter (ECRO):            REN SCHOENER




Transcription Service:            SABRINA HAVARD
                                  2113 Cooper Road
                                  Zavalla, TX 75980
                                  (936) 897-2148
                                  sabrinalhavard@yahoo.com
```

      Proceedings recorded by electronic sound recording; transcript produced by transcription service

```
 1                         APPEARANCES

 2  For the Debtor:              MARK D. BLOOM, ESQUIRE
                                 BAKER & MCKENZIE, LLP
 3                               1111 Brickell Avenue
                                 10th Floor
 4                               Miami, FL 33131
                                 (305) 789-8900
 5
                                 MARK D. TAYLOR, ESQUIRE
 6                               BAKER & MCKENZIE, LLP
                                 1900 N. Pearl Street
 7                               Suite 1500
                                 Dallas, TX 75201
 8                               (214) 978-3089

 9  For Skypoint Cloud, Inc.:    MARK CURTIS TAYLOR, ESQUIRE
                                 HOLLAND & KNIGHT
10                               100 Congress Avenue
                                 Suite 1800
11                               Austin, TX 78701
                                 (512) 685-6400
12

13  For Goldstein Consulting     JASON BRADLEY BINFORD, ESQUIRE
    Services, Inc.:              ROSS, SMITH & BINFORD, PC
14                               2901 Via Fortuna Bldg. 6
                                 Suite 450
15                               Austin, TX 78746
                                 (512) 351-4778
16
                                 MICHAEL CONWAY, ESQUIRE
17                               LAZARE POTTER GIACOVAS &
                                 MOYLE, LLP
18                               747 Third Ave.
                                 16th Floor
19                               New York, NY 10017
                                 (917) 242-1597
20

21  For the U.S. Trustee:        SHANE P. TOBIN, ESQUIRE
                                 U.S. DEPARTMENT OF JUSTICE
22                               903 San Jacinto Blvd.
                                 Room 230
23                               Austin, TX 78701
                                 (512) 916-5348
24

25
```

```
 1                          APPEARANCES (CONT)

 2  For IOActive, Inc.:         JOHN DUBIEL, JR., ESQUIRE
                                BRISTON AND DUBIEL, LLP
 3                              3333 Lee parkway
                                Suite 600
 4                              Dallas, TX 75219
                                (214) 880-9988
 5
    For Collaborative Vision    LYNN HAMILTON BUTLER, ESQUIRE
 6  LLC:                        HUSCH BLACKWELL, LLP
                                111 Congress Avenue
 7                              Suite 1400
                                Austin, TX 78701
 8                              (512) 479-9758

 9
    For the Chapter 7 Trustee:  RON SATIJA, ESQUIRE
10                              HAYWARD PLLC
                                7600 Burnet Road
11                              Suite 530
                                Austin, TX 78757
12                              (737) 881-7102

13  ALSO PRESENT:               MICHAEL MARCOTTE

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(Proceedings commenced.)

THE COURT: This is Judge Bradley. I'm going to call Case Number 23-11007, *In Re ArtiusID, Inc.*, and I guess we're here on Docket Number 88, maybe also 94 and 95. Okay. Let's take appearances, starting with you, Mr. Bloom.

MR. BLOOM: Good afternoon, Your Honor. Mark, Bloom and Mark -- just second.

THE COURT: Go ahead.

MR. BLOOM: I'm sorry. Mark Bloom and Mark Taylor, on behalf of ArtiusID, Inc., the alleged Debtor in this case. Also present with us -- and I don't know whether his image is visible -- is the CEO, Michael Marcotte, who has asked me to advise the Court that he just had jaw surgery this morning, but he's here to affirm the representations that I'll make as part of our presentation today.

THE COURT: All right. Thank you. Okay. And I see the other Mark Taylor here, the Mark Taylor from Austin. Mr. Taylor?

MR. TAYLOR: Yes, yes. Your Honor, it's the -- it's the real Mark Taylor, you know, with Holland & Knight here on behalf of Skypoint Cloud, Inc. Skypoint Cloud, Inc.

THE COURT: I mean, we recognize North Texas as a real place here as well, Mr. Taylor, reluctantly, but I hear

1 you. Okay.

2 　　　　　Mr. Binford?

3 　　　　　MR. BINFORD: Good afternoon, Your Honor. Jason
4 Binford, on behalf of the petitioning creditors, and Michael
5 Conway is on the line as well.

6 　　　　　THE COURT: Thank you. Good afternoon.

7 　　　　　MR. CONWAY: Good afternoon, Your Honor.

8 　　　　　THE COURT: Okay. Mr. Tobin?

9 　　　　　MR. TOBIN: Good afternoon, Your Honor. Shane
10 Tobin from the Department of Justice here on behalf of the
11 U.S. Trustee.

12 　　　　　THE COURT: Thank you. Okay. So, does anyone
13 else on the Zoom call need to make an appearance?

14 　　　　　Mr. Dubiel?

15 　　　　　MR. DUBIEL: Your Honor, good afternoon. John
16 Dubiel for creditor, IOActive, Inc. I just entered an
17 appearance Friday morning.

18 　　　　　THE COURT: Okay. Thank you. You're welcome to
19 be here. Good afternoon. Okay. And, in the courtroom,
20 we've got two folks.

21 　　　　　MR. BUTLER: Yes, Your Honor. Lynn Butler of
22 Hush Blackwell, on behalf of Collaborative Vision. We're
23 one of the objecting parties.

24 　　　　　THE COURT: Okay. Thank you.

25 　　　　　MR. SATIJA: Ron Satija here in place of Todd

1  Headden for the Chapter 7 Trustee.
2  THE COURT: Okay. Thank you. Okay.
3  Mr. Bloom?
4  MR. BLOOM: Yes. Thank you, Your Honor. We
5  return today to court for what were supposed to be closing
6  arguments on the motion to dismiss that was filed by
7  ArtiusID. I have a series of positive updates and
8  developments on which I'll advise the Court that, as I
9  understand it, will transform the hearing into one that
10 involves less in the way of argument and more in the way of
11 affirmations and remarks from the parties who are assembled
12 today.
13         The Court will recall that, at our most recent
14 appearance, the conclusion of our most recent appearance on
15 September 25th, we outlined a proposal that would involve a
16 direct payment of the promissory note claim to Collaborative
17 Vision through the trust account of Mr. Butler's firm, along
18 with a series of payments into escrow for the benefit of
19 Collaborative Vision in respect to the disputed portions of
20 its claim, up to the full amount of the proof of claim filed
21 in the case, and for a payment into escrow of 110 percent of
22 the amounts claimed by the other parties that have filed
23 proofs of claim, Skypoint and IOActive.
24         Since then, through Mr. Butler's good efforts,
25 we've identified and agreed on a well-established Texas bank

1  to act as escrow agent and are finalizing the details of an
2  escrow agreement acceptable to that bank and to the affected
3  claimants.
4  But, more importantly, since September 25th,
5  counsel have appeared of record in this case for both
6  Skypoint and IOActive, and I refer here to the Austin Mark
7  Taylor, and also to Mr. Dubiel, and I'm very grateful to
8  both of them and to Mr. Taylor's Seattle co-counsel, John
9  Kaplan (phonetic), for engaging so quickly and
10 constructively in discussions with us to resolve their
11 claims by way of direct payment of agreed amounts and
12 eliminate the need for an escrow in respect of their claims
13 and obtain their support for the dismissal of the case that
14 we seek today.
15 We are finalizing simple settlement agreements,
16 having exchanged drafts over the weekend with both of those
17 parties that will include mutual releases and be executed
18 promptly following the formal dismissal of this case.
19 I've also received wire transfer instructions
20 from counsel for all of the parties that I've identified
21 that I've conveyed to Artius the payments can be set up to
22 be transmitted as soon as the dismissal order is entered,
23 and the agreements are then executed by the affected
24 parties.  On top of that, I'm particularly pleased to report
25 the positive developments also include an arrangement with

1  the Trustee and the Hayward firm as his counsel, as well.

2  　　　　As the Court may have observed the docket or been
3  advised by your calendar clerk, the Trustee has withdrawn
4  his motion to reopen evidence today, not unilaterally, but
5  as part of a larger arrangement that I believe Mr. Satija
6  will confirm includes his expression of support for the
7  dismissal today.

8  　　　　Under the essential terms of that agreement, the
9  Trustee will forego any right to seek payment of
10 compensation under Section 326 of the Bankruptcy Code.
11 Instead, Mr. Satija's fees calculated at his regular hourly
12 billing rate will be included in a single cash payment to be
13 made by Artius to the Hayward firm in an amount not to
14 exceed the sum of $55,000 to cover that firm's legal fees
15 and reimbursement of expenses in relation to this case.

16 　　　　To be clear, there is no escrow for the Hayward
17 fees.  Artius will pay the actual amount of fees and
18 expenses up to $55,000 in accordance with payment
19 instructions that Mr. Satija was kind enough to provide, and
20 that already had been relayed to Artius.

21 　　　　I'm authorized by Artius to advise the Court that
22 we have reached this agreement on escrow and/or direct
23 payments, as I've described, to each of Collaborative
24 Vision, Skypoint, IOActive, and now the Trustee.  And that,
25 as the Court heard in testimony on September 25th, Artius

1 has immediately available funds with which to make the
2 payments after the dismissal order has been entered.
3     In fact, as I've stated, all of the wire and
4 payment instructions received from all of the parties have
5 been forwarded to Artius so that the payments can be made
6 within one to two business days from entry of the order --
7 of the dismissal order and execution of the documentation
8 that's agreed or in final stages as to each.
9     I've been asked to announce on the record
10 specifically that the amount to be paid to Skypoint under
11 this arrangement is $100,000.  Other amounts have been
12 agreed and documented privately.
13     I'm further authorized by Artius, and Mr.
14 Marcotte is present today in order to affirm this, if the
15 Court deems it necessary, to represent that, as an
16 inducement on which I have asked each of these parties to
17 rely in offering their support for the dismissal, the
18 payments, as I've described, will be made promptly after
19 entry of the dismissal order and execution of whatever
20 agreements each of the parties may reasonably request.
21     I've circulated an updated draft of the proposed
22 dismissal order that I finalized with counsel for these
23 parties and will upload at the conclusion of this hearing
24 with the Court's approval.  I'll also note for the Court
25 that it includes, as acceptable to all parties, a Rule

```
 1  6004(h) provision, that the order will be effective
 2  immediately upon entry, so as not to delay any of the
 3  payments as promised.
 4           On top of this, I mentioned that the arrangement
 5  previously reached with petitioning creditors remains fully
 6  in effect, and the dismissal of this case, as I've requested
 7  today, will enable Messrs. Binford and Conway to proceed
 8  with Artius' New York counsel to implement their settlement
 9  agreement and release the funds to those creditors as agreed
10  back at the August 1st hearing.
11           Finally, I would add for the Court that, as
12  agreed with the U.S. Trustee and disclosed to each of the
13  affected parties, we are not asking the Court to approve or
14  authorize these resolutions, nor including any such approval
15  in the dismissal order.
16           I merely disclose them as a matter of assurance,
17  in order to induce the reliance of the affected parties and
18  obtain their support on the record for dismissal today.  As
19  I mentioned, Mr. Marcotte is present via Zoom in some
20  discomfort and prepared, if necessary, to confirm the
21  representations I've just made on the record.
22           THE COURT:  Thank you very much.  Okay.
23           Who else wishes to be heard on this?  Mr. Butler?
24           MR. BUTLER:  Your Honor, Lynn Butler of Husch
25  Blackwell on behalf of Collaborative Vision.  Over the last
```

1  -- well, since the last hearing -- the Dallas Mark Taylor
2  and Mr. Bloom and I have worked through extensively some of
3  the issues.  It has resulted in an agreement that we are all
4  here today relying on, and we're good with.  There's some
5  tweaks that Mr. Bloom and I are still talking through, but
6  we support dismissal.
7              THE COURT:  Okay.  Great.
8              Mr. Tobin?
9              MR. TOBIN:  Good afternoon, Your Honor.  Shane
10 Tobin on behalf of the U.S. Trustee.  I just wanted to
11 clarify a few things from the U.S. Trustee's perspective and
12 just so Your Honor knows.  The U.S. Trustee is not
13 withdrawing its objection but understands that, based upon
14 the agreement of the parties, what happened at the last
15 hearing, that the Judge will overrule our objection.
16             We do that, of course, to preserve our rights for
17 any future cases that might have similar facts, if that were
18 to happen, and I don't know that -- what we would do in that
19 circumstances but just in case.  We've had a lot of
20 involuntary cases this year, so I don't want to do that.
21             But we don't quite agree, and of course, have our
22 issues with the structured dismissal, which is, of course,
23 why the order is the way it is.  And, as Mr. Bloom correctly
24 stated, they are not seeking authorization from the Court
25 for these payments.  I don't know if Your Honor has reviewed

1 the form of order that --

2 THE COURT: I have not.

3 MR. TOBIN: -- has been discussed. Okay. I'll
4 quickly kind of go through some of the things just to make
5 -- it's important from the U.S. Trustee's perspective to
6 touch upon these quickly just so Your Honor -- and it's in
7 the record.

8 But, you know, as Mr. Bloom did state, the
9 parties are not seeking authorization from the Court to make
10 these payments. There will be nothing in the order
11 providing that authority. The parties are, of course,
12 relying on the goodwill of the Debtor and their
13 understanding and agreement with them, including the Hayward
14 firm, for these payments to be made.

15 There will be no court order authorizing the
16 payments. It is the U.S. Trustee's position that, in a
17 Chapter 7 case such as this, the only -- payments can only
18 be done pursuant to Section 726 and not not through any
19 other vehicle. So that is why the order is the way it is.

20 The dismissal will be under 707(a). I know we've
21 had a few hearings discussing that versus 303(j). The order
22 is clear that it's as to 707(a), and all objections are
23 either withdrawn or in the case of the U.S. Trustees,
24 overruled.

25 The -- all other motions are being denied as

1  moot.  The automatic stay under 362(a) is terminated
2  immediately as of the date of entry of the order; and as Mr.
3  Bloom stated, 6004(h) is applicable.  So the order will be
4  effective, and there is a retention of jurisdiction language
5  in there in case something does come up.
6          But this is all -- you know, the U.S. Trustee
7  does want to thank all the parties.  We've been working on
8  this a lot for the last week and a half and have gone
9  through multiple forms of order, and this is something that,
10 based upon the facts and circumstances as of the last
11 hearing, I'm aware Your Honor has indicated that you were
12 comfortable with and where the U.S. Trustee is comfortable
13 with under these circumstances.
14         This is an order that is purely dismissing the
15 case, and everybody can go forward and do what they need to
16 do outside of the bankruptcy case.  But -- so with that, the
17 U.S. Trustee has nothing further and does not request any
18 closing argument.
19         THE COURT:  Okay.  Thank you.
20         Does anyone else want to speak to this?  Mr.
21 Taylor?
22         MR. TAYLOE:  Your Honor, Mark Taylor on behalf of
23 -- yeah -- Mark Taylor with Holland & Knight here on behalf
24 of Skypoint Cloud.  Your Honor, we agree with what Mr. Bloom
25 stated on the record.  Skypoint Cloud has agreed to

1  compromise its claim. It did file a proof of claim in this
2  case for a hundred thousand dollars and also agree not to
3  oppose a dismissal of the case based upon that payment.
4          We're still working on the final settlement
5  agreement, but I think we're close, but there's no reason to
6  hold up the case and not go ahead and dismiss it pending
7  that.
8          THE COURT: Okay. Thank you.
9          Mr. Dubiel?
10         MR. DUBIEL: Thanks, Your Honor. I can announce
11 that IOActive has reached a settlement per the terms that
12 Mr. Bloom spoke to and is unopposed with the relief
13 requested by the Debtor in the dismissal. I'd also like to
14 thank Mr. Satija for his availability and accessibility over
15 the past few days. It's been invaluable in helping me get
16 this case resolved in such short notice.
17         THE COURT: Thank you. Okay. Anyone else?
18 Okay. Anyone in the courtroom? Okay.
19         So, Mr. Bloom, I just -- I would like to see the
20 form of order, but I mean, subject to seeing the form of
21 order and being comfortable with it, I'm prepared to enter
22 this relief. Did you -- what did you want to add?
23         MR. BLOOM: I'd be happy to share my screen with
24 the order. Mr. Tobin actually appeared to be -- to be
25 reading from it as circulated. I was going to post it a bit

1 earlier with the Court, but I didn't want to cause
2 confusion, especially as Mr. Butler and I worked out a final
3 detail.
4       If it's helpful to the Court, I'd be happy to
5 share my screen and then promptly upload it following the
6 hearing.
7       THE COURT: Okay. Thank you. Sure. Assuming he
8 can do that. Okay.
9       MR. BLOOM: I can, but it might -- it might take
10 me a moment. So please --
11       THE COURT: No worries.
12       MR. BLOOM: -- don't let me interrupt the
13 proceedings to do that.
14       THE COURT: Not at all.
15       (Pause.)
16       MR. BLOOM: I believe I finally have it, but now
17 I need to scroll down so that everyone can see it.
18       THE COURT: All right.
19       MR. BLOOM: No. I'm sorry. That's a -- that's a
20 red line.
21       THE COURT: Yeah. That's okay. Okay.
22       MR. BLOOM: Well, I'd prefer not to share the red
23 line, but --
24       THE COURT: (Crosstalk) --
25       MR. BLOOM: -- the order is as Mr. Tobin read it

1 or described it, and I believe everyone has agreed to the
2 form of it.
3       THE COURT: Okay. That's fine. Okay. So thank
4 you. Thank you all. Again, I mean, I thought about this a
5 lot while you all were working very hard on it; I realize.
6 And so I did think about what role I had played in it, you
7 know, and I was very comfortable with what the outcome at
8 the hearing had been.
9       I was hopeful that this would -- you know, that
10 you all would get it across the finish line. I realize that
11 was by no means a certainty, and I know there's been a lot
12 of work put into this, and I commend you all for putting in
13 that kind of work, and you know, not just hours, but also a
14 lot of intellectual lifting and creativity, and so I really
15 appreciate that.
16       I do think it's, as I kind of explained,
17 suggested, whatever I did on the record at the end of the
18 last hearing that, you know, I think it is the right outcome
19 here. I don't think this is likely to be repeated. I don't
20 think anyone thinks of this as a template for other cases.
21 If it were, I would feel uncomfortable with that; I think.
22       But it still looks like a red line, Mr. Bloom.
23       MR. BLOOM: Actually, it's just a --
24       THE COURT: Mr. (crosstalk) --
25       MR. BLOOM: -- note for myself about --

23-11007-cgb Doc#160 Filed 10/29/24 Entered 10/29/24 10:30:04 Main Document Pg 17 of 20

17
```
 1                THE COURT:  Mr. Conway, okay.  Okay.
 2                MR. BLOOM:  Yeah.  There were some defined terms
 3   that I deleted as unnecessary, and of course, I will
 4   eliminate that.
 5                THE COURT:  Yeah.  Okay.  No worries.  I
 6   understand.
 7                MR. BLOOM:  I had a note to myself.
 8                THE COURT:  I do the exact same thing, yes.  Got
 9   you.  Okay.
10                MR. BLOOM:  So here is the preamble, and then the
11   operative language is -- I will pause there.
12                THE COURT:  Okay.  Great.  Okay.  Okay.  Thank
13   you.  Okay.  Great.  Well, thank you very much.  So, again,
14   I'm comfortable with the relief.  I think that, under the
15   circumstances of this case, which took a very winding and
16   complex road, including two counsels for the Debtor prior to
17   its current counsel being here.
18                Obviously, the road with all these creditors has
19   been complex.  I think -- I think this is -- this is an
20   excellent outcome.  And so, again, I want to thank you all
21   for your efforts.  I wish the Debtor and all the creditor
22   entities well; and once we get this order, we will get it
23   entered, and I wish you all -- wish you all the best.
24   Anything further to add?
25                MR. BLOOM:  Only a thank you to the Court.
```

**SABRINA HAVARD**
**AAERT CET-1290/AAERT CER-1461**
**(936) 897-2148/sabrinalhavard@yahoo.com**

1  THE COURT: Okay.

2  MR. BLOOM: And to all counsel present for the
3 efforts that have been described and confirmed on the record
4 today.

5  THE COURT: Great. Okay. Thank you all. So --

6  MR. BLOOM: I'm sorry. There is one one other
7 further point. It has to do with a redaction, a partial
8 redaction, of the transcript from September 25th. I believe
9 Mr. Taylor can confirm that we filed the notice of an
10 intention to seek redaction before the transcript is posted
11 on the docket, and we intend to follow through with that.

12  It's not going to be a wholesale redaction, but
13 there was -- there was some testimony, particularly, I
14 think, from Mr. Marcotte, that involved some proprietary
15 information; and before the transcript becomes a matter of
16 public record, we'd like to ask the Court for those
17 redactions in accordance with the procedures and local rules
18 that apply.

19  THE COURT: Yeah. I think that's fine, and I
20 think that can happen post dismissal without any problem.

21  MR. BLOOM: We were hoping the Court would feel
22 exactly that way. Thank you very much, Your Honor.

23  THE COURT: Yeah. Okay. Well, thank you all.
24 Again, I commend you for this result in this long hard-
25 fought case, and I wish -- Mr. Marcotte, I wish you well,

1  both personally as well as with the company.  All right.
2  Thank you all.  We're adjourned.
3              MR. BLOOM:  Thanks, Your Honor.
4              (Proceeding adjourned 3:24 p.m.)
5                         * * * * *

1 **CERTIFICATE OF TRANSCRIBER**

2 UNITED STATES DISTRICT COURT )

3 WESTERN DISTRICT OF TEXAS )

4 AUSTIN DIVISION )

5     I, Sabrina Havard, Court approved transcriber,

6 do hereby certify that the foregoing is a transcript

7 from the official electronic sound recording of the

8 proceedings in the above-entitled action; and that

9 said transcript is a true and accurate record of the

10 proceedings to the best of my knowledge, skills, and

11 ability.

12 Dated: October 29, 2024

13

14 *[signature]*

15 Sabrina Havard

16 AAERT/CET-1290
AAERT/CER-1461

17

18

19

20

21

22

23

24

25